UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------ X

| | | |
|---|---|---|
| RASTKO and DRAGICA FERK, | : | |
| father & mother  of RASTKO FERK JR. | : | |
| (killed in Nov. 11, 2000 Kaprun fire); | : | |
| BRIGITTE and PETER DECKER, | : | CIVIL ACTION |
| mother & father and JUTTA DECKER, | : | 07 – CV – 4104 (UA/SAS) |
| sister of JAKOB DECKER | : | (Conformed Copy) |
| (killed in Nov. 11, 2000 Kaprun fire); | : | |
| ANNELIESE FERSTL, wife, FRANZ FERSTL JR., | : | |
| Son of FRANZ FERSTL | : | |
| (killed in Nov. 11, 2000 Kaprun fire): | : | |
| HERMANN GEIER | : | |
| (survivor of Nov. 11, 2000 Kaprun Fire); | : | |
| BIRGIT GÖTZ | : | |
| (survivor of Nov. 11, 2000 Kaprun Fire) | : | |
| BARBARA MAYERHOFER, wife, | : | COMPLAINT |
| of KARL MAYERHOFER and mother of | : | WITH JURY TRIAL |
| BARBARA MAYERHOFER, | : | DEMANDED |
| (both killed in Nov. 11, 2000 Kaprun fire); | : | |
| J. M. (a minor), son, of KARL MAYERHOFER | : | |
| and brother of BARBARA MAYERHOFER | : | |
| (both killed in Nov. 11, 2000 Kaprun fire); | : | |

---------------

ROLAND MAYERHOFER                                          :

    (survivor of Nov. 11, 2000 Kaprun Fire);                    :

NANAE, KOSUKE and MASATOSHI MITSUMOTO,       :

    Mother, sister and father of SAORI MITSUMOTO    :

    (killed in Nov. 11, 2000 Kaprun fire);                       :

MARTIN and RENATE NIEDERBERGER,                     :

    mother & :father of                                               :

    MARTIN NIEDERBERGER                                       :

    (killed in Nov. 11, 2000 Kaprun fire);                       :

SIDONIJA SCHARWITZL,                                          :

    mother of DIETMAR SCHARWITZL                         :

    (killed in Nov. 11, 2000 Kaprun fire);                       :

GEORG SCHWARZ                                                   :

    (survivor of Nov. 11, 2000 Kaprun Fire) Plaintiffs,  :

JOOP H. STADMAN,                                                 :

    father of BARRY STADMAN                                   :

    (killed in Nov. 11, 2000 Kaprun fire);                       :

                    PLAINTIFFS,         :

          v.                                                           :

OMNIGLOW CORPORATION;                                    :

OMNIGLOW L.P.;                                                     :

OMNIGLOW MANAGEMENT LLC;                           :

---------------

SCIENS CAPITAL PARNTERS L.P.                          :

GMS ACQUISITION PARNTERS LLC;                        :

CYALUME TECHNOLOGIES INC., : and                     :

OMNIGLOW LLC.                                        :
                                                     :
                    DEFENDANTS    :
------------------------------------------------------------------------- X

      As and for their complaint against the Defendants, Plaintiffs by and through their

counsel, hereby alleges the following upon information and belief:

## PLAINTIFFS

1. Plaintiffs, some of whom are minors, are/were the close relatives, family members, heirs or
   representatives of the persons who were killed in or survivors of the Kaprun Disaster.

2. Plaintiffs are citizens and/or residents of Austria, Germany, Japan, Slovenia, The Czech
   Republic and/or The Netherlands.

3. Plaintiffs are suing on behalf of other Kaprun victim and survivors from Austria, Germany,
   Japan, Slovenia, The Czech Republic and/or The Netherlands for the sole purpose of
   compelling the defendants to return and/or place into trust an amount equal to the assets of
   OMNIGLOW CORPORATION ("OMNIGLOW") that existed as of December 2005.

## DEFENDANTS

4. Defendant OMNIGLOW CORPORATION (hereinafter "OMNIGLOW") was a Delaware
   corporation that is not licensed or registered to do business in the State of New York but
   which conducts business, ships merchandise into and receives payment from businesses in
   NY and within this judicial district.

---------------

5.  Defendants OMNIGLOW LP (hereinafter "PARTNERS") is a Delaware partnership or limited partnership, formed April 16, 1997, that is licensed and/or registered to do business in NY, and/or was owner, partner and/or entities responsible for the activities, operations and assets of Defendant OMNIGLOW.

