UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| IN RE: SKI TRAIN FIRE IN KAPRUN AUSTRIA ON NOVEMBER 11, 2000 | : | MDL # 1428 (SAS) |

This document relates to the following cases:

| | | | |
|---|---|---|---|
| BLAIMAUER, et al, | Plaintiffs, | : | |
| - and - | | : | Civil Action # |
| OMNIGLOW CORPORATION, et al | Defendants. | : | 03–CV–8960 (SAS) |
| GEIER, et al, | Plaintiffs, | : | |
| - and - | | : | Civil Action # |
| OMNIGLOW CORPORATION, et al | Defendants. | : | 03–CV–8961 (SAS) |
| MITSUMOTO, et al, | Plaintiffs, | : | |
| - and - | | : | Civil Action # |
| REPUBLIC OF AUSTRIA, et al | Defendants. | : | 06–CV–2811 (SAS) |
| MITSUMOTO, et al, | Plaintiffs, | : | |
| - and - | | : | Civil Action # |
| ROBERT BOSCH CORP., et al | Defendants. | : | 07-CV-935 (SAS) |
| STADMAN, et al, | Plaintiffs, | : | |
| - and - | | : | Civil Action # |
| AUSTRIAN NATIONAL TOURIST OFFICE, et al, | Defendants. | : | 07-CV-3881 (SAS) |
| FERK, et al, | Plaintiffs, | : | |
| - and - | | : | Civil Action # |
| OMNIGLOW CORPORATION, et al, | Defendants. | : | 07-CV-4104 (SAS) |

============================================================

**MITSUMOTO FAMILY DECLARATIONS IN SUPPORT OF MOTION FOR STAY, RECUSAL PURSUANT TO 28 §§ USC 144 & 455 AND OTHER RELIEF**

============================================================

1

Nanae and Masatoshi Mitsumoto hereby declare and say:

1. We are Plaintiffs in these cases. I make this Declaration in support of the Motion for Stay, for Recusal of Judge Scheindlin from this case and for her to immediately cease taking any further actions pending a full and proper review of the district Court actions since April 2007.

2. We expressly state that this Declaration is being filed to prevent the ongoing and irreparable harm that is being caused to our claims by the District so that there can be a full examination of the record and facts related to these claims so that the analysis can be made of the allegations of bias, violation of the extrajudicial contact rules and appearance of impropriety before the District Court takes any further actions that cause further prejudice to our claims.

3. We further expressly state that we expect to be filing additional and supplemental Declarations in support of the relief sought in our Motion and to demonstrate the requirement that Judge Scheindlin must be removed from this case.

4. We submit this Declaration because we have seen that despite our counsel's request, the District Court has failed to expeditiously enter Orders so that we can act against them and in the interim our claims are being prejudiced through the publications in Austria, Germany, throughout Europe and in Japan, of Judge Scheindlin's action against our claims and our lawyer Ed Fagan.

5. As a general summary of our arguments for the relief sought, we declare the following:

a. our claims have been pending 6 years & 8 months exceeding all acceptable time frames for litigation of this sort and the average times from filing to trial by almost four years;

b. During this time, Judge Scheindlin allowed Defendants to drag litigation out and has refused our efforts to have the case assigned out for trial.

c. Judge Scheindlin accused our lawyer of not allowing the case to get past motion stage proceedings when in fact it was Judge Scheindlin who allowed Defendants to file motions in a piecemeal fashion thereby causing the litigation to be dragged out for an extra 3 – 4 years;

d. Judge Scheindlin allowed Defendants to waste 1 – 2 years on issues of filing multiple Motions related to our standing to sue when none exist;

e. Judge Scheindlin allowed Defendants to file multiple rounds of a variety of Motions to Dismiss rather than requiring that Motions be filed at once;

f. Judge Scheindlin accused our lawyer of filing Amended and/or new complaints designed to prolong the cases from moving to trial. However, the filing of the Amended Complaints were expressly allowed by the Court or done at the Court's direction. The new complaints were filed after disclosing the facts to the Court and after getting the Court's permission to file the new complaints including the new causes of action based on the new evidence and facts as they were discovered.

