UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------- X
IN RE: SKI TRAIN FIRE IN KAPRUN AUSTRIA      :   MDL # 1428 (SAS)
       ON NOVEMBER 11, 2000                  :
---------------------------------------------------------------- X
This document relates to the following cases:
---------------------------------------------------------------- X
BLAIMAUER, et al,                Plaintiffs,  :
                                              :
         - and -                              :   Civil Action #
                                              :   03–CV–8960 (SAS)
OMNIGLOW CORPORATION, et al       Defendants. :
---------------------------------------------------------------- X
---------------------------------------------------------------- X
GEIER, et al,                    Plaintiffs,  :
         - and -                              :   Civil Action #
                                              :   03–CV–8961 (SAS)
OMNIGLOW CORPORATION, et al       Defendants. :
---------------------------------------------------------------- X
---------------------------------------------------------------- X
MITSUMOTO, et al,                Plaintiffs,  :
         - and -                              :   Civil Action #
                                              :   06–CV–2811 (SAS)
REPUBLIC OF AUSTRIA, et al        Defendants. :
---------------------------------------------------------------- X
---------------------------------------------------------------- X
MITSUMOTO, et al,                Plaintiffs,  :
         - and -                              :   Civil Action #
                                              :   07-CV-935 (SAS)
ROBERT BOSCH CORP., et al         Defendants. :
---------------------------------------------------------------- X
---------------------------------------------------------------- X
STADMAN, et al,                  Plaintiffs,  :
         - and -                              :   Civil Action #
                                              :   07-CV-3881 (SAS)
AUSTRIAN NATIONAL TOURIST OFFICE, et al,      :
                                  Defendants. :
---------------------------------------------------------------- X
---------------------------------------------------------------- X
FERK, et al,                     Plaintiffs,  :
         - and -                              :   Civil Action #
                                              :   07-CV-4104 (SAS)
OMNIGLOW CORPORATION, et al,                  :
                                  Defendants. :
---------------------------------------------------------------- X
================================================================
**DR. TOICHIRO KIGAWA DECLARATION IN SUPPORT OF MOTION FOR
STAY, RECUSAL PURSUANT TO 28 §§ USC 144 & 455 AND OTHER RELIEF**
================================================================

I, Toichiro Kigawa, hereby declare and say:

1. I am a personal representative of the Japanese Kaprun victim families. I make this Declaration in support of the Motion for Stay, for Recusal of Judge Scheindlin from this case and for her to immediately cease taking any further actions pending a full and proper review of the district Court actions since April 2007.

2. I expressly state that this Declaration is being filed to prevent the ongoing and irreparable harm that is being caused to our claims by the District so that there can be a full examination of the record and facts related to these claims so that the analysis can be made of the allegations of bias, violation of the extrajudicial contact rules and appearance of impropriety before the District Court takes any further actions that cause further prejudice our claims.

3. I further expressly state that the Japanese families will be filing additional and supplemental Declarations in support of this Affidavit and to demonstrate the requirement that Judge Scheindlin must be removed from this case.

4. I submit this Declaration because I/we have seen that despite our US counsel's request, the District Court has failed to expeditiously enter its' Orders so that I/we can act against them and in the interim our claims are being prejudiced through the publications in Austria, Germany, throughout Europe and in Japan, of Judge Scheindlin action against our claims and our lawyer Ed Fagan.

5. As for a summary of our arguments in support of this Motion, I declare:
    a. our claims have been pending 6 years & 8 months exceeding all acceptable time frames for litigation of this sort and the average times from filing to trial by almost four years;

2

b. During this time, Judge Scheindlin allowed Defendants to drag litigation out and refused our efforts to have case assigned out for trial;

c. Judge Scheindlin accused our lawyer of not allowing the case to get past motion stage of proceedings when in fact it was Judge Scheindlin who allowed Defendants to file motions in a piecemeal fashion thereby causing the litigation to be dragged out for an extra 3 – 4 years;

d. Judge Scheindlin allowed Defendants to waste almost 1 – 2 years through filing multiple Motion related to standing and jurisdiction;

e. Judge Scheindlin allowed Defendants to file multiple rounds of a variety of Motions to Dismiss rather than requiring those Motions be made at once;

f. Judge Scheindlin accused our lawyer of filing Amended and/or new complaints designed to prolong the cases from moving to trial. However, the filing of the Amended Complaints were expressly allowed by the Court or done at the Court's direction. The new complaints were filed after disclosing the facts to the Court and after getting the Court's permission to file the new complaints including the new causes of action based on the new evidence and facts as they were discovered;

