# EXHIBIT   10

**HH**

## Dr. Herwig Hasslacher
## Rechtsanwalt

Via Fax (212) 805-7920
Hon. Shira A. Scheindlin USDJ
United States District Judge
500 Pearl Street, Chambers 1620
New York, NY 10007

Villach, 16.10.2007

Re: *In Re: Ski Train Fire in Kaprun Austria on Nov. 11, 2000 – 01-md-1428 (SAS);
Blaimauer et al v. Omniglow et al 03-cv-8960 (SAS); Geier et al v. Omniglow et
al 03-cv-8961 (SAS); Mitsumoto et al v. Republic of Austria et al 06-cv-2811
(SAS); Mitsumoto et al v. Robert Bosch et al 07-cv-935 (SAS); Stadman et al v.
ANTO 07-cv-3881 (SAS) and Ferk et al v. Omniglow et al 07-cv-4104 (SAS)*

Dear Judge Scheindlin:

I write to object to Your Honor's actions from June 18, 2007 to the present.
I write in my name as Austrian lawyer and in the name of my clients, I represent.
This is Sidonia, Gregor and Roman Scharwitzl,
Paul Peter, Erika, Kurt and Paul Mitterberger,
Barbara Galjot,
Zdenko, Anja and Angela Levart,
Hubert and Mag. Marianne Konrad,
Dragica and Rastko Ferk

Your Honor has issued numerous Orders which have been appealed to the 2nd Circuit.
Notwithstanding these appeals, Your Honor continues to attempt to compel Foreign
Kaprun to take actions in the District Court.

One of the Orders purported to impose a deadline of October 16, 2007 within which
Foreign Kaprun victims and survivors were to notify the District Court of their intention
to continue the litigation or their suffer the consequences that the claims would be
dismissed.

We do not understand Your Honor's actions and we object to same. We have also
repeatedly informed the District Court that we intend to prosecute these claims and that
we intend to do so after the 2nd Circuit has ruled on the issues presented in the Appeals.

On June 19, 2007, Your Honor dismissed the claims of the Foreign Kaprun victims and
survivors. On July 9, 2007, the Court directed the Clerk to enter a final judgment
dismissing the Foreign Kaprun victims and survivors.

We object to the District Court's actions and urge the District Court to stop taking actions
that continue to prejudice and purport to require Foreign Kapun victims and survivors to
take actions in the District Court while the Appeals are pending.

Respectfully submitted,

Dr. Herwig Hasslacher
Rechtsanwalt
T +43(0) 4242/219399, F +43(0) 4242/219386

# EXHIBIT   11

# OCHANOMIZU LAW AND PATENT OFFICE

Prof. Dr. TOICHIRO KIGAWA
Gastprofessoren:
Prof. Dr. Dr. h.c. Akira ISHIKAWA
Prof. Dr.Saburo KUWATA
Prof. Dr. Dr. h.c. Taira FUKUDA
Rechtsanwalt Shiro IWATSUKI, LL.M.
Prof. Dr. Natsuko KOJIMA, LL.M.

**INSTITUT zur UNTERSUCHUNG des DEUTSHEN RECHTS**

DAISAN DAIMARU BLDG. 5F
3-22, KANDA OGAWAMACHI,
CHIYODA-KU,
TOKYO, 101-0052 JAPAN
TEL: 03 (3291) 6651
FAX: 03 (3291) 6655
E-mail: office@kigawa.org

Via Fax (212) 805-7920
Hon. Shira A. Scheindlin USDJ
United States District Judge
500 Pearl Street, Chambers 1620
New York, NY   10007

Re: *In Re: Ski Train Fire in Kaprun Austria on Nov. 11, 2000 – 01-md-1428 (SAS); Blaimauer et al v. Omniglow et al 03-cv-8960 (SAS); Geier et al v. Omniglow et al 03-cv-8961 (SAS); Mitsumoto et al v. Republic of Austria et al 06-cv-2811 (SAS); Mitsumoto et al v. Robert Bosch et al 07-cv-935 (SAS); Stadman et al v. ANTO 07-cv-3881 (SAS) and Ferk et al v. Omniglow et al 07-cv-4104 (SAS)*

Dear Judge Scheindlin:

I write, in my name as Japanese lawyer and in the name of Japanese Kaprun victim families, whom I represent, to object to Your Honor's actions from June 18, 2007 to the present.

Your Honor has issued numerous Orders which have been appealed to the 2nd Circuit. Notwithstanding these appeals, Your Honor continues to attempt to compel Foreign Kaprun to take actions in the District Court.

One of the Orders purported to impose a deadline of October 16, 2007 within which Foreign Kaprun victims and survivors were to notify the District Court of their intention to continue the litigation or their suffer the consequences that the claims would be dismissed.

We do not understand Your Honor's actions and we object to same.   We have also repeatedly informed the District Court that we intend to prosecute these claims and that we intend to do so after the 2nd Circuit has ruled on the issues presented in the Appeals.

On June 19, 2007, Your Honor dismissed the claims of the Foreign Kaprun victims and survivors.  On July 9, 2007, the Court directed the Clerk to enter a final judgment dismissing the Foreign Kaprun victims and survivors.

We object to the District Court's actions and urge the District Court to stop taking actions that continue to prejudice and purport to require Foreign Kapun victims and survivors to take actions in the District Court while the Appeals are pending.

Respectfully submitted,

Tokyo, Oct. 16, 2007

Prof. Dr. Toichiro Kigawa

# EXHIBIT  12



*Damit Sie Recht bekommen*

Via Fax (212) 805-7920
Hon. Shira A. Scheindlin USDJ
United States District Judge
500 Pearl Street, Chambers 1620
New York, NY 10007

> Re: *In Re: Ski Train Fire in Kaprun Austria on Nov. 11, 2000 - 01-md-1428 (SAS);*
> *Blaimauer et al v. Omniglow et al 03-cv-8960 (SAS); Geier et al v. Omniglow et*
> *al 03-cv-8961 (SAS); Mitsumoto et al v. Republic of Austria et al 06-cv-2811*
> *(SAS); Mitsumoto et al v. Robert Bosch et al 07-cv-935 (SAS); Stadman et al v.*
> *ANTO 07-cv-3881 (SAS) and Ferk et al v. Omniglow et al 07-cv-4104 (SAS)*

Dear Judge Scheindlin:

I write - in my name as Austrian lawyer and in the name my clients, the German
Survivors, whom I represent, these are 9 people and as Austrian lawyer of Joop Stadman
- to object to Your Honor's actions from June 18, 2007 to the present. In case you need
the full names of my clients I can send you a list of my clients. If you really don't know
who I am as you gave to protocol on 28th of September 2007, please check your protocols
I was already personal present in your Courtroom in the Kaprun Case.

Your Honor has issued numerous Orders which have been appealed to the 2nd Circuit.
Notwithstanding these appeals, Your Honor continues to attempt to compel Foreign
Kaprun to take actions in the District Court.

