EXHIBIT   18

# EDWARD D. FAGAN ESQ.

Five Penn Plaza, 23rd Floor, New York, NY 10001
Tel # (646) 378-2225, New Fax # (646) 304-6446
New Email Address: ed.fagan@global-litigation-partners.com

*Via Fax (212) 805-7920*                    Wednesday 2 January 2008
Honorable Shira A. Scheindlin USDJ
United States District Court
Southern District of New York
500 Pearl Street, Chambers, Room 1620
New York, NY 10007

Re: *Ski Train Fire in Kaprun Austria on Nov. 11, 2000, MDL # 1428 (SAS); Blaimauer et al v.
Cyalume et al. 03-CV-8960(SAS); Geier et al v. Cyalume et al, 03-CV-8961 (SAS);
Mitsumoto et al v. Republic of Austria et al, 06-CV-2811(SAS); Mitsumoto et al v. Robert
Bosch Corp et al 07-CV-935(SAS); Stadman et al v. Austrian National Tourist Office et
al 07-cv-3881 (SAS)(THK); & Ferk et al v. Omniglow Corp. et al 07-cv-4104 (SAS)
(collectively "Kaprun Cases") and Fagan v. Lowy et al 07-cv-10293 ("Fagan v. Lowy")*

Honorable Judge:

I write out of my respect for Your Honor, the Court and as an additional courtesy to Your Honor
for the years of work in *The Kaprun Cases*. I am in receipt of Your Honor's Dec. 28. 2007
Order (entered Jan. 2, 2008) in the matter entitled *Fagan v. Lowy et al 07-cv-10293 (See
attached)*. In that Order, after reviewing the Motion (Doc. # 5) in *The Fagan v. Lowy Case*, Your
Honor recognized the need for *sua sponte* recusal pursuant to 28 USC § 455 (a).

After reviewing the Dec. 28, 2007 Order in *The Fagan v. Lowy Case*, it appears that Your
Honor intended to recuse herself in all related cases, including all of the cases marked as related
under *The Kaprun Cases* Master Docket in 01-md-1428 *(See attached Docket Sheets)*. However,
that Order has not yet been entered and this has been a problem in the past in the related cases.

For the reasons set forth below, and so there is an appropriate record, I submit the following facts
as the basis for Your Honor to please contact the Clerk to direct the expedited entry of an Order
memorializing Your Honor's *sua sponte* recusal in *The Kaprun Cases* Master Docket.  As the
Court recognized, and to insure for a complete record, the basis for "recusal" include:

- *The Fagan v Lowy Case* and *The Kaprun Cases* are related cases *(See Docket Entries)*
  and the Court has already recused itself in one related case;

- Prior to accepting *The Fagan v Lowy Case* as related to *The Kaprun Cases* Your Honor
  reviewed the Confidential, Attorney Client, Attorney Work Product Communications
  related to litigation and appeals strategy, discussion of some of Your Honor's actions,
  Orders and/or rulings and other matters *(See Notice of Removal in The Fagan v. Lowy
  Case and references to Confidential Documents / Emails between me and Kaprun victims,
  survivors and Cooperating Counsel, also referenced in Doc. # 5)*; and

- In the Motion that led to Your Honor's recusal in *The Fagan v. Lowy Case* it was
  explained that Your Honor should recuse yourself in *The Fagan v. Lowy Case* and *The
  Kaprun Cases*. It was specifically explained that the need for recusal was because of

---------------------------
Appendix C - 38

# EDWARD D. FAGAN ESQ.

*Hon. Shira A. Scheindlin USDJ –2 Jan. 2008 Letter –Page 2*
*Re:    In Re:Ski Train Fire in Kaprun Austria on Nov. 11, 2000, MDL # 1428 (SAS): Blaimauer et al v.*
*Omniglow et al, 03-CV-8960 (SAS); Geier et al v. Omniglow et al, 03-CV-8961 (SAS);*
*Mitsumoto et al v. Republic of Austria et al, 06-CV-2811 (SAS); Mitsumoto et al v. Robert Bosch*
*Corp et al 07-CV-935 (SAS); Stadman et al v. Austrian National Tourist Office et al 07-cv-3881*
*(SAS); Ferk et al v. Omniglow Corp. et al 07-cv-4104 (SAS); Fagan v. Lowy 07-cv-10293 (SAS)*

---------------------------

events that occurred within the last few weeks/months and that recusal was necessary so
that issues related to evidence preservation and Rule 60 (b) Motions in *The Kaprun Cases*
could proceed expeditiously and based on the new evidence and facts that should lead to
relief from Your Honor's June 19, 2007, August 16, 2007, October 24, 2007 and
subsequent Orders. The December 13, 2007 Letter in which these, and other, issues for
recusal were spelled-out in greater detail was part of the Motion that led to Your Honor's
*sua sponte* recusal today *(See Exh. 2 to Doc. 5).*

Your Honor should note that on a personal and professional basis, I am sorry that Plaintiff
Kaprun victims, survivors and/or their representatives, the European & Japanese Cooperating
Counsel and I were forced to make and/or raise these serious procedural issues, especially issues
in which we were forced to request that the Court recuse itself, as it now appears to have done.
However, we were compelled to do so because of the urgent developments related to evidence
preservation, the need to have expedited consideration of Rule 60 (b) Motions and because of the
*extremis* with which Kaprun victims, survivors and their families suffer (some of which was
explained in the Dec. 13, 2007 letter).

I am also emboldened by Your Honor's own words when the Court was considering the
previously pending Motion for Reconsideration in response to the urging of Defendants' Counsel
Brant Bishop for Siemens Transportation Systems, who was trying to get Your Honor to adhere
to beliefs, which at that time the Court appeared to believe merited "reversal" of the June 19,
2007 Forum decision.   Your Honor's words were

*"I am not worried about procedural niceties.  I am interested in doing justice."*
*(See attached excerpt of Trans. July 11, 2007 page 33, line 17 -18).*

I respectfully submit that once Your Honor recused yourself *sua sponte* from one related case
and based on the evidence and facts presented in the Motion *(Doc. # 5 in The Fagan v Lowy
Case)* a companion and/or separate Order should have been issued/entered in all related cases.

