UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------X

| | | |
|---|---|---|
| IN RE: SKI TRAIN FIRE IN KAPRUN AUSTRIA ON NOVEMBER 11, 2000 | : : | MDL # 1428 (SAS) (pending in Southern District of New York) |

-------------------------------------------------------------X

This document relates to the following cases:

-------------------------------------------------------------X

| | | | |
|---|---|---|---|
| BLAIMAUER , et al, | Plaintiffs, | : : | |
| - and - | | : : | Civil Action # 03–CV–8960 (SAS) |
| OMNIGLOW CORPORATION, et al | | : | |
| | Defendants. | : | |

----------------------------------------------------- X

-------------------------------------------------------------X

| | | | |
|---|---|---|---|
| GEIER , et al, | Plaintiffs, | : | |
| - and - | | : : | Civil Action # 03–CV–8961 (SAS) |
| OMNIGLOW CORPORATION, et al | | : | |
| | Defendants. | : | |

----------------------------------------------------- X

-------------------------------------------------------------X

| | | | |
|---|---|---|---|
| MITSUMOTO, et al, | Plaintiffs, | : | |
| - and - | | : : | Civil Action # 06–CV–2811   (SAS), |
| REPUBLIC OF AUSTRIA, et al | | : | |
| | Defendants. | : | |

----------------------------------------------------- X

-------------------------------------------------------------X

| | | | |
|---|---|---|---|
| MITSUMOTO, et al, | Plaintiffs, | : | |
| - and - | | : | Civil Action # 07–CV–0935 (SAS) |
| ROBERT BOSCH CORP., et al | | : | |
| | Defendants. | : | |

----------------------------------------------------- X

-------------------------------------------------------------X

| | | | |
|---|---|---|---|
| STADMAN, et al, | Plaintiffs, | : | |
| - and - | | : : | Civil Action # 07–CV–3881 (SAS) |
| AUSTRIAN NATIONAL TOURIST OFFICE, et al | | : | |
| | Defendants. | : | |

----------------------------------------------------- X

```
-------------------------------------------------X
                                              :
FERK , et al,                Plaintiffs,      :
                                              :
    - and -                                   :        Civil Action #
                                              :        07–CV–4104 (SAS)
OMNIGLOW CORPORATION, et al                   :
                             Defendants.  :
-------------------------------------------------X
```

## NOTICE OF MOTION FOR RECONSIDERATION OF FINAL JUDGMENT PURSUANT TO RULE 60B AND LOCAL RULE 6.3

**COME NOW**, the Plaintiffs, Hermann Geier, Birgit Goetz, Erwin Goetz, Manfred Hiltel, Markus Hiltel, Thomas Kraus, Maria Mayerhofer-Karg, Roland Mayerhofer, Agnes Wolf, and Joop Stadman, by and through their undersigned counsel and file their Motion for Reconsideration of the Final Judgment.

### CERTIFICATE OF SERVICE

I hereby certify that all counsel of record were notified via CM-ECF on this the 30th day of June, 2008.

RESPECTFULLY SUBMITTED:

James F. Lowy, Esq.
Admitted *Pro Hac Vice*
Counsel For Geier Plaintiffs
INTERNATIONAL LAW GROUP, LLC
3907 Henderson Blvd. #200
Tampa, FL 33629-5761
Fax 813 282-0384
Email: jameslowy@gmail.com, or;
jameslowy@floridalawgroup.com

2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------X

| | | |
|---|---|---|
| IN RE: SKI TRAIN FIRE IN KAPRUN AUSTRIA | : | MDL # 1428 (SAS) |
| ON NOVEMBER 11, 2000 | : | (pending in S. |
| | | Dist. of New York) |

------------------------------------------------------------------X

This document relates to the following cases:

------------------------------------------------------------------X

| | | | |
|---|---|---|---|
| BLAIMAUER , et al | Plaintiffs, | : | |
| | | : | |
| vs. | | : | Civil Action # |
| | | : | 03–CV–8960 (SAS) |
| OMNIGLOW CORPORATION, et al | | : | |
| | Defendants. | : | |

-------------------------------------------------------------- X

------------------------------------------------------------------X

| | | | |
|---|---|---|---|
| GEIER , et al | Plaintiffs, | : | |
| | | : | |
| vs. | | : | Civil Action # |
| | | : | 03–CV–8961 (SAS) |
| OMNIGLOW CORPORATION, et al | | : | |
| | Defendants. | : | |

-------------------------------------------------------------- X

------------------------------------------------------------------X

| | | | |
|---|---|---|---|
| MITSUMOTO, et al, | Plaintiffs, | : | |
| | | : | |
| vs. | | : | Civil Action # |
| | | : | 06–CV–2811   (SAS), |
| REPUBLIC OF AUSTRIA, et al | | : | |
| | Defendants. | : | |

-------------------------------------------------------------- X

------------------------------------------------------------------X

| | | | |
|---|---|---|---|
| MITSUMOTO, et al, | Plaintiffs, | : | |
| | | : | |
| vs. | | : | Civil Action # |
| | | : | 07–CV–0935 (SAS) |
| ROBERT BOSCH CORP., et al | | : | |
| | Defendants. | : | |

-------------------------------------------------------------- X

------------------------------------------------------------------X

| | | | |
|---|---|---|---|
| STADMAN, et al, | Plaintiffs, | : | |
| | | : | |
| vs. | | : | Civil Action # |
| | | : | 07–CV–3881 (SAS) |
| AUSTRIAN NATIONAL TOURIST OFFICE, et al | | : | |
| | Defendants. | : | |

-------------------------------------------------------------- X

1

```
------------------------------------------------------------------X
FERK , et al,                          Plaintiffs,    :
                                                      :
        vs.                                           :        Civil Action #
                                                      :        07–CV–4104 (SAS)
OMNIGLOW CORPORATION, et al                           :
                                       Defendants.    :
------------------------------------------------------------------ X
```

===============================================================

## PLAINTIFFS' MOTION FOR RECONSIDERATION OF FINAL JUDGMENT PURSUANT TO LOCAL RULE 6.3 AND FRCP 60(B)

===============================================================

**COME NOW** Plaintiffs Hermann Geier, Birgit Goetz, Erwin Goetz, Manfred

Hiltel, Markus Hiltel, Thomas Kraus, Maria Mayerhofer-Karg, Roland Mayerhofer, Joop

Stadman, and Agnes Wolf, by and through undersigned counsel, and request that the

Court reconsider its Final Judgment in this cause of action.

