UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
IN RE: SKI TRAIN FIRE IN KAPRUN       :
AUSTRIA ON NOVEMBER 11, 2000          :          MDL # 1428 (SAS)
------------------------------------------------------------X
This document relates to the following actions:
------------------------------------------------------------X
JOHANN BLAIMAUER, et al.,             :          ORDER
                                      :
                Plaintiffs,           :
                                      :
    - against -                       :
                                      :          03–CV–8960 (SAS)
OMNIGLOW CORPORATION, et al.,         :
                                      :
                Defendants.           :
------------------------------------------------------------X
------------------------------------------------------------X
HERMAN GEIER, et al.,                 :
                                      :
                Plaintiffs,           :
                                      :
    - against -                       :
                                      :          03–CV–8961 (SAS)
OMNIGLOW CORPORATION, et al.,         :
                                      :
                Defendants.           :
------------------------------------------------------------X
------------------------------------------------------------X
NANAE MITSUMOTO, et al.,              :
                                      :
                Plaintiffs,           :
                                      :
    - against -                       :          06–CV–2811 (SAS)
                                      :
THE REPUBLIC OF AUSTRIA, et al.,      :
                                      :
                Defendants.           :
------------------------------------------------------------X

1

```
-----------------------------------------------------------X
NANAE MITSUMOTO, et al.,                     :
                                             :
                        Plaintiffs,          :
                                             :
        - against -                          :        07–CV–935 (SAS)
                                             :
ROBERT BOSCH                                 :
CORPORATION, et al.,                         :
                                             :
                        Defendants.          :
-----------------------------------------------------------X
-----------------------------------------------------------X
JOOP H. STADMAN, et al.,                     :
                                             :
                        Plaintiffs,          :
                                             :
        - against -                          :        07–CV–3881 (SAS)
                                             :
AUSTRIAN NATIONAL TOURIST                    :
OFFICE INC., et al.,                         :
                                             :
                        Defendants.          :
-----------------------------------------------------------X
-----------------------------------------------------------X
RASTKO and DRAGICA FERK, et al.,             :
                                             :
                        Plaintiffs,          :
                                             :
        - against -                          :        07–CV–4104 (SAS)
                                             :
OMNIGLOW CORPORATION, et al.,                :
                                             :
                        Defendants.          :
-----------------------------------------------------------X
```

**SHIRA A. SCHEINDLIN, U.S.D.J.:**

By motion dated June 30, 2008, plaintiffs Herman Geier, Birgit Goetz, Erwin Goetz, Manfred Hiltel, Thomas Kraus, Maria Mayerhofer-Karg,

2

Roland Mayerhofer, Agnes Wolf, and Joop Stadman, now purportedly represented by James F. Lowy, Esq., moved for reconsideration of: (1) the Opinion and Order dated June 19, 2007 (the "June 19 Order") dismissing plaintiffs' claims on the ground of forum non conveniens; and (2) the Order dated October 18, 2007 (the "October 18 Order") deeming plaintiffs' motion for reconsideration under Local Rule 6.3 and Fed. R. Civ. P. 60(b) of the June 19 Order to be moot and withdrawn in light of plaintiffs' appeal of the June 19 Order to the Second Circuit Court of Appeals, and their failure to retain counsel after the disqualification of their counsel or to notify the Court of their intention to proceed pro se.

Judgment was timely entered with respect to the June 19 Order. Plaintiffs moved for reconsideration of the June 19 Order prior to the Court's issuance of the Opinion and Order dated August 16, 2007 (the "August 16 Order") sanctioning and disqualifying plaintiffs' counsel, Edward D. Fagan. The August 16 Order expressly stated that "[i]f no counsel has entered an appearance on behalf of any foreign plaintiff within thirty (30) days from the filing of this Order, that plaintiff must notify the Court of his or her intention to proceed pro se. If no such notice is received within sixty (60) days of this Order, the Clerk of the Court shall enter a Judgment dismissing these actions."[1] No counsel appeared on any plaintiff's behalf nor did any plaintiff notify the Court of his or her intention to

---

[1] *In re Ski Train Fire in Kaprun Austria on November 11, 2000*, 01 MDL 1428, 2007 WL 2398697, at *8 (S.D.N.Y. Aug. 16, 2007).