6.  Defendants OMNIGLOW MANAGEMENT LLC (hereinafter "MANAGEMENT") is a Delaware limited liability corporation, formed April 15, 1997, that is licensed and/or registered to do business in NY, and/or was owner, manager, partner and/or entities responsible for the activities, operations and assets of Defendant OMNIGLOW.

7.  Defendant SCIENS CAPITAL PARTNERS L.P. (hereinafter "SCIENS") is a Delaware partnership or limited partnership, formed December 1, 1998, that is licensed and/or registered to do business in NY, and/or was owner, partner and/or person responsible for the activities, operations and assets of Defendant OMNIGLOW.

8.  Defendants PARTNERS, MANAGEMENT and SCIENS do business in and/or are subject to the jurisdiction of the Courts of the State of New York.

9.  Defendant GMS ACQUISITION PARTNERS LLC (hereinafter "GMS") is a Delaware limited liability corporation, formed on January 11, 2006, that is not licensed or registered to do business in the State of New York but which conducts business, ships merchandise into and receives payment from businesses in NY and within this judicial district, and/or was owner, partner and/or entities responsible for CYALUME TECHNOLOGIES INC. and the purchase of the certain assets of Defendant OMNIGLOW.

10. Defendant CYALUME TECHNOLOGIES INC. (hereinafter "CYALUME") is a Delaware corporation with principal places of business in Massachusetts, that is not licensed or registered to do business in the State of New York but which conducts business, ships

---------------

merchandise into and receives payment from businesses in NY and within this judicial district.

11. Defendant CYALUME is partial successor to DEFENDANT OMNIGLOW and came into existence in November 2006 by a name change of whatever was left of Defendant OMNIGLOW, as is explained below

12. Defendant OMNIGLOW LLC is a Delaware corporation formed October 19, 2005, with principal places of business in Massachusetts, that is not licensed or registered to do business in the State of New York but which conducts business, ships merchandise into and receives payment from businesses in NY and within this judicial district, and/or was owner, partner and/or entities responsible for the purchase of the certain assets of Defendant OMNIGLOW.

13. Defendant OMNIGLOW LLC is a partial successor to Defendant OMNIGLOW.

## JURISDICTION and VENUE

14. The Court has jurisdiction over this cause of action pursuant to 28 USC § 1332 by virtue of diversity of citizenship.

15. This action is properly venued in the Southern District of New York because the defendants conduct business within this judicial district, or ships merchandise into and received payment from businesses in NY and within this judicial district.

## FACTS

16. Plaintiffs are victims, heirs, family members and/or close relatives of the worst ski train and tunnel disaster in history, which occurred on the morning of November 11, 2000 at Kaprun (hereinafter "The Kaprun disaster"), Austria and in which 155 people were killed, 12 escaped the train and 1 other escaped the disaster.

---------------

17. Lightsticks from Defendant OMNIGLOW's and its predecessor AMERICAN CYANAMID were on the train involved in the Kaprun Disaster.

18. Plaintiffs and other Kaprun victims and survivors filed claims against Defendant OMNIGLOW in December 2001.

19. Plaintiffs and other Kaprun victims and survivors had been litigating the damage claims related to The Kaprun Disaster against Defendant OMNIGLOW since December 2001.

20. The claims of Plaintiffs and other Kaprun victims and survivors that were made against Defendant OMNIGLOW included but were not limited to allegations that:

    a) the lightsticks were dangerous, defective and/or negligently labeled;

    b) the lightsticks were negligently manufactured and were dangerous and defective; and

    c) the lightsticks were marketed, sold and/or distributed without proper warnings regarding storage.

21. During the entire period from December 2001 to December 2005, the plaintiffs and other Kaprun victims and survivors engaged in discovery, including experts reports related to the claims made against Defendant OMNIGLOW and the basis therefore.

22. As of October 19, 2005, the assets available to satisfy the claims that Plaintiffs and other Kaprun victims and survivors were making against Defendant OMNIGLOW was a $25 million insurance policy and the assets of Defendant OMNIGLOW, including but not limited to inventory, equipment, licenses, patent rights, contracts, accounts receivable and good will.