g. Judge Scheindlin refused to consider Sworn Declarations of our lawyer and the holder of our Power of Attorney – Prof. Dr. Kigawa - and others in

    relation to the June 19, 2007 Opinion and Order or the August 16, 2007 Opinion and Order;

   h. Judge Scheindlin has engaged in extra judicial contacts with Johannes Stieldorf and former Omniglow employee Richard Rosa;

   i. Judge Scheindlin failed or delayed issuing Orders;

   j. Judge Scheindlin failed to honor her own rulings about Bifurcation of Claims so certain of Plaintiffs' claims could proceed to trial;

   k. In the August 16, 2007 Opinion and Order, Judge Scheindlin issued an Order in a relation to a Motion that had already been declared as Moot;

   l. In the August 16, 2007 Opinion and Order, Judge Scheindlin showed or expressed her prejudge toward our Motion for Reconsideration;

   m. By her actions, a reasonable objective person could conclude that Judge Scheindlin is so biased and/or prejudiced against Plaintiffs' Counsel or Plaintiff's' Claims that when she realized that her June 19, 2007 Opinion and Order would not end the Foreign Plaintiffs claims, she decided that she would try to ruin or disqualify our counsel in the midst of a briefing schedule for our pending Motion for Reconsideration.

6. As for Instances of Bias, Prejudice and Hostility, we declare the following:

   a. Judge Scheindlin made statements and comments on the record that demonstrate her bias, prejudice and hostility, which come from an extrajudicial source and reveal such a high degree of favoritism or antagonism as to make fair judgment impossible. The comments were not expressions of impatience, dissatisfaction, annoyance, and even anger,

      within the bounds of what one might expect even of federal judge, who may sometimes display in the context of courtroom administration a certain sternness or short-temperedness with counsel;

  b. At the April 25, 2007 Conference Hearing Judge Scheindlin made comments and/or references such as *"Are You (Fagan) Hullicinating"* and *"Failure to File Tax Returns is a felony"* and/or who continues to question him about unsubstantiated and false allegation by Defendants that there are or were criminal charges pending against him in Austria.

  c. At the July 11, 2007 Conference – Judge Scheindlin raised her voice inappropriately at Mr. Fagan in relation to the motion for recusal and motion for Reconsideration.

7. As to the refusal to issue, cause or allow orders to be entered in a timely fashion, Judge Scheindlin (i) failed to issue and cause the Clerk to enter an Order after the May 4, 2007 Conference to Relieve Fagan, Hantman and Lowy from representing Ganzger and Witti Clients and (ii) failed to issue an timely order after the July 11, 2007 Conference Denying Recusal.

8. As for intentional exclusion from consideration in Opinions and Orders, sworn Statements by victims and persons with valid Powers of Attorney and who were formal representatives of Plaintiffs, Judge Scheindlin refused to consider the Geier, Hasslacher, Kigawa, Podovsovnik and Schwab Declarations from January 2007, February 2007, April 2007 and June 2007 Related to Powers of Attorney, authority to represent us and others, authority to prosecute cases in the US, no conflicts with Fagan, destruction of evidence and efforts to bring the case to trial.

9. Judge Scheindlin misrepresented the April 25, 2007 Email from her law clerk (in which she promises to consider information provided by Johannes Stieldorf in his letter of April 24, 2007) and fact that the Court considered the letter before the Conference and before providing us and our attorney with a copy of the letter so that we could object and take other necessary action.

10. Judge Scheindlin misrepresented the June 18, 2007 Email from her law clerk in which she asked for specific additional information necessary to ruling on Forum Non Conveniens Motion and then misrepresenting in the June 19, 2007 Opinion and Order and again misrepresenting the facts related to the Court's June 18, 2007 Emailed Questions on the record of the July 11, 2007 Conference.

11. Without notice or an opportunity to adequately prepare for oral argument, Judge Scheindlin forced our counsel to argue the basic merits of the Motion for Reconsideration at the July 11, 2007 Conference and then yelled at our Counsel for allegedly not informing the Court of facts and law that were in fact provided to but disregarded by the Court.

12. In response to the June/July 2007 Affidavits of Bias, Judge Scheindlin:

    a. Mischaracterized the status of Dr. Geier and Dr. Kigawa both of whom hold Valid Powers of Attorney and who are personal representatives for certain Kaprun victims and families;

    b. Mischaracterized Emails from Court to our counsel as well as certain information that it needed before resolving the forum issue; and

    c. Mischaracterizing the Court's Ex-Parte Communications with non party hostile person Stieldorf and the giving of assurances to Stieldorf that the Court would consider matters from him in future Motions.

13. The Court omitted from Consideration of the Motion to Recuse the Court's Ex Parte Communication with Richard Rosa – a witness who took files and whose testimony was being taken pursuant to the Court Order.