g. Judge Scheindlin refused to consider my sworn declarations as both a lawyer but also the holder of a Valid Power of Attorney for the Japanese Kaprun Victim families and other Declarations in relation to the Court's findings and conclusions set forth in the June 19, 2007 Opinion and Order or the August 16, 2007 Opinion and Order;

    h. Judge Scheindlin has engaged in extra judicial contacts with Johannes Stieldorf and former Omniglow employee Richard Rosa;

    i. Judge Scheindlin failed or delays in issuing Orders;

    j. Judge Scheindlin failed to honor her own rulings about Bifurcation of Claims so certain of our and other Plaintiffs' claims could proceed to trial;

    k. In the August 16, 2007 Opinion and Order, Judge Scheindlin issued an Order in a relation to a Motion that had already been declared as Moot;

    l. In the August 16, 2007 Opinion and Order, Judge Scheindlin shows that she has already prejudged our Motion for Reconsideration; and

    m. By her actions, a reasonable objective person could conclude that Judge Scheindlin is so biased and/or prejudiced against Plaintiffs' Counsel or Plaintiff's' Claims that when she realized that her June 19, 2007 Opinion and Order would not end the Foreign Plaintiffs claims, she decided that she would try to ruin or disqualify our lawyer Ed Fagan in the midst of a pending Motion for Reconsideration.

6. As for instances of bias, prejudice and hostility, I/we declare the following:

    a. Judge Scheindlin made statements and comments on the record that demonstrate her bias, prejudice and hostility, which come from extrajudicial source and reveal such a high degree of favoritism or antagonism as to make fair judgment impossible. The comments were not expressions of impatience, dissatisfaction, annoyance, and even anger, within the bounds of what federal judges may sometimes display in ordinary efforts at courtroom administration;

    b. At the April 25, 2007 Conference Hearing Judge Scheindlin made comments and/or references such as *"Are You (Fagan) Hullicinating"* and *"Failure to File Tax Returns is a felony"* and/or continues to question him about unsubstantiated and false allegation by Defendants that there are or were criminal charges pending against him in Austria;

    c. At the July 11, 2007 Conference – Judge Scheindlin raised her voice inappropriately at Mr. Fagan in Relation to Motion for Recusal and Motion for Reconsideration.

7. As to the refusal to issue, cause or allow orders to be entered in a timely fashion, Judge Scheindlin (i) failed to issue and cause the Clerk to enter an Order after the May 4, 2007 Conference to Relieve Fagan, Hantman and Lowy from representing Ganzger and Witti Clients and (ii) failed to issue timely an order after the July 11, 2007 Conference Denying Recusal.

8. As for intentional exclusion from consideration in Opinions and Orders, sworn statements by victims, survivors and persons with Valid Powers of Attorney and who were formal representatives of Plaintiffs, Judge Scheindlin refused to consider my Declaration, as well as the Declarations of Geier, Hasslacher, Podovsovnik and Schwab from January 2007, February 2007, April 2007 and June 2007 Related to Powers of Attorney, authority to represent Kaprun victims and authority to prosecute cases in the US, that we no conflicts with Ed Fagan, that evidence was destroyed and our efforts to bring the US cases to trial.

9. Judge Scheindlin misrepresented the April 25, 2007 Email from her law clerk (in which she promises to consider information provided by Johannes Stieldorf in his

April 24, 2007 letter) and considered the letter at the Conference and before providing us and our attorney with a copy so we could object.

10. Judge Scheindlin misrepresented the June 18, 2007 Email from her law clerk in which she asked for specific additional information necessary to ruling on *Forum Non Conveniens* Motion and then misrepresented these questions in the June 19, 2007 Opinion and Order and again misrepresented the facts related to the Court's June 18, 2007 Emailed Questions on the record of the July 11, 2007 Conference.

11. Without notice or an opportunity to adequately prepare for oral argument, Judge Scheindlin forced our counsel to argue the basic merits of the Motion for Reconsideration at July 11, 2007 Conference and then yelled at our Counsel for allegedly not informing the Court of facts and law that were in fact provided to Judge Scheindlin but were either forgotten or disregarded by the Court.

12. In June/July 2007 Affidavits of Bias submitted by me, as attorney and holder of Valid Powers of Attorney for the Japanese victim families, and Dr. Bernd Geier -, Judge Scheindlin:

   a. Mischaracterized my status and authority as well as the status and authority of Bernd Geier;

   b. Mischaracterized Emails from Court to our counsel related to information that the Court said was needed before resolving the forum issue; and

   c. Mischaracterized the Court's Ex-Parte Communications with non party hostile person Stieldorf and the giving of assurances to Stieldorf that the Court would consider matters from him in the future proceedings.

13. The Court omitted from the consideration related to the Motion to Recuse the Court's *Ex-Parte* communication with Richard Rosa – a witness who took files and whose testimony was being taken pursuant to Court directive.