One of the Orders purported to impose a deadline of October 16, 2007 within which
Foreign Kaprun victims and survivors were to notify the District Court of their intention
to continue the litigation or their suffer the consequences that the claims would be
dismissed.

I and my clients do not understand Your Honor's actions and me and my clients object to
same. I and my clients have also repeatedly informed the District Court that we intend to
prosecute these claims and that we intend to do so after the 2nd Circuit has ruled on the
issues presented in the Appeals.

On June 19, 2007, Your Honor dismissed the claims of the Foreign Kaprun victims and
survivors. On July 9, 2007, the Court directed the Clerk to enter a final judgment
dismissing the Foreign Kaprun victims and survivors.

We object to the District Court's actions and urge the District Court to stop taking actions
that continue to prejudice and purport to require Foreign Kaprun victims and survivors to
take actions in the District Court while the Appeals are pending.

Respectfully submitted,

----------------------------
Appendix C - 89

EXHIBIT  13

From: NYSD_ECF_Pool@nysd.uscourts.gov
To: deadmail@nysd.uscourts.gov
Subject: Activity in Case 1:01-md-01428-SAS-THK In Re: Ski Train Fire, et al v. , et al Order
Date: Wed, 24 Oct 2007 2:36 pm

This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.
***NOTE TO PUBLIC ACCESS USERS*** You may view the filed documents once without charge. To avoid later charges, download a copy of each document during this first viewing.

**U.S. District Court**

**United States District Court for the Southern District of New York**

## Notice of Electronic Filing

The following transaction was entered on 10/24/2007 at 2:32 PM EDT and filed on 10/24/2007
**Case Name:**      In Re: Ski Train Fire, et al v. , et al
**Case Number:**    1:01-md-1428
**Filer:**
**Document Number:** 338(No document attached)

**Docket Text:**
ORDER... Because plaintiffs' notices of appeal were filed by disqualified counsel, the effect of the appeal is questionable. Nonetheless, in light of the dismissal of these actions for forum non conveniens as well as plaintiffs' noncompliance with the Disqualification Order by failing to retain counsel within thirty days of the Order or to notify the Court of their intention to appear pro se within sixty days of the Order, the Court deems plaintiffs' motion for reconsideration to be moot and withdrawn. Moreover, for the same reasons, the Court will not address any remaining motions that were filed by plaintiffs' former counsel and are currently pending in this Court. Accordingly, the Clerk of the Court is directed to close the following motions: [Document Nos. 305, 309, 313, 315, 324]. This Document relates to 01md1428, 03-8960, 03-8961, 06-2811, 07-935 (entry with its own document no.), 07-3881, 07-4104 re: (313 in 1:01-md-01428-SAS-THK) MOTION for Reconsideration re; Clerk's Judgment, *and for Other Relief.* filed by Masatoshi Mitsumoto, (315 in 1:01-md-01428-SAS-THK, 315 in 1:01-md-01428-SAS-THK, 315 in 1:01-md-01428-SAS-THK, 315 in 1:01-md-01428-SAS-THK, 315 in 1:01-md-01428-SAS-THK) MOTION to Amend/Correct. MOTION to Intervene. MOTION to Preclude. MOTION for Reconsideration. filed by Carol Baker, Dick Baker, John S. Habblett, Rudolf Kern, Masatoshi Mitsumoto, Suzanne K. Habblett, Angela Kern, (324 in 1:01-md-01428-SAS-THK) MOTION Amend Motion for Relief to Include Relief Pursuant to FRCP 59 re: (51 in 1:07-cv-00935-SAS, 313 in 1:01-md-01428-SAS-THK) MOTION for Reconsideration., Clerk's Judgment, (49 in 1:07-cv-00935-SAS, 305 in 1:01-md-01428-SAS-THK) MOTION for Extensi MOTION Amend Motion for Relief to Include Relief Pursuant to FRCP 59 re: (51 in 1:07-cv-00935-SAS, 313 in 1:01-md-01428-SAS-THK) MOTION for Reconsideration., Clerk's Judgment, (49 in 1:07-cv-00935-SAS, 305 in 1:01-md-01428-SAS-THK) MOTION for Extensi MOTION Amend Motion for Relief to Include Relief Pursuant to FRCP 59 re: (51 in 1:07-cv-00935-SAS, 313 in 1:01-md-01428-SAS-THK) MOTION for Reconsideration., Clerk's Judgment, (49 in 1:07-cv-00935-SAS, 305 in 1:01-md-01428-SAS-THK) MOTION for Extensi MOTION Amend Motion for Relief to Include Relief Pursuant to FRCP 59 re: (51 in 1:07-cv-00935-SAS, 313 in 1:01-md-01428-SAS-THK) MOTION for Reconsideration., Clerk's Judgment, (49 in 1:07-cv-00935-SAS, 305 in 1:01-md-01428-SAS-THK) MOTION for Extensi filed by Masatoshi Mitsumoto, (305 in 1:01-md-01428-SAS-THK) MOTION for Extension of Time *to File Motions for Relief from Opinion and Order Entered on 20 June 2007, Including Relief pursuant to Local Rule 6.3, FRCP 60 (b), Motion to Supplement the Record, Motion for Intervention Pursuant to FRCP 24 (b) and M MOTION for Extension of Time to File Motions for Relief from Opinion and Order Entered on 20 June 2007, Including Relief pursuant to Local Rule 6.3, FRCP 60 (b), Motion to Supplement the Record, Motion for Intervention Pursuant to FRCP 24 (b) and M MOTION for Extension of Time to File Motions for Relief from Opinion and Order Entered on 20 June 2007, Including Relief pursuant to Local Rule 6.3, FRCP 60 (b), Motion to Supplement the Record, Motion for Intervention Pursuant to FRCP 24 (b) and M MOTION for Extension of Time to File Motions for Relief from Opinion and Order Entered on 20 June 2007, Including Relief pursuant to Local Rule 6.3, FRCP 60 (b), Motion to Supplement the*

# EXHIBIT   14

law.com Law Dictionary

Law.com Home        Newswire        LawJobs        CLE Center        LawC



**3** Easy Ways to use the Dictionary

### Enter a Legal Term:

sua sponte

⊙ all words    ⊙ any words    ⊙ phrase

**Look It Up!**

## sua sponte

: (sooh-uh spahn-tay) adj. Latin for "of one's own will," meaning on one's own volition, usually referring to a judge's order made without a request by any party to the case. These include an order transferring a case to another judge due to a conflict of interest or the judge's determination that his/her court does not have jurisdiction over the case.