Based on the Dec. 21, 2007 Order, and prior to learning of the Dec. 28, 2007 recusal Order,
Plaintiff Kaprun victims, survivors and their family representatives, Cooperating European &
Japanese counsel and I were preparing a Motion and/or Application for Issuance of an
Emergency Writ of Mandamus, directing that the cases be returned to the District Court related
to evidence preservation and Rule 60 (b) Motions in *The Kaprun Cases* could proceed
expeditiously. Your Honor's *sua sponte* recusal Order today either obviated the need for or
underscores the need for such an application. Therefore, on behalf of Kaprun victims, survivors
and representatives for whom justice has so long been delayed and for whom Your Honor once
said she was *"interested in doing justice"*, I urge Your Honor to enter the appropriate companion
Recusal Order in *The Kaprun Cases* under the Master Docket 01-md-1428 which would avoid
the necessity of the filing of such a Motion or application for issuance of an Extraordinary Writ.

---------------------------
Appendix C - 39

**EDWARD D. FAGAN ESQ.**

*Hon. Shira A. Scheindlin USDJ –2 Jan. 2008 Letter –Page 3*
*Re:    In Re:Ski Train Fire in Kaprun Austria on Nov. 11, 2000, MDL # 1428 (SAS); Blaimauer et al v.*
       *Omniglow et al, 03-CV-8960 (SAS); Geier et al v. Omniglow et al, 03-CV-8961 (SAS);*
       *Mitsumoto et al v. Republic of Austria et al, 06-CV-2811 (SAS); Mitsumoto et al v. Robert Bosch*
       *Corp et al 07-CV-935 (SAS); Stadman et al v. Austrian National Tourist Office et al 07-cv-3881*
       *(SAS); Ferk et al v. Omniglow Corp. et al 07-cv-4104 (SAS); Fagan v. Lowy 07-cv-10293 (SAS)*

----------------------------

**Facts Showing Recusal Warranted, and if required, Application to Circuit will be Based**
The reasons why Your Honor's impartiality must be questioned and why Your Honor should
recusal yourself *sua sponte* in related *The Kaprun Cases* include among other things:

| | |
|---|---|
| (i) | The Dec. 28, 2007 Recusal Order in the related *Fagan v. Lowy Case;* |
| (ii) | The urgent evidence preservation and Rule 60 (b) Motions that need to be made in The Kaprun Cases; |
| (iii) | Your Honor's extra-judicial contact with non-party hostile witness Stieldorf; |
| (iv) | Your Honor's April 25, 2007 promises to consider facts and evidence submitted by non-party hostile fact witness Stieldorf in Court's disposition of pending Motions including those related to evidence issues; |
| (v) | Your Honor's June 6, 2007 ex-parte communication with former employee Richard Rose of Defendant Omniglow who was to testify related to evidence preservation, spoliation and concealment of causes of action; |
| (vi) | Your Honor's refusal to accept Declarations from Plaintiffs' authorized representatives related to matters including preservation, spoliation and concealment of evidence, concealment of causes of action, and interference with and/or intimidation of witnesses; |
| (vii) | Your Honor's refusal to accept and correct errors, both legal and factual, when they are/were repeatedly pointed out by Plaintiffs; |
| (viii) | Your Honor's refusal to rule on pending evidence preservation and/or spoliation Motions dating back to Jan. 2007; |
| (ix) | Your Honor's Oct. 24, 2007 Order and erroneous conclusions of fact alleging Plaintiffs failed to comply with Court Orders, which issues were discussed in Confidential and Privileged Emails that Your Honor reviewed in *The Fagan v Lowy Case*, and despite the Oct. 16, 2007 letters that were submitted to Your Honor in accordance with the Aug. 16, 2007 Order; |
| (x) | Your Honor's disruption of the Motion for Reconsideration, after Oral Argument, at the end of the briefing schedule by disqualifying Ed Fagan, Plaintiffs' counsel of record, the only counsel with knowledge of the relevant facts and the ability to complete the Motion in a seven year old case and counsel for whom Plaintiffs' explained they have no conflicts; |
| (xi) | Your Honor's convening of the Sept. 28, 2007 Conferences with James Lowy and demand of information from a lawyer whom Your Honor knew had not demonstrated his purported authority to act for Plaintiffs and who had not complied with Your Honor's Aug. 16, 2007 Order; |
| (xii) | Your Honor's review of Confidential, Attorney Client, Work Product and Privileged Communications / Emails submitted to by James Lowy, that were between Plaintiffs, European & Japanese Cooperating Counsel and me related to matters in the District Court and litigation / appellate strategy; |

----------------------------
Appendix C - 40

# EDWARD D. FAGAN ESQ.

*Hon. Shira A. Scheindlin USDJ –2 Jan. 2008 Letter –Page 4*
*Re:    In Re:Ski Train Fire in Kaprun Austria on Nov. 11, 2000, MDL # 1428 (SAS); Blaimauer et al v.*
       *Omniglow et al. 03-CV-8960 (SAS); Geier et al v. Omniglow et al. 03-CV-8961 (SAS);*
       *Mitsumoto et al v. Republic of Austria et al. 06-CV-2811 (SAS); Mitsumoto et al v. Robert Bosch*
       *Corp et al 07-CV-935 (SAS); Stadman et al v. Austrian National Tourist Office et al 07-cv-3881*
       *(SAS); Ferk et al v. Omniglow Corp. et al 07-cv-4104 (SAS); Fagan v. Lowy 07-cv-10293 (SAS)*

-----------------------------

     (xiii)        Your Honor's creation of adversarial relationship between the District
                  Court and Plaintiffs and/or Plaintiffs' counsel Fagan by "complaining"
                  about Plaintiffs' counsel to the District Court Disciplinary Committee; and

     (xiv)        Your Honor's repeated rejection and refusal to consider Plaintiffs' claims,
                  arguments and evidence related to spoliation, destruction and concealment
                  of evidence and causes of action. and instances of interference and/or
                  intimidation of witnesses, and the Motions related to these issues.