1. More specifically, Movants request that the Court:

A. Vacate the Court's Order of October 18, 2007, based upon Plaintiffs'

failure to appoint successor counsel, or elect to appear *pro se* in order to prosecute

the pending Motion for Reconsideration, the effect of which was to withdraw

from the calendar the previously filed motion of Plaintiffs under Local Rule 6.3

for reconsideration of the Court's Order of June 19, 2007 dismissing the

Plaintiffs' claims on *forum non conveniens* grounds, (*See* Motion for Rule 60B(1)

and (6) relief regarding the conduct of Edward D. Fagan and relying upon *Bizzell*

*v. Hemingway*, 548 F.2d 505 (4th DCA, 1977) and other related authority, which

will be filed separately this week.), and;

B. Vacate the Order of June 19, 2007 dismissing Plaintiffs' claims on

*forum non conveniens* grounds, denying said motion and restoring the claims of

the Movants.

2

2.   The bases for Plaintiffs making the instant motion are:

    A. As a matter of right under the Federal Rules and Local Rules.

    B. The Court's failure to rule on a Motion for Reconsideration of the dismissal of the Foreign Plaintiffs' cases, as the Court deemed it withdrawn when our cases were dismissed for failure to appear;

    C. To date, there has been no justice for the victims of this tragedy, and there can be no justice in Austria.

    D. New evidence suggests that, contrary to the Court's assumption, fostered by the Defendants, there never was an adequate alternate forum for the Foreign Plaintiffs in Austria, as evidenced by the facts that: (i) no further action was taken on their behalf in Austrian courts, and (ii) counter-intuitively, the only parties to and funding the settlement agreement entered into by most of the foreign plaintiffs are Gletscherbahnen Kaprun (GBK),  The Republic of Austria, (and Generali, GBK's insurer) which were both previously dismissed from these actions on jurisdictional grounds (which dismissals are currently under review via a Rule 60B motion for spoliation of evidence and fraud upon the court, and further consideration of same via a Writ of Mandamus before the Second Circuit Court of Appeals). Nevertheless, the settlement contains a third party release for some 82 corporate defendants, none of which are making any monetary contribution whatsoever to the settlement fund.  (See Settlement Agreement and Release, attached as Exhibit A).

E.  If 82 corporate defendants walk away unscathed from any liability and responsibility for the horrific deathtrap and inferno that many of them may have created and ultimately caused, then justice has not been served (on any continent).

3.     By this motion, Movants request that Foreign Plaintiffs' July 31, 2007 Motion for Reconsideration, and the arguments and affidavits contained therein, be placed back or restored on the Docket for consideration by the Court, and incorporated as if fully stated herein.  Movants also request that the 2002 affidavits of Christian Wolf and Paul Oberhamer, referenced *infra*, be included as if fully stated herein.

4.     Movants had initially agreed to the Kaprun Commission solution, but, along with 23 Japanese plaintiffs have rescinded and/or revoked their participation in the Kaprun Commission solution (See Exhibit B).

5.     Movants request leave to supplement the original July 31, 2007 arguments in support of reconsideration to alert the Court to matters of compelling significance which could not have been included in the original motion papers because they only became concrete after October 18, 2007.

6.     Movants also seek to complement the extraordinarily brief one-and-a-half page July 31st, 2007 Motion and accompanying affidavits with a concise discussion and overview herein of the most important and critical reasons why the June 19, 2007 *forum non conveniens* dismissal should be reconsidered and overturned.

7.     First and foremost, the *forum non conveniens* dismissal should be reconsidered and the Court's decision on the motion reversed because it is now clear, although it may not have been entirely clear then, that the claims of Plaintiffs which were the subject of the June 19, 2007 Order have in actuality been time-barred in Austria since

4

late 2003, despite the assumption fostered by defendants on the *forum non conveniens*

motion that the claims remained assertable in Austria; On the contrary, as of the time the

motion was filed, no adequate or actual forum actually existed in Austria for these claims.

      8.     The Austrian Civil Code concerning the statute of limitation reads in

Section 1439 as follows, translated into English in the book by Paul A. Baeck, "The

General Civil Code of Austria" published for the Parker School of Foreign and

Comparative Law. Columbia University in the City of New York by Oceana

Publications, Inc. Dobbs Ferry, NY, 1972):

> "Article 1489. All actions for damages are extinguished after three years from the moment when the damaged party learned of the damage and the identity of the person who caused it, regardless whether the damage was caused by breach of contract or without relation to a contract. If the damaged party does not become aware of the damages or of the identity of the party who caused the damage, or if the damage arises from a felony, the right to sue is extinguished after thirty years."

      9.     It is clear from this passage that after three years, claims are extinguished

— time-barred in Austria by operation of law. There is no tolling of the limitations

statute for delayed discovery of operative facts, relation back due to pending proceedings

in another jurisdiction, or for any other reason, other than the minor status of certain

plaintiffs, or for failure to discover who or what injured the plaintiffs, which is, by and

large, not the situation here.

      10.    The defendants which participated in the design, manufacturing, outfitting,

updating and maintenance of the Kaprun ski trains were largely known to plaintiffs at the

time of the fire or shortly thereafter.

      11.    Thus, Austrian claims against most of the known corporate or individual

defendants expired at the end of the year 2003. Accordingly, Plaintiffs' cooperating

counsel in Austria considered the cases initiated in this Court to be "dead on arrival"

when returned back to Austria in 2007  (See supporting affidavits by Austrian Attorneys Greiter, Hasslacher and Podovsovnik filed 7/31/2007).

12.    Plaintiffs' Austrian counsel collectively believed that the seven (7) year-old claims would never be heard in an Austrian Court, no matter what oral or other assertions that might have been made by defendants regarding waiver of the Austrian limitations statute in a New York courtroom.

13.    The Court was led to believe incorrectly that because there were then-active cases pending in Austria against GBK, under Austrian law, other defendants could be added to those cases.  That simply was not true.  Plaintiffs have pointed out that a purported waiver of statute of limitations defenses by the defendants would not bind Austrian Courts and assure acceptance of jurisdiction of the claims against these defendants in Austria.

14.    Most respectfully, this Court failed to attach any meaningful conditions to the dismissal, for example, so that if Austria refused the Plaintiffs' cases, Plaintiffs could bring the cases back to New York, or require that any purported waivers of limitations defenses be memorialized in a formal Order.  The Court's dismissal was on its face unconditional.

15.    Plaintiffs are substantially prejudiced by the amount of time and money now deemed wasted that was expended in pursuing their cases in New York.  Time and money are scarce and precious assets for all involved. Moreover, the Court disqualified Plaintiffs' lead counsel, Edward Fagan, because it determined both that (i) he had irreconcilable conflicts with the collective interests of the Plaintiffs as a whole, and (ii) lacked the financial wherewithal to complete the cases.