3

proceed pro se. Plaintiffs' failure to comply with the explicit direction set forth by the Court in the August 16 Order, and their decision to pursue an appeal, effectively withdrew the pending motion for reconsideration and rendered it moot. Plaintiffs have consistently indicated that they chose to pursue their interests on appeal, and as such, their remedy lies with the Court of Appeals.

Plaintiffs' latest motion for reconsideration appears to have been prompted by the Court's recent Order directing the Clerk of the Court to enter a judgment dismissing the above-captioned actions pursuant to the August 16 Order. That Order, however, merely directed the Clerk to remedy its failure to enter judgment at an earlier time in accordance with the August 16 Order. In light of the foreign plaintiffs' failure to retain counsel or appear pro se, the Clerk should have entered a judgment within sixty days of August 16, 2007 as directed, but did not do so. Thus, the recent entry of judgment represented the Court's direction to the Clerk to correct an error that had been made due to administrative inadvertence. It does not open the door for plaintiffs to resurrect prior motions to reconsider Orders that were issued a year ago.[2] Moreover, even if the Court were to reach the

---

[2]   While no counsel appeared on behalf of plaintiffs within sixty days of the August 16 Order, James F. Lowy, an attorney, has filed the instant motion for reconsideration. Lowy recently filed notices of appearances in these actions on *June 30, 2008* [ten months after the August 16 Order]. The August 16 Order expressly directed that if Lowy is "retained to represent any foreign plaintiffs, [he] shall enter [an] appearance[] within thirty (30) days of the date of this Order, together with copies of all retainer agreements." *Id.* He failed to do so within thirty days of the August 16 Order, and his recent appearance is both untimely and

4

merits of the motion for reconsideration, plaintiffs would not be entitled to any relief from the June 19 and October 18 Orders because they have failed to proffer any legitimate ground for such relief under Local Rule 6.3 and Fed. R. Civ. P. 60(b).

As a result, the motion for reconsideration is denied as untimely and moot. The Clerk of the Court is directed to close the following motions [document no. 183 for 03 Civ. 8960; no. 77 for 03 Civ. 8961; no. 70 for 06 Civ. 2811; no. 76 for 07 Civ. 935; no. 27 for 07 Civ. 3881; no. 27 for 07 Civ. 4104].

SO ORDERED:

Shira A. Scheindlin
U.S.D.J.

Dated: New York, New York
August 1, 2008

---

improper in that he has failed to file copies of any retainer agreements.

- **Appearances** -

Robert Pearl, Esq.
Pearl Malarney Smith, P.C.
649 5th Ave. South
Naples, FL 34102
(239) 659-1005

*For Defendant Bosch Rexroth Corp., Robert Bosch Corp.:*

Neil Rosolinsky, Esq.
Reed Smith LLP
599 Lexington Avenue, 28th Floor
New York, NY 10022
(212) 549-0391

*For Defendant Siemens Transportation Systems, Inc. and as Liaison Counsel for all Defendants:*

Brant W. Bishop, Esq.
Kirkland & Ellis LLP
655 Fifteenth Street, N.W.
Washington, D.C. 20005
(202) 879-5000

Ryan M. Morettini, Esq.
Kirkland & Ellis LLP
Citigroup Center
153 East 53rd Street
New York, NY 10022
(212) 446-4800

Robert W. Littleton, Esq.
Littleton Joyce Ughetta & Park LLP
39 Broadway, 34th Floor
New York, NY 10006
(212) 404-5777

*For Defendant Wika Instrument Corp.:*

Eileen T. McCabe, Esq.
Stephen Roberts, Esq.
William Lalor, Esq.
Mendes & Mount LLP
750 Seventh Avenue
New York, NY 10019
(212) 261-8000

*For Defendant Hydac Technology Corp.:*

Nancy Ledy-Gurren, Esq.
Ledy-Gurren, Bass & Siff LLP
475 Park Avenue South
New York, NY 10016
(212) 447-1111

*For Defendants American Cyanamid Inc. and Omniglow Corp.:*

E. Gordon Haesloop, Esq.
Bartlett McDonough, Bastone & Monaghan LLP
300 Old Country Road
Mineola, NY 11501
(516) 877-2900

*For Defendant Exxon Mobil:*

John F. Tully, Esq.
Robert Owen, Esq.
Fulbright & Jaworski LLP
666 Fifth Avenue
New York, NY 10103
(212) 318-3000