23. As of October 19, 2005, Defendants PARTNERS, MANAGEMENT, SCIENS, GMS, CYALUME and OMNIGLOW LLC knew, should have known or could reasonably have discovered through the exercise of due diligence and independent analysis that the claims of

---------------

the Plaintiffs and other Kaprun victims and survivors could be in excess of the $25 million
Travelers insurance policy.

24. As of October 19, 2005, Defendants PARTNERS, MANAGEMENT and SCIENS knew
wished to sell, transfer or dispose of assets of Defendant OMNIGLOW, including but not
limited to inventory, equipment, licenses, patent rights, contracts, accounts receivable and
good will were in excess of $100 million.

25. Despite this knowledge, as of October 2005, Defendants GMS, CYALUME and
OMNIGLOW LLC wished to purchase the inventory, equipment, licenses, patent rights,
contracts, files, records, documents, accounts receivable and good will and other assets of
Defendant OMNIGLOW.

26. Despite this knowledge, as of October 2005, Defendants PARTNERS, MANAGEMENT and
SCIENS wished to sell and/or transfer to Defendants GMS, CYALUME and OMNIGLOW
LLC the inventory, equipment, licenses, patent rights, contracts, files, records, documents,
accounts receivable and good will and other assets of Defendant OMNIGLOW.

27. As of October 2005, Defendants PARTNERS, MANAGEMENT, SCIENS, GMS,
CYALUME and OMNIGLOW LLC knew that Plaintiffs and other Kaprun victims and
survivors were creditors of Defendant OMNIGLOW.

28. As of October 2005, Defendants PARTNERS, MANAGEMENT, SCIENS, GMS,
CYALUME and OMNIGLOW LLC wished to insulate the sale, purchase and transfer of the
inventory, equipment, licenses, patent rights, contracts, files, records, documents, accounts
receivable and good will and other assets of Defendant OMNIGLOW from Plaintiffs and
other Kaprun victims and survivors who were and are creditors of Defendant OMNIGLOW.

---------------

29. As of October 2005, Defendants PARTNERS, MANAGEMENT, SCIENS, GMS, CYALUME and OMNIGLOW LLC devised a plan through which two new corporate entities – to wit: CYALUME and OMNIGLOW LLC -would be created to insulate the sale, purchase and transfer of the inventory, equipment, licenses, patent rights, contracts, files, records, documents, accounts receivable and good will and other assets of Defendant OMNIGLOW from Plaintiffs and other Kaprun victims and survivors who were and are creditors of Defendant OMNIGLOW.

30. As of October 2005, the primary purpose for the creation of the two new corporate entities – to wit: CYALUME and OMNIGLOW LLC – into which the assets of Defendant OMNIGLOW were to be transferred was to insulate the sale, purchase and transfer of the inventory, equipment, licenses, patent rights, contracts, files, records, documents, accounts receivable and good will and other assets of Defendant OMNIGLOW from Plaintiffs and other Kaprun victims and survivors who are creditors of Defendant OMNIGLOW.

31. As of October 2005, the primary purpose for the creation of the two corporate entities – to wit: CYALUME and OMNIGLOW LLC – into which the assets of Defendant OMNIGLOW were to be transferred was to limit the readily available and/or accessible assets of Defendant OMNIGLOW  from Plaintiffs and other Kaprun victims and survivors as creditors of Defendant OMNIGLOW could satisfy debt and judgments that were likely to be rendered as a result of the pending damage claims in US Courts related to The Kaprun Disaster.

32. As of October 2005, the primary purpose for the creation of the two new corporate entities – to wit: CYALUME and OMNIGLOW LLC into which the assets of Defendant OMNIGLOW were to be transferred was to leave only the $25 million Travelers Insurance policy available

---------------

to Plaintiffs and other Kaprun victims and survivors – as creditors of Defendant OMNIGLOW.

33. As of October 2005, Defendants PARTNERS, MANAGEMENT and SCIENS as the owners, managers and/or partners of defendant OMNIGLOW and were responsible for all decisions related to the sales and/or transfer of assets of Defendant OMNIGLOW to Defendants CYALUME and OMNIGLOW LLC.

34. As of October 2005, Defendants PARTNERS, MANAGEMENT and SCIENS had a duty to inform the Plaintiffs and other Kaprun victims and survivors – as creditors of Defendant OMNIGLOW – that they were selling and/or transferring to Defendants CYALUME and OMNIGLOW LLC the inventory, equipment, licenses, patent rights, contracts, files, records, documents, accounts receivable and good will and other assets of Defendant OMNIGLOW.