14. The Court misrepresented facts in relation to timing of the Motion to Recuse.

15. The Court refused to respond in a timely fashion – either by granting or denying - to Plaintiffs' Aug. 1, 2007 Request for Permission to Supplement the Record Related to Include Excerpts from June 7 & 13, 2007 Court Ordered Depositions.

16. The language and timing of the Court's August 16, 2007 Opinion and Order suggests that the Opinion and Order was written in pure retaliation against us and our lawyer Ed Fagan for having filed Declarations of Bias, moved to have the Court recuse itself, moved for reconsideration and was only possible by using Defendants arguments and ignoring Plaintiffs' Declarations, facts and authority.

17. There was to be no decision on Disqualification Motion as it was expressly declared as moot in 19 June 2007 Opinion and Order – *See footnote 107 page 32 of June 19, 2007 Order* " Although <u>disqualification portion of this motion is now moot</u>, the Court will address Defendants requests for sanctions".

18. "The Court is referring this matter to the Court's Disciplinary Committee" Footnote 39 at page 15, violates Local Rules about *"complaints"* to Court's Committee on Discipline. The Court announced to the world that it made a *"complaint"* against our US counsel Ed Fagan by indicating that it is referring the

matter to the Disciplinary Committee – in violation of the Rules related to maintaining disciplinary matters in NY Confidential – *See Local rule 1.5 (d) (3) – "Complaints, and any files based on them, shall be treated as confidential unless otherwise ordered by the Chief Judge for good cause shown."*

19. The Court expressed unacceptable animosity toward our counsel Ed Fagan and us by its expressly prejudging our Motion for Reconsideration.  Footnote 59 at page 21 has no relation to the issue of sanctions motion made by Defendants.   Instead, it shows the Court's bias against Plaintiffs' Counsel, Plaintiffs' Claims and Plaintiffs Motion for Reconsideration referring to – *"bad faith test facts related to several insupportable bias recusal motions and repeated motions to reargue . . . [and] continually engaging in obfuscation of the issues, hyperbolism and groundless presumptions in addition to insinuating the court [is] biased.*

20. Court's inclusion of reference to "alimony and child support" is completely and unnecessarily inappropriate.  See Footnote 25 at page 9.

21. The language and timing of the Court's August 16, 2007 Opinion and Order suggests that the Opinion and Order was written in pure retaliation against us and our lawyer Ed Fagan for having filed Declarations of Bias, moved to have the Court recuse itself, moved for reconsideration and was only possible by using Defendants arguments and ignoring Plaintiffs' Declarations and Facts.

22. The August 16, 2007 Opinion fails to include or even reference the existence of Declarations by Foreign Plaintiffs' Representatives Geier, Kigawa, Podovsovnik and Schwab, in relation to the Sanctions and Disqualification issue.

23. The August 16, 2007 Opinion fails to include or reference the August 1, 2007 request for permission to include copies of Transcripts and Exhibits from the Rosa June 7, 2007 Deposition or June 13, 2007 van der Senden Deposition.

24. The August 16, 2007 Opinion fails to include or reference the fact that the Court is in the midst of a Motion and Briefing Schedule for the Motion for Reconsideration.

25. The Court expressly failed to recognize its' Extra Judicial Source Factor Violations including (i) Ex Parte Communication with Stieldorf on April 24, 2007 and Telephone Calls with Witness Richard Rosa on June 6, 2007.

26. In general, Judge Scheindlin's impartiality must be reasonably questioned and the above instances provide an overall picture which would lead any reasonable person to the belief that (i) Judge Scheindlin's expression of negative views about our counsel or the merits of our cases make it impossible for her to render fair judgment; (ii) Judge Scheindlin has displayed wrongful and inappropriate partiality and/or favoritism toward Defendants and against Plaintiffs' counsel and Plaintiffs' claims which have pervaded and completely corrupted the Kaprun proceeding on behalf of the Foreign Plaintiffs; and (iii) There is a significant doubt that justice could ever be done for the Kaprun Foreign victims and survivors claims absent Judge Scheindlin's recusal.

27. We provide this Declaration in an effort to insure the Court does not take any further action that will further damage our claims.

28. In view of the foregoing, we request the Court grant the stay, recuse itself and grant the other relief requested.

## DECLARATION UNDER 28 USC § 1746

      I declare, verify, certify and state under the penalty of perjury that the facts and statements contained above are true and accurate to the best of my knowledge information and belief.

Dated: 20 August 2007                                          _____
                                                                              Nanae & Masatoshi Mitsumoto