14. The Court misrepresented facts in relation to the timing of our Motion to Recuse.

15. The Court refused to respond in a timely fashion – either by granting or denying - to Plaintiffs' Aug. 1, 2007 request for permission to supplement the record so that these could include excerpts from June 7 & 13, 2007 Court Directed Depositions.

16. The August 16, 2007 Opinion and Order appears to have been issued in retaliation for Plaintiffs' June & July 2007 Affidavits of Bias and Motion for Recusal.

17. There was to be no decision on Disqualification Motion as that was expressly declared as moot in 19 June 2007 Opinion and Order. *See footnote 107 page 32 of June 19, 2007 Order* " Although <u>disqualification portion of this motion is now moot,</u> *the Court will address Defendants requests for sanctions*". Therefore, the August 16, 2007 Opinion and Order should have addressed or included this issue.

18. *"The Court is referring this matter to the Court's Disciplinary Committee". See Footnote 39 at page 15.* This footnote was unnecessary and violates Local Rules about *"complaints"* to Court's Committee on Discipline. This footnote also announced to the world that the Court has made a *"complaint"* against our counsel Ed Fagan by indicating that it is referring the matter to the Disciplinary Committee – in violation of the Rules related to maintaining disciplinary matters in NY Confidential – *See Local rule 1.5 (d) (3) – "Complaints, and any files based on them, shall be treated as confidential unless otherwise ordered by the Chief Judge for good cause shown."*

19. The Court also expressed animosity toward our counsel Ed Fagan and us by "pre-judging" of our Motion for Reconsideration. *See Footnote 59 at page 21.* This footnote is not included as a reference to the Motion for sanctions based on the April 2007 depositions as it was made by Defendants. Instead, this footnote, further shows the Court's bias against our counsel, our claims and our Motion for Reconsideration by referring to the actions taken on our behalf as – *"bad faith test facts related to several insupportable bias recusal motions . . . repeated motions to reargue and continually engaging in obfuscation of the issues, hyperbolism and groundless presumptions in addition to insinuating the court [is] biased.*

20. The Court's reference to "alimony and child support" in relation to our counsel Ed Fagan, were unnecessary and inappropriate. *See Footnote 25, page 9.*

21. The language and timing of the Court's August 16, 2007 Opinion and Order suggests that the Opinion and Order was written in pure retaliation against us and our lawyer Ed Fagan for having filed Declarations of Bias, moved to have the Court recuse itself, moved for reconsideration and was only possible by using Defendants arguments and ignoring Plaintiffs' Declarations and Facts.

22. The August 16, 2007 Opinion fails to include or even reference the existence of Declarations by my, Nanae and Masatoshi Mitsumoto, or other Foreign Plaintiffs' Representatives including Drs. Geier, Podovsovnik and Schwab, in relation to the Sanctions and Disqualification issues.

23. The August 16, 2007 Opinion fails to include or reference the August 1, 2007 request for permission to include copies of transcript and exhibits from the Rosa June 7, 2007 deposition or the June 13, 2007 van der Senden Deposition.

24. The August 16, 2007 Opinion has an unfair, prejudicial and adverse impact on our claims through its failure to consider, reference or recognize that we are in the midst of a Briefing Schedule on the Motion for Reconsideration, in which our papers were to be filed quickly, then the Court gave the Defendants a lengthy extension and then the Court disqualified our lawyer.

25. The Court expressly failed to recognize the "extra judicial source" factor violations including ex-parte communications with (i) Johannes Stieldorf on April 24, 2007 and (ii) witness Richard Rosa on June 6, 2007.

26. In general, Judge Scheindlin's impartiality must be reasonably questioned and the above instances provide an overall picture which would lead any reasonable person to the belief that (i) Judge Scheindlin's expressed negative views about our counsel and merits of our cases render it impossible to get fair judgment; (ii) Judge Scheindlin's displayed wrongful and inappropriate partiality and/or favoritism toward Defendants and against our counsel and our claims have pervaded and completely corrupted the Kaprun proceedings related to our claims; and (iii) there is a significant doubt that justice could ever be done for the Kaprun Foreign victims and survivors claims absent Judge Scheindlin's recusal.

27. We will provide a Supplemental Declarations but provide this to attempt to insure that the Court does not take any action that will further damage our claims.

28. In view of the foregoing, we request the Court grant the stay, recuse itself and grant the other relief requested.

### DECLARATION UNDER 28 USC § 1746

I declare, verify, certify and state under the penalty of perjury that the facts and statements contained above are true and accurate to the best of my knowledge, information and belief.

Dated: 20 August 2007

_____
Toichiro Kigawa