EXHIBIT  15

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------X

FAGAN, et al,                    :

              **PLAINTIFFS**      :      **CIVIL ACTION**

                       :      **07-CV-10293 (SAS)**

     -   vs -                    :

                       :

LOWY, et al                     :

                       :

              **DEFENDANTS.**      :

-----------------------------------------------------X

### MOTION (i) TO SEAL, (ii) FOR EXTENSION OF TIME TO FILE MOTIONS FOR REMAND AND FOR RECUSAL, (iii) FOR EXPEDITED PRE-MOTION CONFERENCE RELATED TO MOTIONS and (iv) FOR OTHER RELIEF

**PLEASE TAKE NOTICE** that the below referenced Plaintiff will move this Honorable Court, on a date as set by the Court, as soon as counsel can be heard, at the United States District Court for the Southern District of New York, located at 500 Pearl Street, New York, NY 10007, Courtroom 15 C, before the Honorable Shira A. Scheindlin, for, among other things, and Order

    (i)    To seal certain papers in this case;

    **(ii)**    For Extension of Time to File Motions for Remand and for Recusal;

    (iii)    For Expedited Pre-Motion Conference Related to Motions; and

    (iv)    For such other relief as is just and equitable.

**PLEASE TAKE FURTHER NOTICE** that Plaintiff make this Motion under the following specific provisions of the Federal Rules of Civil Procedure, Local Rules of the Southern /Eastern Districts of New York

**PLEASE TAKE FURTHER NOTICE** that in support of this Motion, Plaintiff will rely upon Declaration and Statement of Authorities of Edward D. Fagan, together with supporting Exhibits.

**PLEASE TAKE FURTHER NOTICE** that opposition, if any, in accordance with the Federal Rules of Civil Procedure and the Local Rules of the Southern District and/or at such other date as may be set by the Court.

Dated: December 13, 2007
New York, NY

/s/ Edward D. Fagan (electronically signed)
Edward D. Fagan, Esq.
5 Penn Plaza, 23rd Floor
New York, NY 10001
Tel. (646) 378-2225
Fax (646) 304-6446
Plaintiff

2

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I caused the foregoing

**MOTION (i) TO SEAL, (ii) FOR EXTENSION OF TIME TO FILE MOTIONS FOR REMAND AND FOR RECUSAL, (iii) FOR EXPEDITED PRE-MOTION CONFERENCE RELATED TO MOTIONS and (iv) FOR OTHER RELIEF**

to be electronically filed with the Clerk of the Court and served upon counsel of record.

A courtesy copy of the papers with the moving papers have been forwarded to the Honorable Shira A. Scheindlin, USDJ.

An additional copy is electronically, faxed and/or served and to Defendants' counsel of record.

Dated:  December 13, 2007        /s/ Edward D. Fagan (electronically signed)
        New York, NY                Edward D. Fagan, Esq.

3

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------------X

FAGAN, et al,

                           **PLAINTIFF**       :       **CIVIL ACTION**

                                       :       **07-CV-10293 (SAS)**

   -   vs -                           :

                                       :

LOWY, et al                          :

                                       :

                      **DEFENDANTS.**   :

-----------------------------------------------------------------X

## AFFIDAVIT AND STATEMENT OF AUTHORITIES IN SUPPORT OF MOTION MOTION (i) TO SEAL, (ii) FOR EXTENSION OF TIME TO FILE MOTIONS FOR REMAND AND FOR RECUSAL, (iii) FOR EXPEDITED PRE-MOTION CONFERENCE RELATED TO MOTIONS and (iv) FOR OTHER RELIEF

Edward D. Fagan, hereby declares and says:

1. I am listed as Plaintiff in the above referenced matter.

## RELEVANT FACTS

2. This Motion is filed because Mr. Lowy and his counsel Mr. Perle are improperly disclosing Confidential, Attorney Client, Work Product and other privileged communications in which Litigation Strategy, appellate strategy, strategy as to how to deal with this Court in the matters entitled *In Re: Ski Train Fire in Kaprun Austria on November 11, 2000, MDL # 1428 (SAS)(THK); Blaimauer et al v. Omniglow et al, 03-CV-8960 (SAS)(THK); Geier et al v. Omniglow et al, 03-CV-8961 (SAS)(THK); Mitsumoto et al v. Republic of Austria et al, 06-CV-2811 (SAS)(THK); Mitsumoto et al v. Robert Bosch Corp et al 07-CV-935 (SAS)(THK); Stadman et al v. Austrian National Tourist Office et al 07-cv-3881 (SAS)(THK);*

1

*and Ferk et al v. Omniglow Corporation et al 07-cv-4104 (SAS)(THK)*

*(hereinafter collectively referred to as "The Kaprun Cases").*

3. Such disclosure has and continues to prejudice innocent Kaprun victims and survivors claims in this Court and appeals.

4. Further, Mr. Lowy and Mr. Perle have misrepresented to Your Honor and to named Defendants Robert Hantman and Hantman & Associates[1] certain matters in Notice of Removal as originally filed and statements made in the Case Information Statement.

5. Kaprun victims and survivors objected to Mr. Lowy's actions from Sept. – Oct. 2007, which led to the filing of the original complaint. Those communications contain confidential information and samples of them will be provided in support of Plaintiffs' Motion for Recusal, if such a Motion is necessary[2].

6. When Messrs. Lowy and Perle improperly disclosed the Confidential and Privileged Communications, certain Kaprun victims and survivors and I commenced an independent action against them in New York State Court entitled *Edward D. Fagan, Dr. Bernd Geier and Dr. Gerhard Podovsovnik v. James F. Lowy Esq., International Law Group LLC, Florida Law Group LLC, Michael R. Perle Esq. and Michael R. Perle PC*, Index # 07-115473 (filed November 19,

---

[1] I have obtained independent verification from Mr. Hantman that he was not informed of Messrs. Lowy and Perle's intention to disclose Confidential and Privileged Information, he did not agree with or believe that this matter relates to the Kaprun litigation. *Copies of communications between Mr. Hantman and me confirming this are being submitted for the Court's in camera inspection and should be sealed are marked as Exhibit 1.* Mr. Hantman and I have agreed that once this case is remanded to the State Court, where it belongs, he and his firm will be voluntarily dismissed.

[2] Under separate submission, Kaprun victims and survivor plaintiffs, their European and Japanese Cooperating Counsel and/or representatives and I are moving the Court in The Kaprun Cases for Relief Pursuant to FRCP 60 (b) (2) (3) and (6) – to vacate the Court's Aug. 16, 2007 Opinion & Order, and 28 USC §§ 144 and 455 – to have the Court disqualify itself, as well as pursuant to Local Rule 50.4. *A copy of the Pre-Motion Conference letter is attached as Exhibit 2.*

2007).  The Summons and Complaint are out for service and it should be served within the next few days.  *See a copy attached as Exhibit 3.*

7.  The complaint is predicated upon negligence and malpractice, including unauthorized disclosures of confidential and privileged materials, with reckless disregard to the consequences and the damages caused to clients, former clients and persons to whom Messrs. Perle and Lowy and their firms owed duties of care. The causes of action are as follows:  Count I - Negligence, Count II - Breach of Contract or Fiduciary Duty, Count III – Malpractice and Count IV – Injunction. *See Exhibit 3.*

8.  Neither this Complaint, nor the newly filed Complaint belong in Federal Court and they certainly do not belong before Your Honor.  And they certainly do not belong in front of any Judge who will ultimately be responsible for the adjudication of the future Motions and claims related to The Kaprun Cases.