### Summary of Authority to Support Reassignment

As Your Honor knows the issue of evidence preservation and/or spoliation has been a matter that has already been to the 2nd Circuit and in March 2006, pending an Appeal, the Circuit remanded the cases to the District Court to address evidence preservation issues. *See Doc. # 74 in 01-md-1428).*

The Court of Appeals has authority to remand The Kaprun Cases to a Different District Court Judge to deal with issues related to (i) evidence preservation, spoliation and sanctions, (ii) the Rule 60 (b) Motions and (iii) supplementing the record on appeals, and is appropriate for *"both for the judge's sake and the appearance of justice," See United States v. Schwarz, 500 F.2d 1350, 1352 (2d Cir. 1974).* It is also *"salutary and in the public interest, especially as it minimizes even a suspicion of partiality". See United States v. Simon, 393 F.2d 90, 91 (2d Cir. 1968).* Such a reassignment helps reduce the potential issues in future appeals insofar as the record in this case is that the presently assigned District Judge has repeatedly adhered to erroneous view, despite the fact that the errors were repeatedly called to her attention. *See United States v. Brown, 470 F.2d 285, 288 (2d Cir. 1972).*

By having The Kaprun Cases remanded and reassigned to another judge we would avoid *"an exercise in futility [in which] the Court is merely marching up the hill only to march right down again". United States v. Robin, 553 F.2d 8, 11 (2d Cir.1977) (en banc), See Also United States v. Tucker, 404 U.S. 443, 452, 92 S.Ct. 589, 594, 30 L.Ed.2d 592 (1972).*

### 2nd Circuit Authority to Remand Kaprun Cases to Different District Court Judge

In considering remanding a case to a different District Court Judge, the Circuit Court need not make a finding of bias or prejudice. The Court can simply consider the length of the proceedings below and the record and still conclude that remand to a different district judge is appropriate. *See Sobel v. Yeshiva University, 839 F.2d 18 (2nd Cir. 1988). See also United States v. Spears, 827 F.2d 705, 709 (11th Cir. 1987) (where district judge apparently evidenced bias against a party, reassignment was ordered); In re Matter of Yagman. 796 F.2d 1165, 1188 (9th Cir. 1986) (even where circuit court rejects contention district court was biased as ground for reversal, and does not doubt district judge's "ability to act fairly", remand to new judge "necessary to preserve the appearance of justice"); Davis & Cox v. Summa Corp., 751 F.2d*

-----------------------------

EDWARD D. FAGAN ESQ.

*Hon. Shira A. Scheindlin USDJ –2 Jan. 2008 Letter –Page 5*
*Re:    In Re:Ski Train Fire in Kaprun Austria on Nov. 11, 2000, MDL # 1428 (SAS); Blaimauer et al v.*
*Omniglow et al, 03-CV-8960 (SAS); Geier et al v. Omniglow et al, 03-CV-8961 (SAS);*
*Mitsumoto et al v. Republic of Austria et al, 06-CV-2811 (SAS); Mitsumoto et al v. Robert Bosch*
*Corp et al 07-CV-935 (SAS); Stadman et al v. Austrian National Tourist Office et al 07-cv-3881*
*(SAS); Ferk et al v. Omniglow Corp. et al 07-cv-4104 (SAS); Fagan v. Lowy 07-cv-10293 (SAS)*

----------------------------

*1507, 1523 (9th Cir. 1985) ("A district court judge's adamance in making an erroneous ruling*
*may justify remanding the case to a different judge.").*

In determining remand to a new district court judge the Court is to consider (i) whether
the original judge would reasonably be expected upon remand to have substantial difficulty in
putting out of his or her mind previously-expressed views or findings determined to be erroneous
or based on evidence that must be rejected, (2) whether reassignment is advisable to preserve the
appearance of justice, and (3) whether reassignment would entail waste and duplication out of
proportion to any gain in preserving the appearance of fairness. *See United States v. Arnett, 628
F.2d at 1165 (quoting United States v. Robin, 553 F.2d at 10).* The first two of these factors are
of equal importance, and a finding of one of them could support a remand to a different judge.
*See United States v. Alverson, 666 F.2d 341, 349 (9th Cir. 1982).*

As the Court said in *United States v. Robin 553 F.2d 8 (2nd Cir. 1977)*:
> *As a general rule, cases sent back to a district court for further*
> *proceedings are remanded without any directions or suggestions as to the*
> *judge before whom they are to be conducted. That matter is properly left to*
> *the district court. However, in a few instances there may be unusual*
> *circumstances where "both for the judge's sake and the appearance of*
> *justice," see United States v. Schwarz, 500 F.2d 1350, 1352 (2d Cir. 1974), an*
> *assignment to a different judge "is salutary and in the public interest,*
> *especially as it minimizes even a suspicion of partiality", see United States v.*
> *Simon, 393 F.2d 90, 91 (2d Cir. 1968). In such circumstances remand does*
> *not imply any personal criticism of the trial or sentencing judge. Absent proof*
> *of personal bias requiring recusation, Title 28 U.S.C. § 144, the principal*
> *factors considered by us in determining whether further proceedings should*
> *be conducted before a different judge are (1) whether the original judge*
> *would reasonably be expected upon remand to have substantial difficulty in*
> *putting out of his or her mind previously-expressed views or findings*
> *determined to be erroneous or based on evidence that must be rejected, (2)*
> *whether reassignment is advisable to preserve the appearance of justice, and*
> *(3) whether reassignment would entail waste and duplication out of*
> *proportion to any gain in preserving the appearance of fairness.*
>
> *Where a judge has made detailed findings based on evidence erroneously*
> *admitted or factors erroneously considered, the circumstances sometimes are*
> *such that upon remand he or she either cannot reasonably be expected to*
> *erase the earlier impressions from his or her mind or may tend to lean over*
> *backwards or overreact in an effort to be fair and impartial. A new fact-finder*
> *would not labor under any such handicap . . . The seriousness of this problem*
> *in any particular case will depend upon a number of factors, including the*
> *nature of the proceeding, the firmness of the judge's earlier-expressed views*
> *or findings, and the reasons for the reversal . . . . (another) factor bearing*

## EDWARD D. FAGAN ESQ.

*Hon. Shira A. Scheindlin USDJ –2 Jan. 2008 Letter –Page 6*
*Re:     In Re:Ski Train Fire in Kaprun Austria on Nov. 11, 2000, MDL # 1428 (SAS); Blaimauer et al v.*
*Omniglow et al, 03-CV-8960 (SAS); Geier et al v. Omniglow et al. 03-CV-8961 (SAS);*
*Mitsumoto et al v. Republic of Austria et al. 06-CV-2811 (SAS); Mitsumoto et al v. Robert Bosch*
*Corp et al 07-CV-935 (SAS); Stadman et al v. Austrian National Tourist Office et al 07-cv-3881*
*(SAS); Ferk et al v. Omniglow Corp. et al 07-cv-4104 (SAS); Fagan v. Lowy 07-cv-10293 (SAS)*
---------------------------

> *upon whether to reassign to another judge is whether the retrial will be before*
> *the judge as a fact-finder or sitting with a jury. See O'Shea v. United States,*
> *491 F.2d 774, 779 (1ˢᵗ Cir.), overruled as to a different holding, Wingo v.*
> *Wedding, 418 U.S. 461, 473, n. 19, 94 S.Ct. 2842, 41 L.Ed.2d 879 (1974).*
> *Where the judge sits as the fact-finder, reassignment is the preferable course,*
> *since it avoids any rub-off of earlier error.*