6

16.    While there are differences in civil procedure between the United States and Austria and those should not by themselves carry the argument, it is true that the plaintiffs would have to post substantial costs bonds in order to restart the cases in Austria, and that there would have to be hundreds of individual cases, instead of a group case, which would be inherently more expensive.

17.    Foreign plaintiffs would have to attempt to restart the cases in Austria without knowing whether or not an Austrian court would allow the time-barred claims, and without any assurance that if their claims were time-barred, they would be welcome to return to New York's federal courts. Foreign plaintiffs argue that these circumstances do not present an "adequate alternate forum" as contemplated by the case law.

18.    In 2002, the defendants said that Austria was an *"adequate"* alternate forum for our claims and the claims of other victim families and survivors. In opposition at that time, we pointed out how the Austrian judicial system was not an adequate forum for claims of Kaprun victim families and survivors against US and German defendant companies. The factors presented at that time included, among things, the facts that:

a.    The Austrian Courts could not get jurisdiction over all defendants in one Court *(as per the opinions of our experts Prof. Dr. Paul Oberhamer and Prof. Dr. Christian Wolf)*;

b.    The Austrian Court's inability to compel attendance of witnesses *(as per the opinions of our experts Prof. Dr. Paul Oberhamer and Prof. Dr. Christian Wolf)*;

c.    The Austrian Court's limitations on the method and use of expert witnesses *(as per the opinions of our experts Prof. Dr. Paul Oberhamer and Prof. Dr. Christian Wolf)*

7

     d.     The Austrian Court's interference with our chosen legal representative's ability to attend and participate in the Criminal Process *(as per the opinions of our experts Prof. Dr. Paul Oberhamer and Prof. Dr. Christian Wolf)*;

     e.     The multiple problems with the Austrian Court's inability to secure and preserve evidence *(the Court will remember the problems with missing or withheld KTZ files and suggestions that at least one of the Austrian experts had failed to secure and account for evidence as per the Affidavits of US plaintiff John Habblett and others, as well as more recent problems with GBK and Austria's destruction and concealment of evidence i.e., the burned and unburned trains and tunnel))* ;

     f.     The hundreds of thousands of dollars that would have to be posted *(per victim claimant)* and potentially on more than one occasion, as security and costs, just to be able to prosecute an action *(as per the opinions of our experts Prof. Dr. Paul Oberhamer and Prof. Dr. Christian Wolf)*;

     g.     The hundreds of thousands of dollars that would have to be posted *(per victim claimant)* as security and costs for defense counsel, in order to prosecute an action in Austria *(as per the opinions of our experts Prof. Dr. Paul Oberhamer and Prof. Dr. Christian Wolf)* and

     h.     The tens of thousands of dollars and possibly more that would have to be paid to have a lawyer represent us in an Austrian court *(per victim claimant)* to prosecute an action in Austria *(as per the opinions of our experts Prof. Dr. Paul Oberhamer and Prof. Dr. Christian Wolf)*.

     19.     The Court discusses how the Foreign Plaintiffs' choice of forum should be given little deference, but does not take into account the fact that it is American defendants which have taken the lead in requesting that a seven year-old case be removed

8

to Austria. This scenario is no more convenient for the *American* companies, under the private convenience factors analysis, when there is only a limited possibility for additional discovery regarding liability. American defendants, after 6 years of litigation, were merely trying to choose a forum where making claims is no longer possible.

20.     Extensive discovery has been conducted for the *In Re: Ski Train Fire in Kaprun, Austria* cases in New York. Discovery regarding liability has been exchanged, the Plaintiffs were granted (extremely) limited access to the trains before they were destroyed; the trains were photographed; expert witness opinions have been gathered, and two dozen or more depositions have been taken. Defendants' assertions that these cases have not progressed beyond "preliminary stages" is not true. Many of the cases were close to being ready for trial, as there is only limited additional merits discovery that can be conducted.

21.     Moreover, former Defendants GBK and The Republic of Austria destroyed the remains of the burned train, and the unburned train, and have prevented access to the tunnel, making any further meaningful accident investigation in Austria impossible. These circumstances do not support arguments for the *forum* transfer under any theory regarding necessity for further investigation of the accident site or examination of physical evidence.

22.     The Austrian criminal investigation, trial and appeal produced copious records and hundreds of pages of reports, some of which has already been translated to English (e.g. the court's decisions). There would be no difficulty in accessing record evidence for trials in the United States. In fact, during the purported "whistleblower" depositions, counsel for defendants accessed, consulted and utilized with apparent ease the prior testimony of Georg Schwarz and Maria Steiner from the Austrian criminal trials.

9

Thus, Movants believe the Court has not properly, fully or accurately assessed the relative availability to this Court of record evidence in the cases.

23.    The New York Court frequently discussed all the "legal firepower" at work in these cases. Same is true in Austria, where many of the most highly regarded Austrian attorneys represented the Foreign Plaintiffs. Movants now make a *res ipsa loquitur* argument to this Court regarding the proffered Kaprun Commission solution. All the legal firepower in Austria could not produce a single Euro in payments from 82 defendant companies. The most obvious reason for this "no-hit shut-out" is that the Plaintiffs' claims were unduly prejudiced by the passage of time and tremendous wasted expenditures of time and money, that the claims were time-barred as a matter of Austrian black-letter civil code, that there was in reality no "adequate alternate forum" available in Austria, and thus there was no compelling reason for 82 corporate defendants to offer even a single Euro to these esteemed members of the Austrian plaintiffs' bar and the Foreign Kaprun Ski Train Fire Plaintiffs they represented.

24.    For all the above-referenced reasons, and for the reasons presented in the July 31st, 2007 motion and supporting affidavits, and in the affidavits of Dr. Christian Wolf and Dr. Paul Oberhamer, the Motion for Reconsideration of the Forum Non Conveniens dismissal should be granted, and these cases should be allowed to continue to conclusion in the United States District Court for the Southern District of New York.

## CERTIFICATE OF SERVICE

I hereby certify that all counsel of record were notified via CM-ECF.