35. As of October 2005, Defendants GMS, CYALUME and OMNIGLOW LLC had a duty to inform the Plaintiffs and other Kaprun victims and survivors – as creditors of Defendant OMNIGLOW – that they were purchasing and/or taking possession of inventory, equipment, licenses, patent rights, contracts, files, records, documents, accounts receivable and good will and other assets of Defendant OMNIGLOW.

36. Defendants PARTNERS, MANAGEMENT and SCIENS kept the sale and transfer of the inventory, equipment, licenses, patent rights, contracts, files, records, documents, accounts receivable and good will and other assets of Defendant OMNIGLOW secret from Plaintiffs and other Kaprun victims and survivors from October 2005 until December 2006, when it was discovered during Court Ordered depositions in the claims of Plaintiffs and other Kaprun victims and survivors – as creditors of Defendant OMNIGLOW.

---------------

37. Defendants PARTNERS, MANAGEMENT and SCIENS took the money from the sale and transfer of the inventory, equipment, licenses, patent rights, contracts, files, records, documents, accounts receivable and good will and other assets of Defendant OMNIGLOW in an attempt to remove same from the reach of Plaintiffs and other Kaprun victims and survivors – as creditors of Defendant OMNIGLOW..

38. Defendants GMS, CYALUME and OMNIGLOW LLC took the inventory, equipment, licenses, patent rights, contracts, files, records, documents, accounts receivable and good will and other assets of OMNIGLOW attempting to leave the only assets as the $25 million Travelers Insurance Policy in an attempt to remove same from the reach of Plaintiffs and other Kaprun victims and survivors – as creditors of Defendant OMNIGLOW.

39. The sale and transfer of the inventory, equipment, licenses, patent rights, contracts, files, records, documents, accounts receivable and good will and other assets of OMNIGLOW by Defendants PARTNERS, MANAGEMENT and SCIENS was designed to delay, hinder or interfere with the claims of Plaintiffs and other Kaprun victims and survivors – as creditors of Defendant OMNIGLOW.

40. The purchase of the inventory, equipment, licenses, patent rights, contracts, files, records, documents, accounts receivable and good will and other assets of Defendant OMNIGLOW by Defendants GMS, CYALUME and OMNIGLOW LLC was designed and/or intended to delay, hinder or interfere with the claims of Plaintiffs and other Kaprun victims and survivors – as creditors of Defendant OMNIGLOW.

## FIRST COUNT – FRAUDULENT CONVEYANCE

41. Plaintiffs repeat and reiterate each and every allegation in paragraphs 14 to 40 above as if the same were set forth fully and at length herein.

---------------

42. NY Debtor Creditor Law § 276 prohibits conveyances made with intent to hinder, delay, or defraud either present or future creditors, is fraudulent as to both present and future creditors.

43. The actions of Defendants OMNIGLOW, PARTNERS, MANAGEMENT, SCIENS, GMS, CYALUME and OMNIGLOW LLC are in violation of NY Debtor Creditor Law § 276 which prohibits conveyances made with intent to hinder, delay, or defraud either present or future creditors, is fraudulent as to both present and future creditors.

44. The sale and transfer of the inventory, equipment, licenses, patent rights, contracts, files, records, documents, accounts receivable and good will and other assets of Defendant OMNIGLOW by Defendants PARTNERS, MANAGEMENT and SCIENS was designed to delay, hinder or interfere with the claims of Plaintiffs and other Kaprun victims and survivors – as creditors of OMNIGLOW – in violation of NY Debtor Creditor Law § 276.

45. The purchase of the inventory, equipment, licenses, patent rights, contracts, files, records, documents, accounts receivable and good will and other assets of Defendants OMNIGLOW by Defendants GMS, CYALUME and OMNIGLOW LLC was designed to delay, hinder or interfere with the claims of Plaintiffs and other Kaprun victims and survivors – as creditors of OMNIGLOW - in violation of NY Debtor Creditor Law § 276.