9.  The proofs and evidence that will be disclosed in support of these claims and which need to be considered by the Judge who presides over and ultimately hear the instant case, and who will direct the ultimate triers of fact, i.e. the jury, will require disclosure of additional Confidential, Attorney Client, Work Product, Settlement and Litigation documents as they relate to The Kaprun Cases, and which should never be reviewed by the Judge who presides over and ultimately hears the future Motions and Claims, and who will direct the ultimate triers of fact, i.e. the jury, in the Kaprun Cases.

10. Your Honor's acceptance of the instant action as "related" to The Kaprun Cases forms a part of the Motion for Your Honor to Recuse Yourself from both cases and from consideration on all Motions in these cases.

11. The need to seal and/or mark as *"Confidential - Attorneys Eyes Only"* is necessary to protect the innocent Kaprun victims and survivor plaintiffs whose cases continue in the District Court and the Court of Appeals and which can be prejudiced if Defendants in The Kaprun Cases were to be able to access these documents.

12. The request for a reasonable extension of time to file the Motions for Remand and the Motion for Recusal is appropriate and should be granted because it will serve to promote conservation of judicial economy and avoid what I respectfully submit will be unnecessary Motion practice that may in fact be obviated through the Pre-Motion Conferences and the Court's consideration of the separate submissions demonstrating the authority and need for the Court's recusal in The Kaprun Case.

13. For purposes of this Motion, and as set forth in *Exhibit 2*, the ones who are suffering as a result of Messrs. Lowy and Perle's actions are innocent Kaprun victims and survivors.

14. The evidence will show that Mr. Lowy misrepresented his authority to Your Honor from mid-September 2007 to present in relation to The Kaprun Case and then when his improper and unauthorized actions were discovered he embarked on a campaign to protect himself at the expense of the Kaprun victims and survivors. Those documents should only be submitted under seal after the Court has granted this Motion.

4

## STATEMENT OF AUTHORITY

15. The right of public access to court records is firmly entrenched and well supported by policy and practical considerations, the right is not absolute.

16. In limited circumstances, courts must deny access to judicial documents — generally where open inspection may be used as a vehicle for improper purposes. *See, e.g., Nixon, 435 U.S. at 597, 98 S.Ct. at 1311-12 (citing to In re Caswell, 18 R.I. 835, 29 A. 259 (1893) (court can insure that its records are not used to promote public scandal), Schmedding v. May, 85 Mich. 1, 48 N.W. 201, 202 (1891) (court refused to permit its records to be used as sources of business information that might harm litigant's competitive standing).*

17. The public's right of access is *"not absolute"* and must be weighed against the litigants interest in secrecy. *See Leucadia, Inc. v. Applied Extrusion Techs., Inc., 998 F.2d 157, 165 (3d Cir. 1993).*

18. The Court must determine the nature of the materials at issue, the legitimate private or public interest which warrants sealing, the clearly defined and serious injury that would result if the materials were not sealed, and why any less restrictive alternative to sealing is not available. *See Pansy v. Borough of Stroudsburg, 23 F.3d 772 (3d Cir. 1994).*

19. The issues and facts related to this motion are extremely sensitive and should not be discussed in open court or in filings available to the public.

20. Public access to this information would be detrimental to innocent clients claims in The Kaprun Cases.

21. The Defendants in The Kaprun Cases are not entitled to see the documents that will be produced as it would be prejudicial to pending cases, resolution of motions and disposition of appeals.

22. The issues related to this Motion should be ruled upon quickly because the disposition of this Motion relates to and will impact the outcome of the pending motions, affects my ability to file the necessary Stipulations of Dismissal, file additional responses, replies, documents and evidence and other matters.

23. FRCP 16 provides the Court with broad authority upon which to convene a Conference to consider Movants' application.

24. The Notice of Removal was filed on November 13, 2007.

25. Pursuant to *28 USC § 1447 (a) In any case removed from a State court, the district court may issue all necessary orders and process to bring before it all proper parties whether served by process issued by the State court or otherwise . . . and . . . (c) A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days.*

26. The time within which to move to remand expires on December 13, 2007.

27. There is good cause to remand the case to the State Court. The claims themselves are predicated on negligence or tortious interference or malpractice. Plaintiffs are not seeking to impose any criminal penalty and the interference with mail or the interception of electronic data was part of the wrongful state acts not Federal causes of action. In addition, the new claims show that the claims between me and Mr. Lowy and his firm belong in State Court and they certainly do not belong before this Court. The Court's accepting this case as being related

6

to The Kaprun Case demonstrates the Court's bias and prejudice and creates further conflicts and problems in and for The Kaprun Cases.

28. Pursuant to FRCP 6 (b) the Court may – for good cause shown - extend the time prescribed by the rule or statute so long as the request is made "before the expiration of the period originally prescribed".

29. The time within which to move to remand the Case expires on December 13, 2007, Plaintiffs' Motion and request for an extension of time and for other relief was made before the expiration of the time pursuant to Local Rule 6.1 (b) and in accordance with FRCP 6 (b).

30. This is the first request for an extension of time by Plaintiff and there is no prejudice to Defendants if the Court grants Plaintiffs' extension or the relief requested. On the contrary in light of the newly filed State Court action, and the issues raised in the Pre-Motion letter being submitted in relation to The Kaprun Case, the evidence as submitted by Defendant Hantman demonstrating the Messrs. Lowy and Perle's improper actions and unauthorized disclosures, the extension of time will promote judicial expedition and economy and avoids prejudice to the parties, counsel, the Court and innocent third parties in The Kaprun Case.

## CONCLUSION

31. For these reasons, Plaintiff requests the Court grant the Motion in its entirety.

Dated:    December 13, 2007              /s/ Edward D. Fagan (electronically signed)
          New York, NY                      Edward D. Fagan, Esq.

7

EXHIBIT  16

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

————————————————————————— X

EDWARD D. FAGAN, ESQ.,

Plaintiff,

vs.

JAMES F. LOWY, ESQ., INTERNATIONAL
LAW GROUP, LLC, ROBERT HANTMAN,
ESQ., and HANTMAN & ASSOCIATES, and
JOHN DOES/JANE DOES 1-5,

Defendants.