In a multi-judge district such as the Southern District of New York where the necessity of retrial before the same judge is not present, the practice of retrial before a different judge *„ is salutary and in the public interest, especially as it minimizes even a suspicion of partiality . . . it outweighs any considerations of judicial economy and convenience, and is the (wise) practice ".* See *United States v. Simon, 393 F.2d 90, 91 (2nd Cir. 1968)* and *United States v. Mitchell, 354 F.2d 767, 769 (2 Cir. 1966).* And, *"(w)hile review after final judgment can (at a cost) cure the harm to a litigant, it cannot cure the additional, separable harm to public confidence that section 455 was designed to prevent."* School Asbestos, *977 F.2d at 776.*

> *"Section 455 reflects Congress's view that the adjudication of a case by a judge with an actual or apparent bias, is an 'abuse of judicial power,' because it is a threat to the integrity of the judicial system. Interlocutory review of disqualification issues on petitions for mandamus is both necessary and appropriate." Id. at 778 (citation omitted; emphasis in original); accord In Re International Business Machines Corp. 45 F. 3d 641 (2nd Cir. 1995), Alexander v. Primerica Holdings, Inc., 10 F.3d 155, 167 (3d Cir. 1993).*

Section 455 (a) is a broad, prophylactic recusal rule, which provides that a federal judge *"shall disqualify (herself) in any proceeding in which his impartiality might be reasonably questioned."* 28 U.S.C. § 455(a) (emphasis added); see also Judicial Conduct Code Canon 3C (*"Disqualification. A judge shall disqualify his/herself in a proceeding in which the judge's impartiality might reasonably be questioned . . ."*). By its terms, Section 455 states that disqualification is required whenever a judge's impartiality "might" be reasonably questioned. Thus, even the prospect of a reasonable question – such as has been demonstrated here - triggers the mandatory duties of Section 455.

In addition to the broad disqualification rule under Section 455(a), Section 455 (b)(1) provides that a judge *"shall disqualify (herself)"* when, among other things, she has *"personal knowledge of disputed evidentiary facts concerning the proceeding"* (28 U.S.C. § 455(b)(1)), which includes knowledge imputed to the judge from close advisors (K.L., 93 F.3d at 259). This disqualification rule is not another required element of disqualification for appearance of partiality under Section 455(a). It is an independent basis for disqualification. A *"finder of fact must be 'free from external causes tending to disturb the exercise of deliberate and unbiased*

---------------------------
Appendix C - 43

## EDWARD D. FAGAN ESQ.

*Hon. Shira A. Scheindlin USDJ –2 Jan. 2008 Letter –Page 7*
*Re:     In Re:Ski Train Fire in Kaprun Austria on Nov. 11, 2000, MDL # 1428 (SAS); Blaimauer et al v.*
*Omniglow et al, 03-CV-8960 (SAS); Geier et al v. Omniglow et al, 03-CV-8961 (SAS);*
*Mitsumoto et al v. Republic of Austria et al. 06-CV-2811 (SAS); Mitsumoto et al v. Robert Bosch*
*Corp et al 07-CV-935 (SAS); Stadman et al v. Austrian National Tourist Office et al 07-cv-3881*
*(SAS); Ferk et al v. Omniglow Corp. et al 07-cv-4104 (SAS); Fagan v. Lowy 07-cv-10293 (SAS)*

----------------------------

*judgment."" Price Bros. Co. v. Philadelphia Gear Co., 629 F.2d 444, 446 (6th Cir.*
*1980) (quoting Mattox v. United States, 146 U.S. 140, 149 (1892)).*

Recusal may in fact be the only option when " . . . *(the judge) chose not to disqualify*
*herself because she felt duty-bound to shepherd (an) extraordinarily complicated and protracted*
*litigation to its conclusion and out of concern about creating additional delay. These are both*
*laudable sentiments, and we must acknowledge that the newly assigned district judge will face a*
*gargantuan task in becoming familiar with the case. Nevertheless, a district judge may not sit*
*where (her) partiality may reasonably be questioned and the parties refuse to waive that objection.*
*Indeed, we believe that this episode is precisely the kind that Congress contemplated in*
*broadening section 455. If (the judge) were to continue presiding, the outcome of this massive,*
*important, and widely followed case would be shrouded with suspicion. Accordingly, we are*
*compelled to order (that the District Judge) disqualify herself. 977 F.2d at 784-785 (citation*
*omitted); see also Alexander, 10 F.3d at 166 (granting mandamus to disqualify judge who had*
*presided over case for four years).*

"(I)*rrespective of requirements of § 455(a), [the Circuit Court has] supervisory authority*
*to order this case reassigned to another district court judge" even without clear and indisputable*
factual showing which is ordinarily required for mandamus. *In Re International Business*
*Machines Corp, supra; Alexander, 10 F.3d at 167; see 28 U.S.C. § 2106, cited in Alexander, 10*
*F.3d at 167 & n.15.*

Congress and the courts recognize the critical need *"to promote confidence in the integrity*
*of the judicial process." Liljeberg v. Health Services Acquisition Corp., 486 U.S. 847, 859 (1988);*
*see also School Asbestos, 977 F.2d 777; Alexander, 10 F.3d at 167 ("impartiality and appearance*
*of impartiality of a judicial officer are the sine qua non of the American legal system").*

It is not necessary, therefore, to show that Your Honor *"actually harbors any illegitimate*
*pro-Plaintiff bias." School Asbestos, 977 F.2d at 782.*  Nor does it matter *"whether or not the judge*
*actually knew of the facts creating an appearance of impropriety, so long as the public might*
*reasonably believe that he or she knew." Liljeberg, 486 U.S. at 860.*

All that matters is whether, *"regardless of [the judge's] actual impartiality, a reasonable*
*person might perceive bias to exist, and this cannot be permitted." US v. Amico 486 F. 3d (2nd*
*Cir. 2007), School Asbestos, 977 F.2d at 782; see also United States v. Nobel, 696 F.2d*
*231, 235 (3d Cir. 1982).*

### Conclusion

Against that backdrop and the extra-ordinary facts and circumstances, Kaprun victims,
survivors, their families, my European & Japanese colleagues and I submit that we had a duty to