RESPECTFULLY SUBMITTED:

_/James F. Lowy/_____

James F. Lowy, Esq.
Counsel of Record
For Geier Plaintiffs
Admitted *Pro Hac Vice*
INTERNATIONAL LAW GROUP, LLC
3907 Henderson Blvd. #200
Tampa, FL 33629-5761
Fax 813 282-0384
Email: jameslowy@gmail.com, or;
jameslowy@floridalawgroup.com

# EXHIBIT A

# VERGLEICH

### mit sämtlichen Anspruchstellern

# SETTLEMENT

### (judicial) with all claimants

### zwischen

Manfred Hiltel, geb. 29.7.1949, Lilienstrasse 19, 92249 Vilseck, Deutschland (in Folge unterfertigter Anspruchsteller) und

Gletscherbahnen Kaprun AG, FN 54515w

Wilhem Fazokas Strasse 690, 5710 Kaprun und

Republik Österreich

| | |
|---|---|
| 1.) *Gletscherbahnen Kaprun AG* und die Republik Österreich verpflichten sich den Vergleichsbetrag von EUR 25.160,- (EUR 7.200,- bereits abgezogen) (in Worten EURO fünfundzwanzigtausendeinhundertsechzig) binnen drei Wochen ab der schriftlichen Verständigung des Vorsitzenden, oder im Verhinderungsfall dessen Stellvertreter, der vom Bundesminister für Justiz eingesetzten Vermittlungskommission, dass der Vergleich rechtswirksam ist, an den unterfertigten Anspruchsteller auf das Konto | 1.) *Gletscherbahnen Kaprun AG* and the Republic of Austria covenant to pay the settlement amount of EUR 25.160,- (EUR 7.200,- already deducted) (number in words twentyfivethousandonehundredsixty) within three weeks following the written notification by the chairman, or in case of being prevented by the deputy-chairman of the mediation commission (*Vermittlungskommission*) appointed by the Austrian Federal Minister for Justice that the settlement is legally effective to the releasing party to the |
| mit der Nummer | account with the number |
| bei der Bank | at the bank |
| mit der Bankleitzahl<br>IBAN<br>BIC | Bank code<br>IBAN<br>BIC |
| lautend auf | Account Holder |
| zu bezahlen. | |
| Gletscherbahnen Kaprun AG und die Republik Österreich verpflichten sich bei Verzug den offenen Betrag mit 4 % per annum ab Fälligkeit zu verzinsen. | In case of default Gletscherbahnen Kaprun AG and the Republic of Austria covenant to pay interest in the amount of 4 % per annum on the outstanding amount. |
| Dieser Verpflichtung tritt die *Generali Versicherung AG*, als Haftpflichtversicherer von *Gletscherbahnen Kaprun AG* im Innenverhältnis, je nach Zureichen der Versiche- | As liability insurer of *Gletscherbahnen Kaprun AG*, *Generali Versicherung AG* (plc) accedes inter partes (internally) the cove- |

| | |
|---|---|
| rungssumme (§156 VersVG) bei. Unabhängig davon besteht der Anspruch ausschließlich gegenüber *Gletscherbahnen Kaprun AG und Republik Österreich.* | nant depending on the insurance sum (§156 VersVG – Austrian Insurance Contract Act). Notwithstanding the foregoing, the claim exists exclusively against *Gletscherbahnen Kaprun AG and Republic of Austria.* |
| 2.) Der/die unterfertigte Anspruchsteller erklärt(en), dass er/sie auf die zu vergleichende Forderung nachstehende Leistungen von dritter Stelle (z. B. Sozialversicherer etc.) erhalten habe(n) oder beanspruchen könnte(n):<br><br>.........................................................<br><br>.........................................................<br><br>......................................................... | 2.) The releasing party declares that he/she has received or may receive any benefits from a third party (e.g. social security, etc.) as stated below:<br><br>.........................................................<br><br>.........................................................<br><br>......................................................... |
| Der/ die unterfertigte(n) Anspruchsteller erklärt weiterhin, dass er/sie alleinige(r) Inhaber der geltendgemachten Forderungen ist, also eine Abtretung auch nur eines Teiles seiner/ihrer Forderung bzw. eine Einlösung (vgl § 1422 ABGB) weder erfolgt ist, noch erfolgen wird. | The releasing party declares that he/she continues to be the sole holder of the asserted claim, thus the claim has not been and will not be assigned as a whole or in parts nor has the claim been nor will the claim be redeemed (compare § 1422 ABGB – General Civil Code); and no third party is subrogated to the claims of the releasing party. |
| 3.) Mit Erhalt des Vergleichsbetrages sind sämtliche Ansprüche aus dem Vorfall vom 11.11.2000 (Brandkatastrophe Standseilbahn *Gletscherbahnen Kaprun*), auch wenn sie derzeit weder bekannt, noch vorhersehbar sind, gegen wen auch immer, insbesondere auch nach § 156 VersVG aus der bei *Generali Versicherung AG* bestehenden Haftpflichtversicherung, endgültig bereinigt und verglichen (§§ 1380ff ABGB) (siehe auch Beilage ./1 Release, die einen integrierenden Bestandteil dieses Vergleiches darstellt).<br><br>Es wird vereinbart, dass dieser Vergleich jedenfalls für alle im In- oder Ausland anhängigen bzw. anhängig werdenden, auf diesen Vorfall Bezug habenden Verfahren Präjudizwirkung entwickelt, der Anspruch also nirgends mehr geltend gemacht werden kann. | 3.) With the receipt of the settlement amount all claims resulting from the incident on 11.11.2000 (ski train fire disaster *Gletscherbahnen Kaprun*), even when they are presently unknown or unforeseen, against whomsoever, in particular pursuant to § 156 VersVG resulting from the liability insurance of the *Generali Versicherung AG*, are definitively settled and reassessed (§§ 1380ff ABGB) (see also Attachment ./1 Release, which forms an integrated part of this settlement).<br><br>It is agreed that in any case this settlement is a prejudice (*Präjudizwirkung*) for all litigations already initiated or to be initiated in the future at home and abroad relating to this incident, thus the claim can be asserted nowhere. |
| 4. a) In den anhängigen Verfahren wird „ewiges Ruhen" vereinbart, – es wird also auf die Fortsetzung eines jeden auf diesen Vorfall Bezug habenden Verfahrens (auch derzeit nicht bekannter) ebenso verzichtet, wie | 4. a) In all pending litigations "ewiges Ruhen" ("*eternal rest*") is agreed, – the continuation of each proceeding relating to this incident (also proceedings presently unknown) as well as the initiation of such pro- |