46. Defendants PARTNERS, MANAGEMENT and SCIENS taking of the monies from the sale and transfer of the inventory, equipment, licenses, patent rights, contracts, files, records, documents, accounts receivable and good will and other assets of Defendant OMNIGLOW in an attempt to remove same from the reach of Plaintiffs and other Kaprun victims and survivors – as creditors of Defendant OMNIGLOW  is in violation of NY Debtor Creditor Law § 276.

---------------

WHEREFORE, plaintiffs demand judgment against Defendants OMNIGLOW, PARTNERS, MANAGEMENT, SCIENS, GMS, CYALUME and OMNIGLOW LLC, jointly, individually and severally, in an amount that exceeds the jurisdictional limit of the Court and including but not limited to (i) reversing the sale and transfer of OMNIGLOW assets, (ii) depositing into a trust account as security for plaintiffs claims an amount of monies equal to the monies paid by CYALUME, OMNIGLOW LLC and/or GMS to SCIENS, PARTNERS and MANAGEMENT for OMNIGLOW assets, (iii) returning into a trust account as security for plaintiffs claims an amount of monies equal to the monies received by SCIENS, PARTNERS and MANAGEMENT from the sale and transfer of OMNIGLOW assets, and (iv) attorneys fees, interest and costs of suit.

## SECOND COUNT – ERRORS & OMISSIONS

47. Plaintiffs repeat and reiterate each and every allegation in paragraphs 14 to 40 above as if the same were set forth fully and at length herein.

48. Defendants OMNIGLOW, PARTNERS, MANAGEMENT, SCIENS, GMS, CYALUME and OMNIGLOW LLC were obligated and/or had a duty to supervise and insure that its directors, officers and/or persons acting in and/or on its or their behalf did not engage actions that would be in violation of NY Debtor Creditor Law § 276 that prohibits conveyances made with intent to hinder, delay, or defraud either present or future creditors, is fraudulent as to both present and future creditors.

49. Defendants OMNIGLOW, PARTNERS, MANAGEMENT, SCIENS, GMS, CYALUME and OMNIGLOW LLC violated their obligation and duty to supervise and insure that its officers and/or persons acting in and/or on its or their behalf did not engage actions that would be in violation of NY Debtor Creditor Law § 276 that prohibits conveyances made

---------------

with intent to hinder, delay, or defraud either present or future creditors, is fraudulent as to both present and future creditors.

50. As a direct and proximate cause of the violation of Defendants OMNIGLOW, PARTNERS, MANAGEMENT, SCIENS, GMS, CYALUME and OMNIGLOW LLC to supervise and insure that its officers and/or persons acting in and/or on its or their behalf did not engage actions that would be in violation of NY Debtor Creditor Law § 276 that prohibits conveyances made with intent to hinder, delay, or defraud either present or future creditors, is fraudulent as to both present and future creditors, the claims and the ability to collect on the probable judgment to be rendered in favor of Plaintiffs and other Kaprun victims and survivors pending in NY Courts has been damaged and prejudiced.

   **WHEREFORE**, plaintiffs demand judgment against Defendants OMNIGLOW, PARTNERS, MANAGEMENT, SCIENS, GMS, CYALUME and OMNIGLOW LLC, jointly, individually and severally, for (i) damages in an amount that exceeds the jurisdictional limit of the Court and (ii) attorneys fees, interest and costs of suit.

## THIRD COUNT – ATTACHMENT PURSUANT TO CPLR ARTICLE 62 et seq.

51. Plaintiffs repeat and reiterate each and every allegation in paragraphs 14 to 40 above as if the same were set forth fully and at length herein.

52. Defendants CYALUME, OMNIGLOW LLC and GMS are non-domiciliary corporations residing without the state and are not licensed and/or registered to do business in the state.

53. Defendants PARTNERS, MANAGEMENT and SCIENS are/were responsible for the actions of Defendant OMNIGLOW related to the sale and transfer of Defendant OMNIGLOW assets to Defendants GMS, CYALUME and OMNIGLOW LLC.

---------------

54. Defendants PARTNERS, MANAGEMENT and SCIENS sale and transfer of assets of

    Defendant OMNIGLOW to Defendants GMS, CYALUME and OMNIGLOW LLC was

    done with intent to defraud the Plaintiffs and other Kaprun victims and survivors of The

    Kaprun Disaster with claims pending in NY - creditors of Defendant OMNIGLOW - or to

    frustrate the enforcement of a judgment that might be rendered in their favor of Plaintiffs and

    other Kaprun victims and survivors.