————————————————————————— X

07 CV 10293

07 CV _____ ( )

_____

NOTICE OF REMOVAL

To    Clerk, United States Court for the
Southern District of New York
United States Court House
500 Pearl Street
New York, NY 10007-1312

Hon. Jane S. Solomon
Supreme Court of New York, IAS Part 55
60 Centre Street
New York, N.Y. 10013

Edward D. Fagan, Esq.
5 Penn Plaza, 23rd Floor
New York, NY 10001

PLEASE TAKE NOTICE that:

a.    The Matter to Be Removed. Defendants James F. Lowy, Esq. ("Lowy"),
International Law Group, LLC ("ILG"), Robert Hantman, Esq. ("Hartman"), and Hantman
& Associates (collectively "Hantman Defendants") pursuant to the Removal Statute, 28
U.S.C.A. §§ 1441(b), 1446 and the All Writs Act, 28 U.S.C.A. § 1651(a), hereby remove

EXHIBIT F    EXHIBIT B    EXHIBIT C    :D    XHIBIT I    Exhibit A

Appendix C  55

EXHIBIT   17

# EDWARD D. FAGAN ESQ.

Five Penn Plaza, 23rd Floor, New York, NY 10001
Tel # (646) 378-2225, New Fax # (646) 304-6446
New Email Address: ed.fagan@global-litigation-partners.com

Thursday 13 December 2007

*Via Fax (212) 805-7920*
Honorable Shira A. Scheindlin USDJ
United States District Court - Southern District of New York
500 Pearl Street, Chambers, Room 1620
New York, NY 10007

Re:    *In Re:Ski Train Fire in Kaprun Austria on November 11, 2000, MDL # 1428 (SAS)(THK);*
*Blaimauer et al v. Omniglow et al, 03-CV-8960 (SAS)(THK): Geier et al v. Omniglow et*
*al, 03-CV-8961 (SAS)(THK); Mitsumoto et al v. Republic of Austria et al, 06-CV-2811*
*(SAS)(THK); Mitsumoto et al v. Robert Bosch Corp et al 07-CV-935 (SAS)(THK);*
*Stadman et al v. Austrian National Tourist Office et al 07-cv-3881 (SAS)(THK): and*
*Ferk et al v. Omniglow Corporation et al 07-cv-4104 (SAS)(THK)*

Honorable Judge:

After almost seven (7) years of ongoing motion practice in Your Honor's Court, I write to
request an expedited Pre-Motion Conference pursuant to Your Honor's Individual Rules III. A.
The Motions I intend to bring are Pursuant to FRCP 60 (b) (2) (3) and (6) – to vacate the Court's
Aug. 16, 2007 Opinion & Order, 28 USC §§ 144 and 455 – to have the Court disqualify itself, as
well as pursuant to Local Rule 50.4.

The purpose of the Pre-Motion Conference is for the Court to immediately vacate the Aug. 16,
2007 Order, reinstate the cases and to have all the cases and the Motions themselves immediately
reassigned for consideration by a randomly assigned Judge.

I am joined in making this application by European and Japanese Cooperating Counsel and/or
victim and survivor family representatives, including Dr. Bernd Geier, Dr. Ivo Greiter. Dr.
Toichiro Kigawa, Dr. Gerhard Podovsovnik, Dr. Ulrich Schwab and others[1].  I am also joined in
this application (and limited at present to this Motion) by Robert Hantman Esq.[2]

It is now a matter of public record that Your Honor does not believe anything Plaintiffs
themselves, or European and Japanese Cooperating Counsel, foreign Kaprun survivor and
victims family representatives and I have repeatedly told the Court about spoliation of evidence
or the importance of proffered testimony, especially the testimony of former GBK employee
Georg Schwartz and wife of deceased GBK engineer Ms. Maria Steiner who testified about
destruction, concealment, witness intimidation and efforts to prevent investigating authorities
from gaining access to evidence.    *See Court's Aug. 16, 2007 Opinion.*   Your Honor dismissed
proffered evidence of such acts related to spoliation at the July 11, 2007 Conference. *See*
*excerpts from the July 11, 2007 Hearing transcript.*

Your Honor refused to accept independently documented and admitted facts of spoliation and
concealment of evidence and interference with witnesses by GBK and others. *See excerpts from*

---

[1] Additional counsel may join but given the urgency of this application, we are submitting the letter without them
and they can join later.

[2] Former Co-Counsel James Lowy Esq. is not part of this application.

EDWARD D. FAGAN ESQ.

*Hon. Shira A. Scheindlin USDJ –13 December 2007 Pre-Motion Conference Letter –Page 3*
*Re:In Re:Ski Train Fire in Kaprun Austria on November 11. 2000, MDL # 1428 (SAS)(THK): Blaimauer*
*et al v. Omniglow et al, 03-CV-8961*
*et al v. Omniglow et al, 03-CV-8960 (SAS)(THK): Geier et al v. Omniglow et al, 03-CV-8961*
*(SAS)(THK); Mitsumoto et al v. Republic of Austria et al. 06-CV-2811 (SAS)(THK): Mitsumoto et al v.*
*Robert Bosch Corp et al 07-CV-935 (SAS)(THK): Stadman et al v. Austrian National Tourist Office*
*et al 07-cv-3881 (SAS)(THK); Ferk et al v. Omniglow Corporation et al 07-cv-4104 (SAS)(THK)*

--------------------------

Johannes Stieldorf on April 25, 2007 and former Omniglow employee Richard Rosa on June 6,
2007. *See excerpts from July 11. 2007 transcript.* Another example relates to Your Honor's
refusal to recognize the errors committed in its rush to issue the June 19, 2007 Opinion and
Order. Another example relates to Your Honor's refusal to *sua sponte* reverse itself despite the
uncontradicted evidence of the Dr. Greiter June 20, 2007 Declaration and Defendants failure to
respond to the Court's inquiries about the fact that there is no forum for Plaintiffs' claims in
Austria. *See July 11, 2007 transcript excerpts.* Still another example relates to Your Honor's
improper refusal to recognize the status of persons such as Dr. Bernd Geier, Dr. Herwig
Hasslacher, Dr. Toichiro Kigawa, Dr. Gerhard Podovsovnik and Dr. Ulrich Schwab and
improper denial or delay of certain Motions and entry of Orders based on blatant errors of fact
and law or misrepresentations. *See July 11, 2007 Transcript excerpts and Oct. 24, 2007 Order.*
Yet another example, is Your Honor's improper refusal to recognize Retainer Agreements,
Authorizations and Affidavits that were repeatedly submitted demonstrating my authority to act
on behalf of Plaintiffs and the fact that there was never a conflict between Plaintiffs and me. *See*
*prior Authorizations from Drs. Geier, Hasslacher. Kigawa. Podovsovnik and Schwab addressed*
*at the May 2007 Hearing.*

From April 25, 2007 to present, as European and Japanese Kaprun victims and/or survivors'
counsel and/or authorized representatives and various US counsel, myself included, sought to
point out the Court's mistakes, Your Honor retaliated in what could be construed as an effort to
protect the Court's errors from being discovered and to insure the dismissal of the cases.

On Sept. 28, 2007, the Court held a Conference with Kaprun victims and survivors supposedly
being represented by James Lowy Esq., a lawyer who the Court knew (i) had not complied with
the Court's Aug. 16, 2007 Order and (ii) had not demonstrated his authority to act (in fact he had
no authority to act). In that Conference, Your Honor's bias and prejudice against me and the
merits of the appeals and/or Plaintiffs' claims again manifest themselves in the inappropriate
comments and willingness to let a knowingly un-retained counsel who had failed to comply with
Your Honor's orders, to proceed to take actions and make impermissible statements on behalf of
foreign Kaprun victims and survivors. *See excerpts from Sept. 28, 2007 transcript.*

The above are but a few examples of the reasons why the foreign Kaprun victims and survivor
Plaintiffs, as represented by European and Japanese Cooperating Counsel, and foreign Kaprun
survivor and victims family representatives, Mr. Hantman (on this limited basis) and I believe
Your Honor (i) should vacate the Court's orders since June 19, 2007, (ii) permit the filing of
certain future Declarations and evidence under seal, and (iii) inform the Chief Judge that all
future proceedings in these cases, including consideration of the Rule 60 (b) Motions to be filed,
should be reassigned to another randomly assigned Judge.