----------------------------

# EDWARD D. FAGAN ESQ.

*Hon. Shira A. Scheindlin USDJ –2 Jan. 2008 Letter –Page 8*
*Re:     In Re:Ski Train Fire in Kaprun Austria on Nov. 11, 2000, MDL # 1428 (SAS); Blaimauer et al v.*
*Omniglow et al, 03-CV-8960 (SAS); Geier et al v. Omniglow et al, 03-CV-8961 (SAS);*
*Mitsumoto et al v. Republic of Austria et al, 06-CV-2811 (SAS); Mitsumoto et al v. Robert Bosch*
*Corp et al 07-CV-935 (SAS); Stadman et al v. Austrian National Tourist Office et al 07-cv-3881*
*(SAS); Ferk et al v. Omniglow Corp. et al 07-cv-4104 (SAS); Fagan v. Lowy 07-cv-10293 (SAS)*

------------------------------

question Your Honor's impartiality.  It is more than reasonable to do so and recusal is justified.
*See School Asbestos, 977 F.2d at 777 n. 10. "Congress designed this general standard 'to*
*promote public confidence in the impartiality of the judicial process by saying, in effect, if there is*
*a reasonable factual basis for doubting the judge's impartiality, (she) should disqualify herself*
*and let another judge preside over the case.'"  See United States v. Nobel, 696 F.2d at 235*
*(quoting H.R. Rep. No. 1453, 93d Cong., 2d Sess. at 5 (1974)).*

The goal of the disqualification statute is to insist upon even the appearance of impartiality.
It focuses on what is revealed to the parties and the public, as opposed to the existence in fact of
any bias or prejudice. A judge should exercise his/her discretion in favor of disqualification if
he/she has any question  about the propriety of his/her sitting in a particular case. *Hall v. Small*
*Business Admin., 695 F.2d 175, 178-179 (5th Cir. 1983) (citations omitted; see also Judicial*
*Conduct Code Canon 2A; id. Canon 2A, Official Commentary ("A judge must avoid all*
*impropriety and appearance of impropriety.").*

Since Your Honor has already recognized the need to disqualify yourself in one related
case, I/we respectfully submit that Your Honor should have (and may already have done so) so in
all related cases.  We eagerly anticipate notification of Your Honor's issuance and direction to
the Clerk for the entry of such an Order.  Plaintiffs can then contact the Assignment and/or Chief
Judge to request that *The Kaprun Cases* be expetiously reassigned to a Different District Court
Judge.  Plaintiffs can then also file the necessary evidence related motions and the Rule 60 (b)
Motions so that they can be promptly presented to a Different District Court Judge. This would
avoid further unnecessary burden to the Circuit Court, the District Court, Your Honor and the
parties.  Finally, Plaintiffs may also be in a position to move to withdraw, modify or stay the
appeals pending the dispositon of the Rule 60 (b) Motions in the District Court.

Plaintiff Kaprun victims, survivors, European & Japanese Cooperating Counsel and I make
this request *"both for (Your Honor's) sake and the appearance of justice." See United States v.*
*Schwarz, 500 F.2d at 1352 (2d Cir. 1974)* and because it *"is salutary . . . in the public interest*
*(and) . . . minimizes even a suspicion of partiality". See United States v. Simon, 393 F.2d at 91*
*(2d Cir. 1968).*

In view of the foregoing, we urge the Court to promptly issue the appropriate Recusal
Order in the Kaprun Cases to be entered into the Master Docket 01-md-1428. As always, thank
you for the Court's continued attention and time in these cases.

Respectfully submitted,

Edward D. Fagan

------------------------------

# EDWARD D. FAGAN ESQ.

*Hon. Shira A. Scheindlin USDJ –2 Jan. 2008 Letter –Page 9*
*Re:     In Re:Ski Train Fire in Kaprun Austria on Nov. 11, 2000. MDL # 1428 (SAS); Blaimauer et al v.*
*Omniglow et al, 03-CV-8960 (SAS); Geier et al v. Omniglow et al. 03-CV-8961 (SAS);*
*Mitsumoto et al v. Republic of Austria et al. 06-CV-2811 (SAS); Mitsumoto et al v. Robert Bosch*
*Corp et al 07-CV-935 (SAS); Stadman et al v. Austrian National Tourist Office et al 07-cv-3881*
*(SAS); Ferk et al v. Omniglow Corp. et al 07-cv-4104 (SAS); Fagan v. Lowy 07-cv-10293 (SAS)*

------------------------------

EDF/
Attachments provided with the hard copy of this letter

Ccs:    Joy Fallek Esq. – Circuit Court Clerk Assigned to Appeals 07-4121-cv and 07-5317-cv
All counsel of record – Via Electronic Delivery
Foreign Plaintiffs' Counsel of Record in all cases
Robert Hantman Esq

# EXHIBIT   19

# EDWARD D. FAGAN ESQ.

Five Penn Plaza, 23rd Floor, New York, NY 10001
Tel # (646) 378-2225, New Fax # (646) 304-6446
New Email Address: ed.fagan@global-litigation-partners.com

*Via Fax (212) 805-7920*                               Friday 4 January 2008
Honorable Shira A. Scheindlin USDJ
United States District Court
Southern District of New York
500 Pearl Street, Chambers, Room 1620
New York, NY 10007

Re: *Ski Train Fire in Kaprun Austria on Nov. 11, 2000, MDL # 1428 (SAS); Blaimauer et al v.*
*Cyalume et al, 03-CV-8960(SAS); Geier et al v. Cyalume et al, 03-CV-8961 (SAS);*
*Mitsumoto et al v. Republic of Austria et al, 06-CV-2811(SAS); Mitsumoto et al v. Robert*
*Bosch Corp et al 07-CV-935(SAS); Stadman et al v. Austrian National Tourist Office et*
*al 07-cv-3881 (SAS)(THK); & Ferk et al v. Omniglow Corp. et al 07-cv-4104 (SAS)*
*(collectively "Kaprun Cases") and Fagan v. Lowy et al 07-cv-10293 ("Fagan v. Lowy")*

Honorable Judge:

With the hard copy of this letter I am providing the Court with the Motion for Reconsideration,
pursuant to Local Rule 6.3 and Rule 60 (b), for an expedited Conference, and other relief, being
submitted by Kaprun victim, survivor and their representatives *("Kaprun Plaintiffs")* and by me.