2

auf die Einleitung derartiger Verfahren im Inland sowie im Ausland. Sollte die Vereinbarung des „ewigen Ruhens" verfahrenstechnisch nicht möglich sein, verpflichtet sich der/die unterfertigte Anspruchsteller sämtliche auf diesen Vorfall Bezug habenden Klagen unter Anspruchsverzicht zurückzuziehen. Ist also ein anhängiges Verfahren bis zur rechtskräftigen Entscheidung im Strafverfahren oder eines anderen anhängigen Zivilverfahrens unterbrochen, dann wäre Fortsetzungsantrag zu stellen und unter einem dem Gericht von beiden Parteien mitzuteilen, dass „ewiges Ruhen" vereinbart ist, also auf die Fortsetzung dieses Verfahrens immerwährend verzichtet wird. Ist eine solche Vereinbarung verfahrenstechnisch nicht möglich, dann wäre dem Gericht die Klagsrückziehung unter Anspruchsverzicht mitzuteilen, wobei dann als vereinbart gilt, dass ein Kostenersatz nur dann stattfindet, wenn und insoweit er in diesem Vergleich geregelt ist.

ceedings at home and abroad is waived. If for reasons of procedural law an agreement of "ewigen Ruhens" is not possible, the releasing party covenants to withdraw under waiver of a claim (Anspruchsverzicht) all complaints relating to this incident. In case that a pending proceeding is discontinued until the legally binding decision in the criminal procedure or another pending civil litigation, then the parties shall apply for the continuation and    shall inform the court that "ewiges Ruhen" has been agreed upon and that a continuation of the proceedings has been irreversibly waived. In case that such agreement is not possible for reasons of procedural law, the court shall be informed about the withdrawal of the action under waiver of a claim, whereas it is agreed that costs of the litigation will only be refunded, if and insofar as it is provided for by this settlement.

Der vorangehende Absatz ist nicht auf US-Amerikanische Staatsbürger anwendbar. US-Amerikanische Staatsbürger vereinbaren mit der Unterzeichnung mit der Gletscherbahnen Kaprun AG und der Generali Versicherung AG die Einstellung unter Anspruchsverzicht sämtlich gegen wen und wo auch immer anhängigen Gerichtsverfahren im Zusammenhang mit den gegenständlichen Ansprüchen.

The above paragraph shall not apply to releasing parties who are US-American citizens. US-American citizens furnish with the signature hereunder any released parties an executed stipulation of dismissal with prejudice for any pending litigation in which the US-American citizens have sued the released parties on the claims released herein.

b.) Der/die unterfertigte Anspruchsteller verpflichtet sich in etwaigen Sammelklageverfahren eine Opt-Out Erklärung bzw. keine Opt-in Erklärung abzugeben.

b.) The releasing party shall issue an opt-out statement or no opt-in statement respectively of class-action lawsuits(s).

5.) Der/die unterfertigte Anspruchstellerverpflichtet sich weiters einen im Strafverfahren zu 37 Hv 60/02 d des Landesgerichtes Salzburg erklärten Privatbeteiligtenanschluss (§§ 47ff Strafprozessordnung) und den zugrunde liegenden Anspruch nicht weiter zu verfolgen bzw. einen solchen nicht zu erklären.

5.) The releasing party covenants furthermore to discontinue the already declared or abstain from declaring accession as joint plaintiff (Privatbeteiligtenanschluss) (§§ 47ff Austrian code of criminal procedure) in the criminal procedure 37 Hv 60/02 d of the regional court of Salzburg.

6.) Für Streitigkeiten über das wirksame Zustandekommen dieses Vergleiches sowie aus dem Vergleich selbst, werden zwischen den Parteien dieses Vergleiches – soweit dem keine zwingenden gesetzlichen Bestimmungen entgegenstehen – die Anwendung österreichischen Rechtes, dies unter Ausschluss der Kollisionsnormen des Europäischen Übereinkommens über das auf

6.) For disputes concerning the effective establishment of this settlement and for disputes arising out of this settlement – as long as there are no opposing mandatory legal provisions – the parties agree upon the application of Austrian law, under exclusion of the conflict of law rules of the European Convention on the Law applicable to Contractual Obligations (EVÜ) or other interna-

| German | English |
|---|---|
| vertragliche Schuldverhältnisse anzuwendende Recht (EVÜ) oder anderer Gesetze über das internationale Privatrecht, und die Schlichtung durch mindestens drei Mitglieder der vom Bundesminister für Justiz am 2.3.2004 eingesetzten Vermittlungskommission vereinbart. Ausgeschiedene Mitglieder sind durch die vom Bundesminister für Justiz nachnominierten Personen zu ersetzen. Im Fall der Verhinderung eines oder mehrerer Mitglieder bestimmt der Vorsitzende der Vermittlungskommission entsprechende Ersatzmitglieder für das konkrete Schlichtungsverfahren. | tional conflict of laws rules, and the mediation (Schlichtung) by at least three members of the mediation commission (Vermittlungskommission) appointed by the Austrian Federal Minister for Justice on March 2nd 2004. Retired members are to be replaced by the members appointed by the Austrian Federal Minister of Justice at their place. In case that one or more members are hindered, the chairman of the mediation commission appoints replacement members for the specific mediation. |
| Endet die Schlichtung nicht innerhalb von drei Monaten ab Anrufung der Vermittlungskommission durch einen Vergleich, dann ist die Klage an das ordentliche Gericht zulässig, wobei die ausschließliche Zuständigkeit des für Wien Innere Stadt sachlich zuständigen Gerichtes vereinbart wird. | In case that the mediation does not lead to a settlement within three months starting with the referral to the mediation commission, then an action may brought to the ordinary courts, whereas the exclusive jurisdiction of the competent court for Vienna Inner City is agreed upon. |
| Diese Regelung gilt nicht für das Verhältnis zwischen den Anspruchstellern und ihren Rechtsvertretern sowie zwischen den Anspruchstellern untereinander. | This regulation does not apply for the relation between claimants and their legal representatives as well as for claimants among each other. |
| 7.) Diese Vereinbarung wird erst mit Rechtskraft einer allenfalls erforderlichen gerichtlichen oder behördlichen Genehmigung (Pflegschaftsgericht, Abhandlungsgericht, etc.) wirksam. | 7.) This agreement shall come into force if need be with a necessary legal or official approval (e.g. custodian court, trusteeship court). |
| 8.) Sollten einzelne Bestimmungen dieser Vereinbarung zur Gänze oder teilweise ungültig sein oder werden, so wird dadurch die Gültigkeit der übrigen Bestimmungen nicht berührt. In einem solchen Fall ist die ungültige Bestimmung in dem Sinne umzudeuten oder zu ergänzen, dass der damit beabsichtigte wirtschaftliche Erfolg erreicht wird. | 8.) Should one or more provisions of this agreement are or become void as a whole or in part, the validity of the rest of this settlement will not be affected. In that case, the invalid provision shall be reinterpreted or amended, in order to achieve the initially intended economic result. |
| 9.) Dieser Vergleich wurde in deutscher Sprache erstellt und gegebenenfalls in andere Sprachen übersetzt. Im Falle von inhaltlichen Abweichungen ist ausschließlich die deutsche Fassung maßgeblich. | 9.) This settlement has been established in German language and as the case may be translated in other languages. In the case of discrepancies regarding the content the German version is exclusively applicable. |