55. Based on the credible and admissible evidence discovered to date, as well as the experts'

    reports based thereon, there is a reasonable probability that Plaintiffs and other Kaprun

    victims and survivors, will succeed on one or more of its/their theories of liability *(including*

    *negligent labeling, warnings and/or dangerous and defective product or strict liability in tort*

    *and the destruction and/or spoliation of evidence and potential adverse inferences, all of*

    *which are set forth in the plaintiffs 4ᵗʰ Amended Complaints)* related to the lightsticks that

    were sold by Defendant OMNIGLOW.

56. Based on comparable jury awards, settlements and verdicts in this jurisdiction, the potential

    damages judgment to which the Plaintiffs and other Kaprun victims and survivors will be

    entitled is far in excess of whatever remains of the $25 million Travelers Insurance policy.

57. The above described actions of Defendants PARTNERS, MANAGEMENT, SCIENS,

    CYALUME , OMNIGLOW LLC and GMS were in violation of NY Debtor Creditor Law §

    276 and were designed to delay, hinder or interfere with the claims of Plaintiffs and other

    Kaprun victims and survivors – as creditors of Defendant OMNIGLOW.

58. The above described actions of Defendants PARTNERS, MANAGEMENT, SCIENS,

    CYALUME, OMNIGLOW LLC and GMS raise questions of fact that further delay,

    hindrance or interference with claims of Plaintiffs and other Kaprun victims and survivors –

---------------

as creditors of Defendant OMNIGLOW will lead to the possibility that there will be

insufficient assets to satisfy the judgments that will be entered in favor of Plaintiffs and other

Kaprun victims and survivors.

59. To the extent Defendants PARTNERS, MANAGEMENT, SCIENS, CYALUME,

OMNIGLOW LLC and GMS have assets still belonging to Defendant OMNIGLOW and/or

assets that were in and/or coming through this jurisdiction, they are and/or will be needed to

secure the judgments that will be entered in favor of Plaintiffs and other Kaprun victims and

survivors.

60. To the extent Defendants PARTNERS, MANAGEMENT, SCIENS, CYALUME,

OMNIGLOW LLC and GMS have assets still belonging to Defendant OMNIGLOW or

Defendant OMNIGLOW itself somehow continues to have assets that have not been-

disposed of, transferred or hypothecated and which are in and/or will come through this

jurisdiction, they are and/or will be needed to secure the judgments that will be entered in

favor of Plaintiffs and other Kaprun victims and survivors.

61. At least one asset of Defendant OMNIGLOW which remains and which can be attached at

the Travelers Offices in this jurisdiction is Travelers' Insurance Policy / Claim #

CK09492491-20D001.  There may or should be other assets of Defendant OMNIGLOW that

can and should be attached to protect Plaintiffs Kaprun victims and survivors as Defendant

OMNIGLOW creditors.

62. Unless Defendants OMNIGLOW, PARTNERS, MANAGEMENT, SCIENS, CYALUME,

OMNIGLOW LLC and GMS assets that are in and/or coming through this jurisdiction, are

attached there is a reasonable probability that these defendants will remove, transfer and/or

---------------

dispose of assets that are needed to secure the judgments that will be entered in favor of Plaintiffs and other Kaprun victims and survivors.

**WHEREFORE**, plaintiffs demand judgment against Defendants OMNIGLOW, PARTNERS, MANAGEMENT, SCIENS, GMS, CYALUME and OMNIGLOW LLC, jointly, individually and severally, (i) for an Order of Attachment in accordance with CPLR Article 6201 of the remainder of the $25 million Travelers' Insurance Policy, (ii) for an Order of Attachment in accordance with CPLR Article 6201 of such additional assets and/or monies that come into the jurisdiction, including but not limited to sales, merchandise and contracts in an amount to be determined by the Court, and (iii) attorneys fees, interest and costs of suit.

DATED:      May 25, 2007                    By: /s/ Edward D. Fagan_____

            New York, NY                    Edward D. Fagan Esq  (EF-4125)

                                            c/o 1414 Avenue of Americas, # 406

                                            New York, NY  10017 (212) 837-7836 –

                                            Email: faganlawintl@aim.com


Of counsel

James F. Lowy Esq.

International Law Group

3907 Henderson Blvd., 2nd Floor

Tampa, FL  33768


---------------