Among the factors that should be considered by an impartial Judge in the upcoming Rule 60 (b)
Motions are the German Prosecutor's and Court's Official Findings issued on Sept. 25, 2007 that
GBK, officials of Republic of Austria, persons involved with the Austrian Criminal Court

--------------------------

## EDWARD D. FAGAN ESQ.

*Hon. Shira A. Scheindlin USDJ –13 December 2007 Pre-Motion Conference Letter –Page 4*
*Re:In Re:Ski Train Fire in Kaprun Austria on November 11, 2000, MDL # 1428 (SAS)(THK): Blaimauer*
*et al v. Omniglow et al. 03-CV-8960 (SAS)(THK); Geier et al v. Omniglow et al. 03-CV-8961*
*(SAS)(THK); Mitsumoto et al v. Republic of Austria et al. 06-CV-2811 (SAS)(THK); Mitsumoto et al v.*
*Robert Bosch Corp et al 07-CV-935 (SAS)(THK); Stadman et al v. Austrian National Tourist Office*
*et al 07-3881 (SAS)(THK); Ferk et al v. Omniglow Corporation et al 07-cv-4104 (SAS)(THK)*

------------------------------

process, including certain "experts" assigned to the case, who allowed or caused the destruction of evidence that led to an improper outcome in the Austrian Criminal Trial.  Such findings are precisely what witnesses Schwartz and Steiner, European and Japanese counsel and Kaprun victims, survivors and/or representatives and I tried to tell Your Honor. These findings are exactly what were explained to Your Honor in the multiple submissions related to the Rule 60 (b) Motion against GBK and others. The un-controverted facts also show (i) why the June 19, 2007 Order in which Your Honor concluded that Austria was an adequate alternate forum and (ii) why many of the "facts" or conclusions in the Aug. 16, 2007 Order upon which Your Honor concluded that I should be disqualified and then sanctioned were erroneous.  *See excerpts from Aug. 16th Order related to Schwartz and Steiner depositions and GBK destruction of evidence.*

These issues alone should be sufficient for Your Honor to recognize that *vacatur* of the prior Orders and recusal is the only way to insure that all future Motions, filings and ultimately the trial proceedings of Kaprun victims and survivors, as well as Defendants, will receive fair, impartial and unbiased consideration based on the merits and the objective evidence.

Another important factor that will be submitted in support of the Motion is that despite the Sept. 25, 2007 Official Findings of the German Prosecutor and Court related to confirmed destruction, spoliation and concealment of evidence by GBK and others, the Austrian Criminal Process will not be re-opened.  No action will be taken against GBK and the others involved with the concealment and spoliation of evidence.  In Austria, Kaprun victims and survivors have no independent cause of action for destruction, spoliation and concealment of evidence as they have in the US and therefore they can only pursue this cause of action in New York.  That fact raises yet another insurmountable obstacle to Kaprun victims and survivors' ability to get a fair trial, and impartial consideration of motions, with counsel of their choice, given the Court's history of bias, prejudice and improper pre-judging (albeit incorrectly) of the merits of their claims and supporting arguments since April 2007.

The Aug. 16, 2007 Order „pre-judged" Kaprun victims and survivors Motion for Reconsideration, confirmed its bias against their claims, their Cooperating Foreign counsel and me.  The Court did this by stating that the actions taken on behalf of Kaprun victims and survivors satisfied the standards for imposition of sanctions and denial of motions because the Court wrongly concluded that *"bad faith test facts related to several insupportable bias recusal motions . . . repeated motions to reargue and continually engaging in obfuscation of issues, hyperbolism and groundless presumptions in addition to insinuating the court [is] biased . .* were met.  *See excerpts from Aug. 16, 2007 Order.* The Court's bias against me was further demonstrated by references to *"alimony and child support"* issues the inclusion of which I submit was unnecessary and inappropriate. *See excerpts from Aug. 16, 2007 Order.* Your Honor's inclusion in the Aug. 16, 2007 Order of language in which Your Honor was publicly referring *"this matter to the Court's Disciplinary Committee"* was similarly unnecessary and potentially tviolative of Local Rules about *"complaints"* to Court's Committee on Discipline and confidentiality provisions of *Local rule 1.5 (d) (3).*

------------------------------
Appendix C - 32

**EDWARD D. FAGAN ESQ.**

*Hon. Shira A. Scheindlin USDJ –13 December 2007 Pre-Motion Conference Letter –Page 5*
*Re:In Re:Ski Train Fire in Kaprun Austria on November 11, 2000. MDL # 1428 (SAS)(THK): Blaimauer*
*et al v. Omniglow et al, 03-CV-8960 (SAS)(THK): Geier et al v. Omniglow et al, 03-CV-8961*
*(SAS)(THK): Mitsumoto et al v. Republic of Austria et al, 06-CV-2811 (SAS)(THK): Mitsumoto et al v.*
*Robert Bosch Corp et al 07-CV-935 (SAS)(THK): Stadman et al v. Austrian National Tourist Office*
*et al 07-CV-3881 (SAS)(THK): Ferk et al v. Omniglow Corporation et al 07-cv-4104 (SAS)(THK)*

-----------------------------

Your Honor 's Aug. 16, 2007 Opinion and Order to disqualify me, in a Motion that had been
previously and expressly mooted, and in which Your Honor openly proclaimed that you were
reporting me to the Disciplinary Committee of this Court, caused the issues between us to be
more than just a lawyer with whom the Court had differences. Your Honor became an adversary
not just against me but against the Kaprun victims and survivors' for whom the Court was to be
impartial.

Your Honor also become a witness in relation to whatever may or may not occur in the Southern
District Disciplinary Committee based on Your Honor's public referral and "complaint",
pursuant to Local Rule 1.5 (d) (4).