The Motion is for Reconsideration of Your Honor's December 21, 2007 Order *(entered on*
*December 26, 2007)*. The Motion is also signed by holders of Valid Powers of Attorney to act
on behalf of Kaprun Plaintiffs and is accompanied by Declarations from, among others, Dr. Carl
Abraham, Dr. Bernd Geier, Dr. Herwig Hasslacher, Dr. Toichiro Kigawa, Dr. Gerhard
Podovsovnik, Dr. Ulrich Schwab and me.   Since the Declaration Exhibits are voluminous, they
are being delivered separately so they are in Your Honor's hands by Monday Jan. 7, 2008

In accordance with Your Honor's practice, I urge the Court to convene a Conference at the
Court's earliest convenience so these issues can be expeditiously resolved.   Such a Conference
would help reduce the burden on the District Court, the Court of Appeals, and on all parties that
will result from Kaprun Plaintiffs and my need to continuously file Amended Notices of Appeal
and/or New Appeals from Your Honor's December 28, 2007 Order (entered on Jan. 2, 2008) or
for other relief in the Court of Appeals.

I have reviewed Defendants recent letters suggesting that I have no authority to make
applications to the District Court, or even to the Court of Appeals, for relief from (or for reversal
of) Orders that affect or relate to me personally.  I submit that such suggestions are legally
flawed and again underscore the problems in this case that date back to April 2007.

Kaprun Plaintiffs and I should be permitted to seek and to demand that the Court not *"be*
*worried about procedural niceties"* but should instead focus upon *"doing justice"* which Your
Honor said was The Court's concern during the July 11, 2007 Hearing, as referenced in my
January 2, 2008 letter.  Unfortunately, now it appears that *"justice"* requires:

(i)    Your Honor's recusal in The Kaprun Cases, just as Your Honor recused yourself in
the related Fagan v. Lowy case *(for the reasons set forth in the January 2, 2008 letter);*

----------------------------
Appendix C - 48

# EDWARD D. FAGAN ESQ.

*Hon. Shira A. Scheindlin USDJ –4 Jan. 2008 Letter –Page 2*
Re:     *In Re:Ski Train Fire in Kaprun Austria on Nov. 11, 2000, MDL # 1428 (SAS); Blaimauer et al v.*
         *Omniglow et al. 03-CV-8960 (SAS); Geier et al v. Omniglow et al, 03-CV-8961 (SAS);*
         *Mitsumoto et al v. Republic of Austria et al. 06-CV-2811 (SAS); Mitsumoto et al v. Robert Bosch*
         *Corp et al 07-CV-935 (SAS); Stadman et al v. Austrian National Tourist Office et al 07-cv-3881*
         *(SAS); Ferk et al v. Omniglow Corp. et al 07-cv-4104 (SAS); Fagan v. Lowy 07-cv-10293 (SAS)*

------------------------------

(ii)      Expedited consideration of Motions related to Evidence preservation and spoliation
          by a different District Court Judge;

(iii)     Expedited consideration of Rule 60 (b) Motions by a different District Court Judge;
          and

(iv)     Other just and equitable relief related to all Court Orders dating back to June 19, 2007.

I am sending a copy of the Motion and the supporting Geier Declaration, so the Court can get a
quick overview of the issues presented, and thereby hopefully consider the matter over the
weekend and to the be prepared to schedule a Conference, perhaps as early as next week.

As always, thank you for the Court's continued attention and time in these cases.

Respectfully submitted,

Edward D. Fagan

EDF/
Attachments provided with the hard copy of this letter

Ccs:    Joy Fallek Esq. – Circuit Court Clerk Assigned to Appeals 07-4121-cv and 07-5317-cv
        All counsel of record – Via Electronic Delivery
        Foreign Plaintiffs' Counsel of Record in all cases
        Robert Hantman Esq

# EXHIBIT  20

RECEIVED

**NO:**

2008 JAN 17  PM 5:54

U.S. COURT OF APPEALS
SECOND CIRCUIT

# IN THE UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

---

### In Re:

## KAPRUN FOREIGN VICTIMS and SURVIVORS,

## HEIRS AND FAMILY REPRESENTATIVES

### And

## EDWARD D. FAGAN

**Petitioners.**

---

### On Petition for a Writ of Mandamus to

### U.S. District Court for the Southern District of New York

---

## EMERGENCY PETITION FOR A WRIT OF MANDAMUS

---

Edward D. Fagan Esq.
5 Penn Plaza, 23rd Floor
New York, NY  10001
Tel. (646) 378-2225
Fax (646) 304-6446
Email: ed.fagan@global-litigation-partners.com

1651, 28 USC § 2106 (authority to modify, vacate, set aside or reverse judgment,

or order of District Court and to remand cause or require such further proceedings

to be had as may be just under the circumstances) as well as FRAP 21 and Local

Rule 21 (Application for Issuance of Mandamus Writ of Extraordinary Relief)

### B.    Remand Case for Evidence Preservation Issues

This Court previously issued a Limited Mandate for similar relief to what is

now being sought.  See Feb. 27, 2003 Mandate.

### C.    Remand Case to Different District Court Judge

In considering remanding a case to a different District Court Judge, the

Circuit Court need not make a finding of bias or prejudice.  On the contrary, the

Court can consider the length of the proceedings below as well as the record and

still conclude that remand to a different district judge is appropriate.  *See Sobel v.*

*Yeshiva University, 839 F.2d 18 (2nd Cir. 1988). See also U.S. v. Spears, 827*

*F.2d 705, 709 (11th Cir. 1987) (where district judge apparently evidenced bias*

*against a party, reassignment was ordered); In re Matter of Yagman, 796 F.2d*

*1165, 1188 (9th Cir. 1986) (even where circuit court rejects contention district*

*court was biased as grounds for reversal, and does not doubt district judge's*

*"ability to act fairly", remand to new judge "necessary to preserve the*

*appearance of justice"); Davis & Cox v. Summa Corp., 751 F.2d 1507, 1523*

18

*(9th Cir. 1985) ("A district court judge's adamance in making an erroneous ruling may justify remanding the case to a different judge.").*

In determining remand to a new district court judge the Court is to consider *(1) whether the original judge would reasonably be expected upon remand to have substantial difficulty in putting out of his or her mind previously-expressed views or findings determined to be erroneous or based on evidence that must be rejected, (2) whether reassignment is advisable to preserve the appearance of justice, and (3) whether reassignment would entail waste and duplication out of proportion to any gain in preserving the appearance of fairness.* See *U.S. v. Arnett,* 628 F.2d at 1165 (quoting *U.S. v. Robin,* 553 F.2d at 10). The first two factors are of equal importance and finding one supports remand to a different judge. See *U.S. v. Alverson,* 666 F.2d 341, 349 (9th Cir. 1982). As stated in *U.S. v. Robin* 553 F.2d 8 (2nd Cir. 1977):