4

| | |
|---|---|
| 10.) Der einseitig durch den unterfertigten Anspruchsteller unterschriebene Vergleich ist ein Anbot des unterfertigten Anspruchstellers und bindet diesen bis zum 31.12.2008 und muss bis spätestens 30.4.2008 beim Vorsitzenden der Vermittlungskommission einlangen. Dieser Vergleich wird wirksam, wenn *Gletscherbahnen Kaprun AG, Generali Versicherung AG (im Innenverhältnis)* und Republik Österreich bis zum 31.12.2008 die Annahme gegenüber dem Vorsitzenden der Vermittlungskommission erklärt haben und etwaig erforderliche Genehmigungen gemäß Pkt 7 dieses Vergleiches rechtskräftig vorliegen. | 10.) A settlement unilaterally signed by the releasing party is a binding offer until 31.12.2008 and has to be sent to the chairman of the mediation commission (*Vermittlungskommission*) until 30.4.2008. This settlement becomes effective if *Gletscherbahnen Kaprun AG* and the Republic of Austria declare the acceptance by a statement to the chairman of the mediation commission (*Vermittlungskommission*) until 31.12.2008 and possibly necessary legal or public approvals have been validly received. |

Beglaubigte Unterschrift des unterfertigten Anspruchstellers
Certified signature of Claimant

Diese Übersetzung in die deutsche Sprache ist eine Arbeitsübersetzung, wobei ausdrücklich festgehalten wird, dass die englische Fassung („Release") die verbindliche Fassung in jeglicher Hinsicht darstellt.

This German translation is a **Working Translation** only. It is clearly understood that the English Version (RELEASE) prevails at any time in fact and in law.

## RELEASE

To all to whom these presents shall come or may concern, know that the releasing party on behalf of herself and on behalf of the estate and on behalf of its heirs, executors and administrators (hereinafter referred to individually and collectively as "RELEASORS"), jointly and severally, for good and valuable consideration received from GLETSCHERBAHNEN KAPRUN AG, receipt whereof is acknowledged by signing the Settlement Agreement, hereby forever release and forever discharge and acquit

GLETSCHERBAHNEN KAPRUN AG, GENERALI VERSICHERUNG AG, REPUBLIC OF AUSTRIA, OESTERREICHISCHE ELEKTRIZITAETSGE-SELLSCHAFT AG, SIEMENS AG OESTERREICH, THYSSENKRUPP AG, BAUBEDARFSZENTRUM STADLBAUER AG, SWOBODA KAROSSERIE UND STAHLBAU GmbH, LEITNER LIFTS USA, LEITNER S.p.A., TUEV OSTERREICH, TAUERN TOURISTIK GmbH, HEITKAMP, INC., E. HEITKAMP GmbH, HEITKAMP-DEILMAN-HANIEL GmbH, TUV RHEINLAND HOLDING AG, TUV RHEINLAND OF NORTH AMERICA, INC., TUV INTERNATIONAL GmbH, WAAGNER-BIRO BINDER AG IN ABWICKLUNG, WAAGNER-BIRO BINDER BETEILIGUNGS AG, WB HOLDING AG, BINDER + CO AG, VERBUND-AUSTRIAN HYDRO POWER AG, BETON-UND MONIERBAU, G.m.b.H., THYSSEN SCHACHTBAU, G.m.b.H., INTERSPORT INTERNATIONAL CORPORATION, INTERSPORT AUSTRIA GmbH, OMNIGLOW CORPORATION, SIEMENS CORPORATION, SIEMENS AG, BOSCH REXROTH AG, AND BOSCH REXROTH CORPORATION, SIEMENS PSE (PSC) TECHLABS, VA TECH, VA TECH ELIN EBG, VA TECH HYDRO AG, VA TECHNOLOGIE, VA TECH ELIN USA CORPORATION, VA TECH AMERICAN CORPORATION, VOEST-ALPINE SERVICES & TECHNOLOGY CORP., AMERICAN PERMALIGHT INC., MARYLCO INC., DEAN REESE, DRAN REESE, REXROTH CORPORATION INDUSTRIAL HYDRAULICS DIVISION, tuv RHEINLAND GMBH, TUV CONSULT OESTERREICH-RHEINLAND GMBH, INTERSPORT MARKETING USA, INC.,

## FREIZEICHNUNGSERKLÄRUNG

Jeder Person, der diese Urkunde vorgelegt wird oder die diese betrifft, wird hiermit mitgeteilt, dass die verzichtende Partei im eigenen Namen und im Namen des Nachlasses und im Namen seiner/ihrer Erben, Erbschaftsverwalters und Verlassenschaftskurators (im Nachfolgenden einzeln und gemeinsam als „RELEASORS" bezeichnet), gemeinsam und jeder einzeln für sich aufgrund angemessener Vergütung durch GLETSCHERBAHNEN KAPRUN AG, dessen Empfang mit der Unterfertigung des Vergleichs bestätigt wird, unwiderruflich nachstehende Parteien sowie sämtliche Mutter- und Tochtergesellschaften, mit ihnen verbundene Unternehmen, Betriebsstätten, Vorstände, leitende Angestellte, Stellvertreter, Mitglieder, Partner, Gesellschafter, Erben, Erbschaftsverwalter, Verlassenschaftskuratoren, Gesamt- und Einzelrechtsnachfolger nachstehender Parteien (im Nachfolgenden einzeln und gemeinsam als „RELEASEES") von sämtlichen Ansprüchen, Schulden, Forderungen, Klagsgründen, Verlusten, Klagen, Verpflichtungen, Kosten, Schäden, Streitgegenständen (controversies), Urteilen, Haftung und anderer Anspruch aus welcher Rechtsgrundlage immer, bekannt oder unbekannt, bestritten oder unbestritten, bedingt oder unbedingt, auf Billigkeit (equity) oder gesetzlicher Grundlage beruhend oder solche, die sie jemals hatten, zur Zeit haben oder in Zukunft aufgrund, wegen oder im Zusammenhang mit dem Seilbahnunglück in Kaprun, Österreich, vom 11 November 2000 (gemeinsam als „CLAIMS" bezeichnet), haben werden, von deren Haftung entbindet und von sämtlichen Verbindlichkeiten befreit:

GLETSCHERBAHNEN KAPRUN AG, GENERALI VERSICHERUNG AG, REPUBLIK ÖSTERREICH, OESTERREICHISCHE ELEKTRIZITAETSGE-SELLSCHAFT AG, SIEMENS AG OESTERREICH, THYSSENKRUPP AG, BAUBEDARFS-ZENTRUM STADLBAUER AG, SWOBODA KAROSSERIE UND STAHLBAU GmbH, LEITNER LIFTS USA, LEITNER S.p.A., TUEV OSTERREICH, TAUERN TOURISTIK GmbH, HEITKAMP, INC., E. HEITKAMP GmbH, HEITKAMP-DEILMAN-HANIEL GmbH, TUV RHEINLAND HOLDING AG, TUV RHEINLAND OF NORTH AMERICA, INC.,

1/3

AMERICAN CYANAMID INC., HYDAC TECHNOLOGY CORP., WIKA INSTRUMENTS AG, WIKA INSTRUMENT CORPORATION, WIKA ALEXANDER WIEGAND GMBH & CO KG, SIEMENS TRANSPORTATION SYSTEMS CORP., ROBERT BOSCH CORP., EXXON MOBIL CORPORATION, WYETH HOLDINGS CORPORATION, AUSTRIAN TOURIST OFFICE, INC., OESTERREICH WERBUNG, AUSTRIAN TRADE COMMISSION, AUSTRIAN MINISTRY OF ECONOMICS AND LABOR, THE BOSCH GROUP, WESTINGHOUSE ELECTRIC COMPANY, LLC, CYALUME TECHNOLOGIES INC., OMNIGLOW LLC, CALUME TECHNOLOGIES INC., OMNIGLOW LIMITED PARTNERS OF NY, SCIENS CAPITAL PARTNERS, HYDAC INTERNATIONAL AG, HYDAC CORPORATION, SWOBODA KAROSSERIE AG, AUSTRIAN NATIONAL TOURIST OFFICE, INC., FACHVERBAND DER SEILBAHNEN, AUSTRIAN MINISTRY OF TRANSPORTATION, STATE OF SALZBURG, MUNICIPALITY OF KAPRUN, EUROPA SPORTREGION GMBH, SALZBURGER LAND TOURISMUS GMBH, ROBERT BOSCH GMBH, ROBERT BOSCH AG, BOSCH REXROTH PNEUMATICS, BOSCH REXROTH MOBILE HYDRAULICS, BOSCH REXROTH CORPORATION HYDRAULICS DIVISION, MANNESMANN REXROTH CORPORATION, REXROTH BOSCH GROUP, SIEMENS TRANSPORTATION SYSTEMS GMBH & CO KG, SIEMENS SHARED SYSTEMS, SIEMENS TRANSPORTATION SYSTEMS CORP., TRANSRAPID INTERNATIONAL and each of their parents, subsidiaries, affiliates, divisions, directors, officers, agents, members, partners, shareholders, heirs, executors, administrators, successors and assigns (hereinafter referred to individually and collectively as the "RELEASEES"), from any and all claims, debts, demands, causes of action, losses, suits, obligations, costs, damages, controversies, judgments, liabilities and other claims of any kind or nature whatsoever, known or unknown, suspected or unsuspected, fixed or contingent, in equity or in law or otherwise, that they ever had, now have or in the future can, shall or may have for, upon, or by reason of the ski train fire in Kaprun, Austria on November 11, 2000 (collectively, the "Claims").

TUV INTERNATIONAL GmbH, WAAGNER-BIRO BINDER AG IN ABWICKLUNG, WAAGNER-BIRO BINDER BETEILIGUNGS AG, WB HOLDING AG, BINDER + CO AG, VERBUND-AUSTRIAN HYDRO POWER AG, BETON-UND MONIERBAU, G.m.b.H., THYSSEN SCHACHTBAU, G.m.b.H., INTERSPORT INTERNATIONAL CORPORATION, INTERSPORT AUSTRIA GmbH, OMNIGLOW CORPORATION, SIEMENS CORPORATION, SIEMENS AG, BOSCH REXROTH AG, AND BOSCH REXROTH CORPORATION, SIEMENS PSE (PSC) TECHLABS, VA TECH, VA TECH ELIN EBG, VA TECH HYDRO AG, VA TECHNOLOGIE, VA TECH ELIN USA CORPORATION, VA TECH AMERICAN CORPORATION, VOEST-ALPINE SERVICES & TECHNOLOGY CORP., AMERICAN PERMALIGHT INC., MARYLCO INC., DEAN REESE, DRAN REESE, REXROTH CORPORATION INDUSTRIAL HYDRAULICS DIVISION, TUV RHEINLAND GMBH, TUV CONSULT OESTERREICH-RHEINLAND GMBH, INTERSPORT MARKETING USA, INC., AMERICAN CYANAMID INC., HYDAC TECHNOLOGY CORP., WIKA INSTRUMENTS AG, WIKA INSTRUMENT CORPORATION, WIKA ALEXANDER WIEGAND GMBH & CO KG, SIEMENS TRANSPORTATION SYSTEMS CORP., ROBERT BOSCH CORP., EXXON MOBIL CORPORATION, WYETH HOLDINGS CORPORATION, AUSTRIAN TOURIST OFFICE, INC., OESTERREICH WERBUNG, AUSTRIAN TRADE COMMISSION, AUSTRIAN MINISTRY OF ECONOMICS AND LABOR, THE BOSCH GROUP, WESTINGHOUSE ELECTRIC COMPANY, LLC, CYALUME TECHNOLOGIES INC., OMNIGLOW LLC, CALUME TECHNOLOGIES INC., OMNIGLOW LIMITED PARTNERS OF NY, SCIENS CAPITAL PARTNERS, HYDAC INTERNATIONAL AG, HYDAC CORPORATION, SWOBODA KAROSSERIE AG, AUSTRIAN NATIONAL TOURIST OFFICE, INC., FACHVERBAND DER SEILBAHNEN, AUSTRIAN MINISTRY OF TRANSPORTATION, STATE OF SALZBURG, MUNICIPALITY OF KAPRUN, EUROPA SPORTREGION GMBH, SALZBURGER LAND TOURISMUS GMBH, ROBERT BOSCH GMBH, ROBERT BOSCH AG, BOSCH REXROTH PNEUMATICS, BOSCH REXROTH MOBILE HYDRAULICS, BOSCH REXROTH CORPORATION HYDRAULICS DIVISION, MANNESMANN REXROTH CORPORATION, REXROTH BOSCH GROUP, SIEMENS TRANSPORTATION SYSTEMS GMBH & CO KG, SIEMENS SHARED SYSTEMS, SIEMENS

TRANSPORTATION    SYSTEMS    CORP.,
TRANSRAPID INTERNATIONAL.