The Court's opinions about me are/were factually and legally wrong. The Court's negative
opinions about my alleged motives, interests, conflicts and abilities to litigate these claims
are/were also wrong and were made without proper findings of fact and/or are/were unsupported
by objective facts. When Your Honor raised your voice and made improper comments about or
directed at me at the April 25, 2007 Conference and then again at the July 11, 2007 Conferences,
I should have made an immediate record of such inappropriate actions. *See Exhibit attached.*
When Your Honor accused me of "*hullicinating*", and suggested that I committed a "*felony*",
out or respect for the Court, I held my tongue. I did not at that time on the record but I do have
witnesses who will come forward at the appropriate time. When Your Honor accused me of
committing "crimes", I should have responded forcefully and immediately. When Your Honor
challenged my motives I should have challenged the Court. When Your Honor behaved in
ways that have been reported about Your Honor's conduct in the 2007 publication, Vol, 1 of the
Almanac of Federal Judiciary, I should have made an instantaneous record. *See Exhibit.*

Perhaps as the Court sought to attack me, I should have responded more aggressively. I chose
not to do so in the hopes that my silence would protect my clients' claims. Again I was wrong. I
should have spoken up before now. I should have proudly reminded the Court that I have
devoted my life's work to the fight for victims' justice. I have not won every Court case but I
have always litigated the cases and at time even against some of the biggest firms in the world.
In particular, have spent the last 12 years of my life for fighting victims' many of whom had no
one but me to fight for them. And, I spent the last 7 years of my life fighting for Kaprun victims
and survivors. As an officer of the Court with over 25 years of experience I have always tried to
show my respect for the Judiciary, respect for the institution of the Court and respect for Your
Honor. I did so even as Your Honor attacked me. I believed that if I held my tongue and
restrained my clients' from speaking out, that Your Honor would come to her senses and realize
how wrong you were and see the objective evidence that was being presented to you. I was
wrong and the issues can and should no longer be restrained.

Kaprun victims and survivors are in *extremis*. Your Honor's actions are making matters worse.
It is therefore now incumbent upon Kaprun victims and survivors, my colleague European and

EDWARD D. FAGAN ESQ.

*Hon. Shira A. Scheindlin USDJ –13 December 2007 Pre-Motion Conference Letter –Page 6*
*Re:In Re:Ski Train Fire in Kaprun Austria on November 11, 2000. MDL # 1428 (SAS)(THK): Blaimauer*
*et al v. Omniglow et al. 03-CV-8960 (SAS)(THK); Geier et al v. Omniglow et al. 03-CV-8961*
*(SAS)(THK); Mitsumoto et al v. Republic of Austria et al. 06-CV-2811 (SAS)(THK); Mitsumoto et al v.*
*Robert Bosch Corp et al 07-CV-935 (SAS)(THK); Stadman et al v. Austrian National Tourist Office*
*et al 07-cv-3881 (SAS)(THK): Ferk et al v. Omniglow Corporation et al 07-cv-4104 (SAS)(THK)*

----------------------------

Japanese counsel and the victim and survivor family representatives and me to take these actions. With this evidence and record, Kaprun victims and survivors have to withstand lengthy appeals process just to show Your Honor's decisions since April 2007 must be vacated. Some Kaprun victims and survivors have suffered strokes, heart attacks, others contracted diseases or debilitating physical and/or emotional illnesses, others are diagnosed with cancer, others suffer from difficult financial circumstances and have difficulty sustaining themselves and their families, other families live at poverty level, having lost businesses or primary person supporting the family, and all families are permanently traumatized for the rest of their lives due to the Kaprun disaster. Their situation calls for immediate action and I submit the first step is the Court granting the relief sought herein.

Your Honor's comment in the Sept. 28, 2007 Telephone Conference in which you stated to Defendants' counsel *"see you next year"* - an obvious reference to how long the appeals process would take - demonstrated the type of callous indifference to the Kaprun victims claims that I submit led or contributed to years of confusion and delay in bringing these cases to conclusion. Instead, of moving the cases forward, the Court choose to simply attempt to send Kaprun victims and survivors claims to Austria where as the Court knows, the cases are *"dead on arrival"*.

The Kaprun victims and survivors cannot and should not have to wait any longer for the justice and due process, that has been deprived them, in no small part by Your Honor's bias, prejudice, extra-judicial contacts, and legally and factually erroneous rulings.

After April 25, 2007, Your Honor's opinions of the claims and counsel were tainted, biased and prejudiced against Kaprun victims and survivors. Your Honor's duty was to expedite resolution of the claims after impartial consideration of objective evidence properly before the Court. However, that is not what happened. Your Honor formed certain beliefs including how to force a settlement of the cases. Then Your Honor sought to impose these beliefs on Kaprun victims and survivors. Your Honor did this by entering Orders that were unsupported by objective facts and law. Your Honor formed these erroneous beliefs after entertaining extra-judicial contacts with non-party hostile witness Dr. Johannes Stieldorf. Dr. Stieldorf sought to and did in fact poison Your Honor's mind toward the merits of Kaprun victims and survivors' claims and to motives of everyone else in the case – except of course his own motives. As a result of these extra-judicial and improper contacts, Your Honor took actions to force Kaprun victims and survivors with legitimate claims in the United States to have to go to Austria, which the Court knew provided no forum. The Court did this because that is where the extra judicial and hostile witness Stieldorf told Your Honor that Kaprun victims and survivors would be better off. Your Honor's actions since April 2007 can be traced directly to these extra-judicial contacts with this particular non-party hostile witness and to the misleading and prejudicial information he provided to the Court. The Sept. 25, 2007 official findings of the German Prosecutor and Court also support Kaprun victims and survivors' prior statements that the information given to Your Honor in these extra-judicial contacts were false and should never have been considered.

----------------------------

**EDWARD D. FAGAN ESQ.**

*Hon. Shira A. Scheindlin USDJ –13 December 2007 Pre-Motion Conference Letter –Page 7*
*Re:In Re:Ski Train Fire in Kaprun Austria on November 11, 2000, MDL # 1428 (SAS)(THK); Blaimauer*
*et al v. Omniglow et al. 03-CV-8960 (SAS)(THK); Geier et al v. Omniglow et al. 03-CV-8961*
*(SAS)(THK); Mitsumoto et al v. Republic of Austria et al. 06-CV-2811 (SAS)(THK); Mitsumoto et al v.*
*Robert Bosch Corp et al 07-CV-935 (SAS)(THK); Stadman et al v. Austrian National Tourist Office*
*et al 07-cv-3881 (SAS)(THK); Ferk et al v. Omniglow Corporation et al 07-cv-4104 (SAS)(THK)*

--------------------------------

Declarations can be submitted to show how Court decisions since April 2007 were based on/influenced by information the Court should never have considered. Declarations can also be submitted to show how Your Honor's improper and erroneous rulings appear to have been an attempt to force the parties to discuss settlement in Austria rather than to deal with the US claims in the Court where they were pending and based upon applications made to compel the parties to return to Judge Katz or to have a Special Master appointed. *See excerpts from Aug. 2006 Hearing and Feb. 2007 Motions related to appointment of a Special Master.*

The Kaprun claims have been a procedural nightmare that could have been cured had the Court issued proper and formal consolidation and kept track of pending Motions and remembered what happened from one Conference to another. The problems were compounded by Your Honor's failure to recall rulings made, delay in the entry of rulings, failure to issue formal rulings and findings of fact, failing to understand the authority and standing given pursuant to Powers of Attorney, indulging Defendants in filing piecemeal and duplicative Motions and failing to cause rulings to be entered and properly docketed in all cases. *See excerpts from Dockets.*

At the beginning of the Kaprun cases, I believed Your Honor was capable of putting the best interests of Kaprun victims and survivors, and indeed all parties' rights, ahead of other issues. Until April 2007, the Court demonstrated no bias or prejudice against Kaprun victim and/or survivor claims, European and Japanese Cooperating Counsel or victims and/or survivors representatives or me. However, in the last year, Your Honor's actions were filled with bias, prejudice and an inability to impartially consider objective evidence or to move the cases.