> *As a general rule, cases sent back to a district court for further proceedings are remanded without any directions or suggestions as to the judge before whom they are to be conducted. That matter is properly left to the district court. However, in a few instances there may be unusual circumstances where "both for the judge's sake and the appearance of justice," see U.S. v. Schwarz, 500 F.2d 1350, 1352 (2d Cir. 1974), an assignment to a different judge "is salutary and in the public interest, especially as it minimizes even a suspicion of partiality", see U.S. v. Simon, 393 F.2d 90, 91 (2d Cir. 1968). In such circumstances remand does not imply any personal criticism of the trial or sentencing judge. Absent proof of personal bias requiring recusation, Title 28 U.S.C. § 144, the principal factors considered by us in determining whether further proceedings should be conducted before a different judge are (1) whether the original judge would*

*reasonably be expected upon remand to have substantial difficulty in putting out of his or her mind previously-expressed views or findings determined to be erroneous or based on evidence that must be rejected, (2) whether reassignment is advisable to preserve the appearance of justice, and (3) whether reassignment would entail waste and duplication out of proportion to any gain in preserving the appearance of fairness.*

*Where a judge has made detailed findings based on evidence erroneously admitted or factors erroneously considered, the circumstances sometimes are such that upon remand he or she either cannot reasonably be expected to erase the earlier impressions from his or her mind or may tend to lean over backwards or overreact in an effort to be fair and impartial. A new fact-finder would not labor under any such handicap . . . The seriousness of this problem in any particular case will depend upon a number of factors, including the nature of the proceeding, the firmness of the judge's earlier-expressed views or findings, and the reasons for the reversal . . . . (another) factor bearing upon whether to reassign to another judge is whether the retrial will be before the judge as a fact-finder or sitting with a jury. See O'Shea v. U.S., 491 F.2d 774, 779 (1st Cir.), overruled as to a different holding, Wingo v. Wedding, 418 U.S. 461, 473, n. 19, 94 S.Ct. 2842, 41 L.Ed.2d 879 (1974). Where the judge sits as the fact-finder, reassignment is the preferable course, since it avoids any rub-off of earlier error.*

In a multi-judge district such as this one, where the necessity of retrial before the same judge is not present, the practice of retrial before a different judge is salutary and in the public interest, especially as it minimizes even a suspicion of partiality . . . it outweighs any considerations of judicial economy and convenience, and is the (wise) practice. *See U.S. v. Simon, 393 F.2d at 91* and *U.S. v. Mitchell, 354 F.2d 767, 769 (2 Cir. 1966).*

20

The record contains facts, as explained above, that would lead a reasonable person knowing the facts, to conclude that Judge Scheindlin's Orders are the product of bias and prejudice and therefore the case should be reassigned.

The record also shows Petitioners have litigated for the past seven years and for whom the U.S. Courts are the only forum in which their claims can be heard. Further, the record confirms that certain Petitioners are *in extremis*. Some Petitioners have suffered strokes, heart attacks, others diagnosed with cancer, others contracted diseases or debilitating physical and/or emotional illnesses, others suffer from difficult financial circumstances and have difficulty sustaining themselves/their families, others live at poverty level because of the disaster, and all families are permanently traumatized, due to the Kaprun disaster. Judge Scheindlin allowed the case to be dragged out by permitting certain Defendants to file peace-meal motions and then refused to rule upon Petitioners repeated Motions related to Evidence issues. Now she refuses to act until after the appeal is concluded. If the requested relief is not granted, evidence will be lost, evidence will not be preserved, violation of District Court Orders will be delayed, Petitioners' claims will be prejudiced and many Petitioners will be unavailable for trial, due to deteriorating conditions, by the time the appeals are resolved.

### D. Remand to Different Judge Based on Actual or Apparent Bias

*"While review after final judgment can (at a cost) cure harm to a litigant, it*

21

cannot cure the additional, separable harm to public confidence that section 455 was designed to prevent." See, In Re: School Asbestos, 977 F.2d at 776.

"Section 455 reflects Congress's view that the adjudication of a case by a judge with an actual or apparent bias, is an `abuse of judicial power,' because it is a threat to the integrity of the judicial system. Interlocutory review of disqualification issues on petitions for mandamus is both necessary and appropriate." Id. at 778 (citation omitted; emphasis in original); accord In Re International Business Machines Corp. 45 F. 3d 641 (2nd Cir. 1995), Alexander v. Primerica Holdings, Inc., 10 F.3d 155, 167 (3d Cir. 1993).

In a case such as this, the Section 455 standard `clearly and indisputably' requires the district judge to disqualify herself and the 2nd Circuit will issue a writ of mandamus directing the disqualification if the Judge refuses to do so on her own. See School Asbestos, 977 F.3d at 778.

This Court "irrespective of § 455(a) requirements [has] supervisory authority to order this case reassigned to another district court judge" even without the clear and indisputable factual showing which is ordinarily required for mandamus. In Re International Business Machines Corp. 45 F. 3d, 641; Alexander, 10 F.3d at 167 and FN 15; and 28 U.S.C. § 2106.

Further, Congress and the courts recognize the critical need "to promote confidence in the integrity of the judicial process." Liljeberg v. Health Services

22

*Acquisition Corp.*, 486 U.S. 847, 859 (1988); *see also School Asbestos*, 977 F.2d 777; *Alexander*, 10 F.3d at 167 ("impartiality and the appearance of impartiality of a judicial officer are the sine qua non of the American legal system").

It is not necessary for the judge to *"actually harbor any illegitimate bias."* See *School Asbestos*, 977 F.2d at 782. Nor does it matter *"whether or not the judge actually knew of the facts creating an appearance of impropriety, so long as the public might reasonably believe that he or she knew." Liljeberg*, 486 U.S. at 860.

All that matters is whether, *"regardless of [the judge's] actual impartiality, a reasonable person might perceive bias to exist, and this cannot be permitted."* See *US v. Amico* 486 F. 3d (2nd Cir. 2007), *School Asbestos*, 977 F.2d at 782; and *US. v. Nobel*, 696 F.2d 231, 235 (3d Cir. 1982).

Section 455 (a) is a broad, prophylactic recusal rule, which provides that a federal judge *"shall disqualify (herself) in any proceeding in which his impartiality might be reasonably questioned."* 28 U.S.C. § 455(a) (emphasis added); *see also* Judicial Conduct Code Canon 3C *("Disqualification. A judge shall disqualify his/herself in a proceeding in which the judge's impartiality might reasonably be questioned . . .")*. By its terms, Section 455 states that disqualification is required whenever a judge's impartiality "might" be reasonably questioned. Thus, even the prospect of a reasonable question – such as has been demonstrated here - triggers the mandatory duties of Section 455.