This RELEASE is further intended to release all Claims that the Releasors ever had, now have or hereafter can, shall or may have against not only the RELEASEES, but any other entity and its parents, subsidiaries, affiliates, divisions, directors, officers, agents, members, partners, shareholders, heirs, executors, administrators, successors and assigns for, upon, or by reason of the Claims.

Mit    dieser    FREIZEICHNUNG    wird    weiters beabsichtigt, dass auf alle CLAIMS, die RELEASORS nicht nur gegen RELEASEES sondern auch gegen deren Mutter- und Tochtergesellschaften, mit ihnen verbundene Unternehmen, Betriebsstätten, Vorständen, leitende Angestellte, Stellvertreter, Mitglieder, Partner, Gesellschafter,    Erben,    Erbschaftsverwalter, Verlassenschaftskuratoren,    Gesamt-    und Einzelrechtsnachfolger hatten oder haben werden, verzichtet wird.

This RELEASE is made in connection with the Settlement Agreement dated as of April 2008 (the "Settlement Agreement"), betwween releasing party, GLETSCHERBAHNEN KAPRUN AG and the Republic of Austria.  It is clearly understood that this RELEASE forms an integral part of the Settlement Agreement. By Signing the Settlement Agreement, RELEASE/Claimant explicitly agrees to the provisions of this RELEASE.

Diese FREIZEICHNUNG wird im Zusammenhang mit dem Vergleich vom April 2008 (das „Settlement Agreement") zwischen der verzichtenden Partei und GLETSCHERBAHNEN KAPRUN AG und der Republik Österreich errichtet. Festgestellt wird, dass diese FREIZEICHNUNG einen integrierenden Teil des Vergleichs („Settlement Agreement") darstellt. Mit der Unterzeichnung des Vergleichs stimmt der Anspruchsteller/die    verzichtende    Partei    den Bestimmungen dieses Vergleichs ausdrücklich zu.

This RELEASE may not be changed orally.

Diese    FREIZEICHNUNG    kann    mündlich    nicht abgeändert werden.

# EXHIBIT B



*INTERNATIONAL LAW GROUP, L.L.C.*
*ATTORNEYS AND COUNSELORS AT LAW*
*JAMES F. LOWY, ESQ., P.A.*
*USA LAWYER FOR PLAINTIFFS*
*SEE CONTACT INFO BELOW*
*AT BOTTOM OF PAGE*

*DR. GERHARD PODOVSOVNIK, LL.M, MAS*
*VIENNA, AUSTRIA LAWYER FOR PLAINTIFFS*
*AM HEUMARKT 3, 1030 VIENNA*
*TEL.: ++43 1 718 04 20*
*FAX: ++43 1 718 04 20 20*
*EMAIL: OFFICE@PODOVSOVNIK.COM*

June 26, 2008

**VIA EMAIL**

Klaus Liebscher
Kaprun Commissioner                RE: **Kaprun Commission Solution Rejected by Plaintiffs**
Austrian Minister of Finance
Email Address: klaus.liebscher@oenb.at

Dear Honorable Governor Dr. Liebscher:

We write to you on behalf of clients Hermann Geier, Marcus Hiltel, Manfred Hiltel, Thomas Kraus, Roland Mayerhofer, Maria Mayerhofer-Karg, Birgit Goetz, and Erwin Goetz, to inform you that these parties reject the Kaprun Commission settlement solution, revoke any offers of settlement, repudiate the existence of, rescind, and avoid any settlement agreement.

These plaintiffs had in fact already revoked the Kaprun Commission's unconscionable settlement offer with their June 9, 2008 appearance against GBK, the Republic of Austria and other parties in the Second Circuit Court of Appeals Case: In Re: Ski Train Fire in Kaprun, Austria, Case # 08-0327.

If any monies have been transferred from the ONB to the Plaintiffs, it will be returned to the ONB, or placed in a trust account, or the registry of the court, pending resolution of these matters.

In light of the many recent discoveries and confirmed instances of destruction of evidence, concealment of claims and other wrongdoings by the Republic of Austria and privately owned Austrian, German and/or US companies involved with and responsible for the disaster and the victim family sufferings, we conclude that the one-sided proposed settlement is unfair and must be rejected.

**3907 Henderson Blvd., Suite 200, Tampa, Florida 33629**
**Telephone: (813) 288-9525 • Toll-Free: (877) 350-4300 • Facsimile: (813) 282-0384**
**Email: Jameslowy@gmail.com**

1



**INTERNATIONAL LAW GROUP, L.L.C.**
**ATTORNEYS AND COUNSELORS AT LAW**
**JAMES F. LOWY, ESQ., P.A.**
**USA LAWYER FOR PLAINTIFFS**
**SEE CONTACT INFO BELOW**
**AT BOTTOM OF PAGE**

**DR. GERHARD PODOVSOVNIK, LL.M, MAS**
**VIENNA, AUSTRIA LAWYER FOR PLAINTIFFS**
**AM HEUMARKT 3, 1030 VIENNA**
**TEL.: ++43 1 718 04 20**
**FAX: ++43 1 718 04 20 20**
**EMAIL: OFFICE@PODOVSOVNIK.COM**

**LIEBSCHER JUNE 26 2008, p.2**

We also believe that:

* the proposed Settlement fails to respect the dignity of the victims and their families,
* fails to indentify liability of those involved,
* fails to acknowledge responsibility,
* fails to provide safeguards or adequate deterrence to protect future tourists in Austria
* discriminates between victims based on their national origin.
* releases 82 parties without any obligation to the Kaprun Ski Train Fire Victims and Families.

The Commission is only interested in how much money should be paid to the victims, rather than addressing the issues of justice and accountability for which we fought these many years. This conduct is disrespectful to the Plaintiffs' memories of their loved ones and to them.

Sincerely,


INTERNATIONAL LAW GROUP, LLC        DR. GERHARD PODOVSOVNIK, LL.M, MAS

/James F. Lowy/                      /Gerhard Podovosovnik/

By: James F. Lowy, Esq., P.A.        By: Gerhard Podovsovnik
USA Counsel For Plaintiffs           Austrian Counsel for Plaintiffs

CC: Counsel of Record by fax.


**3907 Henderson Blvd., Suite 200, Tampa, Florida 33629**
**Telephone: (813) 288-9525 ● Toll-Free: (877) 350-4300 ● Facsimile: (813) 282-0384**
**Email: Jameslowy@gmail.com**

2