These cases could and should have been over by now or at least assigned out for trial. I submit that they can still be over or assigned out for trial in less than one (1) year. However, that can only happen, if Your Honor immediately recuses herself so that an independent Judge can proceed with the vacatur of Your Honor's rulings and setting the cases down for trials.

Authority for the Court's recusal was provided in support of prior Recusal Motions pursuant to 28 USC §§ 144 & 455, copies of which are incorporated herein by reference. *See Affidavits of Bias by Dr. Bernd Geier, Dr. Toichiro Kigaw filed in June, July and Aug. 2007. Based on the new facts and evidence mentioned above, and Your Honor's actions since Aug. 16, 2007, additional authority for Your Honor's recusal can be found in the following cases. See Sobel v. Yeshiva University 839. F. 2d 18, 37 (2nd Cir. 1988). In Re Neuman. 124 B. R. 155, 160 (S.D.N.Y. 1991 – Judge Wood); Davis & Cox v Summa Corp. 751 F.2d 1507. 1523-1524 (9th Cir. 1985); Matter of Yagman 796 F. 2d 1165, 1187-1188 (9th Cir. 1986); and Standing Committee v. Yagman 55 F.3d 1430, 1442-1445 (9th Cir. 1995).*

With the evidence since April 2007 and as reinforced by the Sept. 25, 2007 Official Findings of German Prosecutor, Plaintiffs European and Japanese Cooperating counsel and/or Kaprun victims, survivors and/or their representatives and I are now ready to speak out against what we all believe are/were Your Honor's improper actions. On behalf of us all, I submit the conclusion

--------------------------------

# EDWARD D. FAGAN ESQ.

*Hon. Shira A. Scheindlin USDJ –13 December 2007 Pre-Motion Conference Letter –Page 8*
*Re:In Re:Ski Train Fire in Kaprun Austria on November 11, 2000, MDL # 1428 (SAS)(THK); Blaimauer et al v. Omniglow et al, 03-CV-8960 (SAS)(THK); Geier et al v. Omniglow et al, 03-CV-8961 (SAS)(THK); Mitsumoto et al v. Republic of Austria et al, 06-CV-2811 (SAS)(THK); Mitsumoto et al v. Robert Bosch Corp et al 07-CV-935 (SAS)(THK); Stadman et al v. Austrian National Tourist Office et al 07-cv-3881 (SAS)(THK); Ferk et al v. Omniglow Corporation et al 07-cv-4104 (SAS)(THK)*

---------------------------

of the 9th Circuit in *Standing Committee v. Yagman, supra,* is instructive.  In reversing sanctions against attorney Yagman imposed by District Judge Real, the 9th Circuit panel stated:

> *We can't improve on the words of Justice Black in Bridges, 314, US at 2701-71, 62 S.Ct. at 197-98 (footnote omitted):*
> *The assumption that respect for the judiciary can be won by shielding judges from public criticism wrongly appraises the character of the American public opinion.  For it is a prized American privilege to speak one's mind, although not always with perfect good taste, on all public institutions.  And, and enforced silence, however limited, solely in the name of preserving the dignity of the bench, would probably engender resentment, suspicion and contempt much more than it would enhance respect.*
>
> *See Standing Committee v Yagman, supra at page. 1445.*

We submit that the objective evidence shows that Your Honor has been wrong since April 2007. We further submit that the evidence also shows that Your Honor rulings were fashioned around or predicated upon an inappropriate opinion of how to get rid of the cases and opinions of what is/was in the best interests of the Kaprun victims and survivors, and also depriving them of due process.  Such decisions were not Your Honors to make, they were not within the scope of Your Honor's authority as the trial judge in these cases and they were contrary to the facts, evidence and objective record and history of these cases.

For all the above reasons, Your Honor simply should not sit on any of these cases.  Your Honor should simply recuse herself now without forcing the Kaprun victim and survivor plaintiffs and their representatives, the European and Japanese Cooperating Counsel, Mr. Hantman and I to renew the Recusal Motion based on these new facts and circumstances.

This suggestion is made so the parties can avoid the lengthy and increasingly frustrating process of having to litigate these issues in a Court that will not give them fair consideration.  I make this suggestion because it is in the best interests of the District Court, the Court of Appeals and even Your Honor's interests.  An immediate recusal would promote the expeditious and effective administration of justice by saving the Courts and the parties lengthy and heated Motion practice and unnecessary judicial and/or administrative inquiries into anyone's conduct. Finally and perhaps most importantly, Your Honor's recusal would allow Kaprun victims and survivors to have cases that languished (in part because of Your Honor's erroneous rulings) to finally come to an expeditious end, which would save unnecessary waste of additional months and years in the District Court and in the Court of Appeals.

Therefore, to save the District Court, the Court of Appeals and even potentially the persons who sit on the Disciplinary Committee of the District Court to which you publicly referred me in the Aug. 16, 2007 Opinion and Order, I urge Your Honor to :

---------------------------

EDWARD D. FAGAN ESQ.

Hon. Shira A. Scheindlin USDJ –13 December 2007 Pre-Motion Conference Letter –Page 9
Re: In Re: Ski Train Fire In Kaprun Austria on November 11, 2000, MDL # 1428 (SAS)(THK); Blaimauer et al v. Omniglow et al, 03-CV-8960 (SAS)(THK); Geier et al v. Omniglow et al, 03-CV-8961 (SAS)(THK); Mitsumoto et al v. Republic of Austria et al, 06-CV-2811 (SAS)(THK); Mitsumoto et al v. Robert Bosch Corp et al 07-CV-935 (SAS)(THK); Stadman et al v. Austrian National Tourist Office et al 07-cv-3881 (SAS)(THK); Ferk et al v. Omniglow Corporation et al 07-cv-4104 (SAS)(THK)

-----------------------------

- Consider the *sua sponte* vacatur of all Orders since June 2007;

- Recuse yourself from these cases and inform the Chief Judge that the cases should be expeditiously randomly reassigned to another Judge before whom Plaintiffs' Rule 60 (b) Motions can be brought;

- Directing the parties to submit any opposition to this letter by December 19, 2007; or

- Convening an expedited pre-Motion Conference so that a proper record can be made upon which to base the request for expedited relief.

And, as always, thank you for the Court's continued attention and time in these cases.

Respectfully submitted,

Edward D. Fagan

EDF/
Attachments provided with the hard copy of this letter

Ccs:    All counsel of record – Via Electronic Delivery
        Foreign Plaintiffs' Counsel of Record in all cases
        Robert Hantman Esq