23

*"Congress designed this general standard `to promote public confidence in the impartiality of the judicial process by saying, in effect, if there is a reasonable factual basis for doubting the judge's impartiality, (she) should disqualify herself and let another judge preside over the case.'"  See U.S. v. Nobel, 696 F.2d at 235 (quoting H.R. Rep. No. 1453, 93d Cong., 2d Sess. at 5 (1974)).*

The goal of the disqualification statute is to insist upon even the appearance of impartiality. It focuses on what is revealed to the parties and the public, as opposed to the existence in fact of any bias or prejudice. A judge should exercise his/her discretion in favor of disqualification if he/she has any question  about the propriety of his/her sitting in a particular case. *Hall v. Small Business Admin., 695 F.2d 175, 178-179 (5th Cir. 1983) (citations omitted); see also Judicial Conduct Code Canon 2A; id. Canon 2A, Official Commentary ("A judge must avoid all impropriety and appearance of impropriety. ").*

In addition to the broad disqualification rule under Section 455(a), Section 455 (b)(1) provides that a judge *"shall disqualify (herself)"* when, among other things, she has *"personal knowledge of disputed evidentiary facts concerning the proceeding"* (28 U.S.C. § 455(b)(1)), which includes knowledge imputed to the judge from close advisors (K.L., 93 F.3d at 259). This disqualification rule is not another required element of disqualification for appearance of partiality under Section 455(a).  It is an independent basis for disqualification. A *"finder of fact*

24

*must be `free from external causes tending to disturb the exercise of deliberate and unbiased judgment.""* Price Bros. Co. v. Philadelphia Gear Co., 629 F.2d 444, 446 (6th Cir. 1980) (quoting Mattox v. U.S., 146 U.S. 140, 149 (1892).

Judge Scheindlin's refusal to permit Petitioners to submit Motions for Evidence Preservation and Spoliation Sanctions (consistent with this Court's prior Mandate), or to compel the Court to enforce its own Orders, and Rule 60 (b) and other relief, as well as the District Court's handling of prior Motions for Reconsideration, Recusal, to Supplement the Record, Spoliation Sanctions and Rule 60 (b) Motions, prevent the Court of Appeals from knowing *" [critical facts], because the district judge has blocked discovery." See K.L., 93 F.3d at 258.* That has been accomplished by Judge Scheindlin's refusing Petitioners' requests (i) to present the evidence preservation and spoliation issues, and (ii) to expand the record so evidence of the Court's extra-judicial contacts, ex-parte communications, unauthorized and improper review of Petitioners' Confidential Attorney Client, Work Product Privileged Emails and communications related to litigation and appellate strategy and Judge Scheindlin herself, relevant to the multiple motions for recusal from all Kaprun cases.

The fact Judge Scheindlin presided over the procedural aspects of the MDL cases, to which Petitioners' cases were marked as related, and which have been pending for the last seven years, does not alter the need for her removal. See

*School Asbestos, 977 F.2d at 778, 780—where a judge presiding over litigation for*

*more than six years  before a recusal motion was made can be removed, stating*

Recusal may be the only option when

> " . . . *(the judge) chose not to disqualify herself because she felt duty-bound to shepherd (an) extraordinarily complicated and protracted litigation to its conclusion and out of concern about creating additional delay. These are both laudable sentiments, and we must acknowledge that the newly assigned district judge will face a gargantuan task in becoming familiar with the case. Nevertheless, a district judge may not sit where (her) partiality may reasonably be questioned and the parties refuse to waive that objection. Indeed, we believe that this episode is precisely the kind that Congress contemplated in broadening section 455. If (the judge) were to continue presiding, the outcome of this massive, important, and widely followed case would be shrouded with suspicion. Accordingly, we are compelled to order (that the District Judge) disqualify herself. 977 F.2d at 784-785 (citation omitted); see also Alexander, 10 F.3d at 166 (granting mandamus to disqualify judge who presided over case for four years).*

The fact that The District Court considers this case large or complex does not

alter the mandatory recusal rule. *"Large, multidistrict class actions, for example,*

*often present judges with unique difficulties in monitoring any potential interest*

*they may have in the litigation." See Liljeberg, 486 U.S. at 862 n.9.*   However,

"notwithstanding the size and complexity of litigation, judges remain under a duty"

to comply with Section  455. Ibid.   And, *"the extraordinary size and complexity*

*of a case may assist in creating the extraordinary circumstances necessary to*

*invoke mandamus." School Asbestos, 977 F.2d at 778 n. 14.*

The District Court's comments on the record[6] demonstrate the type of bias

and hostility from extrajudicial sources and reveal the high degree of favoritism or

antagonism that make fair judgment impossible and which require recusal  *See US*

*v Berger, 225 US. 21, 28 (1921) and Liteky v US, 510 U.S. 540, 555-556 (1994)*.

The evidence related and other issues that plagued these cases below also

complicate the appeals.  These issues could have been cured if Judge Scheindlin

had proper and timely rulings, findings of facts, kept track of urgent pending

Motions related to evidence, knew what happened from one Conference to another

knew which Plaintiffs were in which cases[7] and impartially considered Petitioners'

submissions.  These problems are now compounded by Judge Scheindlin's refusal

to take action consistent with the 2003 Evidence Related Mandate of this Court,

her failure to enforce her own Orders related to Evidence Preservation, failure to

recall rulings, delay in entry of Orders, failure to issue formal rulings and findings

of fact, failure to acknowledge or accept the authority and standing to act by

Petitioners' legal representatives who hold Valid Powers of Attorney, and

---

[6] Statements include *"you sound like you are hallucinating"[App. B- 91, line 6]*, *"apparently that offer is not satisfactory . . . and doesn't pay you enough" [App. B 91, line 12-13]* and *"Is there an Austrian Criminal Investigation pending, Mr. Fagan"* giving credibility to Defendants false allegations that Fagan had sex with under-aged prostitute in Austria *[App. B 95, line 13]*
[7] In her Jan. 3, 2008 Order, Judge Scheindlin incorrectly identifies Drs. Geier and Podovsovnik as plaintiffs in the case for which she recused herself and suggested it was done *sua sponte [App. B 45-46]*. However, the Docket in 1:07-cv-10293 shows Judge Scheindlin accepted the case, marked it as related to the Kaprun Cases, reviewed Confidential and Privileged Information and Documents related to Petitioners claims, litigation and appellate strategy and Petitioners' demanded recusal from that and all Kaprun related cases. *[App. C 38]*.